UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MONSARRAT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-10356-IT |
| | * | |
| GOTPER6067-00001, d/b/a/ | * | |
| ENCYLOPEDIADRAMATICA.SE, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

April 4, 2017

TALWANI, D.J.

Before the court is Plaintiff's counsel's *ex parte* Motion Requesting Recusal of Presiding Judge [#5]. The motion invokes 28 U.S.C. § 455(a), and points to remarks I made on the record concerning Plaintiff's counsel in state court proceedings in which he and I participated prior to my assumption of the bench.[1]

Several principles guide my determination of this motion. I have a duty to "hear and decide matters assigned, unless disqualified." See CODE OF CONDUCT OF UNITED STATES JUDGES Canon 3(A)(2); see also Brody v. President & Fellows of Harvard College, 664 F.2d 10, 12 (1st Cir. 1981) ("'There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.'") (quoting In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961)). I must also "tread cautiously, recognizing, on the one hand, the importance to the judicial institution of avoiding any appearance of partiality, while simultaneously remaining aware of the

---

[1] At my request, counsel has filed unofficial excerpts of the transcripts of proceedings. [#7-1]. Plaintiff also filed an affidavit referencing orders by the Superior Court and a decision of Massachusetts Supreme Judicial Court. Much of the background and context of the litigation is described in Wong v. Luu, 472 Mass. 208 (2015).

potential injustices that may arise out of unwarranted disqualification." In re Allied-Signal Inc., 891

F.2d 967, 970 (1st Cir. 1989) (Breyer, J). Thus "the disqualification decision must reflect *not only*

the need to secure public confidence through proceedings that appear impartial, *but also* the need to

prevent parties from too easily obtaining the disqualification of a judge, thereby potentially

manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Id.

(emphasis in original).

With these principles in mind, I turn to the merits of the request.

Section 455(a) provides that a judge of the United States "shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned." The standard is objective,

requiring me to consider "the existence of facts that would prompt a reasonable question in the

mind of a well-informed person about the judge's capacity for impartiality in the course of the trial

and its preliminaries." In re Bulger, 710 F.3d 42, 46 (1st Cir. 2013).

Were my comments based on proceedings before me while I was a judge, it is unlikely that

any concern would arise: "a judge is normally free to develop views from the record as the case

proceeds." In re Martinez-Catala, 129 F.3d 213, 221 (1st Cir. 1997). Moreover, if those proceedings

were in the more distant past, there may also be little issue. But my involvement with the state court

proceedings immediately preceded my appointment as a judge. And a reasonable person observing

those proceedings might question whether I held an opinion of Plaintiff's counsel deriving from

those proceedings, and thus, might reasonably question my impartiality.

Accordingly, pursuant to 28 U.S.C. § 455(a), I recuse myself from this matter and direct that

this case be reassigned to another judge in the normal course.

IT IS SO ORDERED.

Date: April 4, 2017                                    /s/ Indira Talwani
                                                       United States District Judge