UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
JONATHAN MONSARRAT,                                 )
                                                    )
*Plaintiff,*                                        )
                                                    )         CIVIL ACTION NO. 17-cv-10356-PBS
v.                                                  )
                                                    )
GOTPER6067-00001and DOES 1-5, dba                   )
ENCYCLOPEDIADRAMATICA.SE, and                       )         **PLAINTIFF'S MOTION**
BRIAN ZAIGER,                                       )         **FOR LEAVE TO SERVE**
                                                    )         **THIRD PARTY SUBPOENA**
*Defendants.*                                       )         **ON DEFENDANTS'**
_____)            **INTERNET SERVICE PROVIDERS TO**
                                                              **DISCLOSE IDENTITY OF**
                                                              **DEFENDANT DOES 1-5**

Pursuant to Fed. R. Civ. P. 26 (d)(1) Plaintiff moves for entry of an order granting him leave to serve third party subpoenas prior to a Rule 26 (f) conference on third party Internet Service Providers to ascertain the true identity of the Doe Defendants who allegedly are liable infringement of his copyrighted works. The Court allowed Plaintiff's *ex parte* motion for alternative service on the Doe Defendants but denied Plaintiff's request for an Order "akin" to a subpoena issued under the Digital Millenium Copyright Act ("DCMA") 17 U.S.C. §512(h) without prejudice to a request where the requirements of 17 U.S.C. §512(h) have been met. (ECF #12).

Because the sole Internet Service Provider ("ISP") apparently able to identify the Doe Defendants purports to act solely as an intermediary or a conduit that transmits but does not store infringing material on its servers, Plaintiff brings this motion rather requesting issuance of a subpoena under 17 U.S.C. §512(h). See *Recording Industry Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F. 3d 1229 (D.C. Cir. 2003) (holding a 17 U.S.C. §512(h) subpoena

requiring an ISP to identify an infringer may not be issued to an ISP that acts only as an intermediary or a conduit and does not store the infringing material on its server).

## I.     BACKGROUND.

This case arises from the bad faith copyright infringement of Plaintiff's copyrighted works by anonymous, scofflaw Internet website operators who own and operate what they call "a satirical wiki" called encyclopediadramatica.se and who state they are "physically located somewhere between Nigeria and Romania… [and they are bound by] no legislation regarding international copyright." Verified Complaint ("Ver. Compl."), ¶1, Exh. A; Affidavit of Counsel, Richard A. Goren, ECF #11, ("Goren Aff.") ¶3. To unlawfully profit from their unauthorized, commercial use of Plaintiff's copyrights and to evade international and US copyright laws, Defendants have concealed their identities, their place of business, and the location of their servers. Ver. Compl., ¶¶ 1-9.  Ignoring a judgment of direct infringement entered by this Court, identifying themselves only by a series of pseudonymous acronyms, Defendants employ the services of third parties to hide their identities and location. *Id*.; Goren Aff. ¶¶6-10.  While flaunting their intentional evasion of the Copyright Act and knowingly infringing Plaintiff's copyrights for commercial purposes, Defendants sell advertising and their products in the United States. Ver. Compl., ¶¶ 1-9; Goren Aff. ¶5.  Plaintiff's prior notices of infringement and takedown demands served on Defendants' hosting services, domain name registrar and most recently on the owner of the IP address used by Defendants, the server for which is physically located in Phoenix Arizona, have been ignored. Ver. Compl., ¶¶7, 24; Goren Aff. ¶¶10, 11, and Exhibit C Goren Aff.

It is perhaps no coincidence that shortly after the filing of this action, Defendants migrated their website to Serbia and changed their domain registrar to a Serbian company not bound by ICANN standards for responding to court orders to reveal their identity and their location. See Goren Aff. ¶ 8, note 1.

Pursuant to the Court's April 20th Order, the anonymous Doe Defendants have been served. While they purport to have removed one infringing page, the Doe Defendants refuse both to identify themselves and to refrain from infringing Plaintiff's works from their new Serbian domain. Affidavit of Richard A. Goren, ECF #13, ("Second Goren Aff.") ¶ 2; Exhibit A, Second Goren Aff.[1] The Defendant Brian Zaiger has been served with the summons and complaint. Affidavit of Jonathan Cassidy, ECF # 14.

On April 24, 2017, Plaintiff also served copies of the summons, complaint, and the April 20th Order allowing alternative service on Defendants' third party Internet Service Providers, Cloudflare, Inc. and NationalNet, Inc., and also their domain name registrar, Key-Systems Gmbh was served.  Second Goren Aff.  ¶3. Plaintiff's counsel also asked each ISP to voluntarily provide the source IP address and contact information of the Defendant Does 1-5. Affidavit of Richard A. Goren, filed herewith, ("Third Goren Aff.") ¶2.  National Net Inc. and Key-Systems Gmbh informed Plaintiff's counsel they are unable to identify the Doe Defendants. Second Goren Aff.  ¶4.

Cloudflare, Inc. ("Cloudflare") is the owner of the Internet Protocol ("IP") address, the servers for which are  located in Phoenix, Arizona, which are used by Defendants to conceal

---

[1] In January 2011, the encyclopediadramatica website honored Plaintiff's DMCA section 512 takedown notice. Ver. Compl. ¶3.  After  migration of the country domain of their website to Sweden, Defendants reposted the infringing works and flaunted their evasion of the DMCA. Ver. Compl. ¶¶1-9; Goren Aff. ¶¶3, 5-10.

their IP address, the physical location of their computer servers, and their identities.[2]  Ver.

Compl.  ¶¶21-25; See Goren Aff.  ¶¶ 3, 5-10. See also *Arista Records LLC v. Vita TKACH*, 122

F. Supp. 3d 32 (S.D. N.Y. 2015) (third party ISP Cloudflare "engaged in facilitating access to

Defendants' sites with knowledge of the specific infring[ement]" held bound by injunction).

On November 9, 2016, Plaintiff had served Cloudflare with his DMCA takedown notice

and requested that Cloudflare disable access to four specifically identified so-called URL's at

which the infringing works were displayed. *Id.* ¶10.[3]  But Cloudflare refused to comply. *Id.*

While Plaintiff's counsel had specifically requested that Cloudflare give notice to Defendants,

Cloudflare's "legal team" suggested Plaintiff's counsel "get in direct contact with the website

owner or the hosting provider." *Id.*[4]   On May 2, 2017, only after follow up telephone calls and

emails to Cloudflare's legal counsel, did Cloudflare respond to Plaintiff's April 24, 2017 service

and request for information. Third Goren Aff.  ¶3.  While representing that it had "forwarded the

documents [served on April 24th] … directly to the customer['s]… email address," and while

not denying it could do so, Cloudflare refused to provide the Court with its customer's source IP

address and identification of the Doe Defendants, their mailing address and other contact

---

[2] "CloudFlare is an internet service provider that provides authoritative domain name system servers for its customers as a means of providing content delivery network and reverse proxy services. … [According to] CloudFlare … an "authoritative domain name server" is a "computer on the Internet that is designated by the domain name owner to report the correct IP address for that domain, which information is then propagated to other DNS servers worldwide as it is needed." ... In laymen's terms, this appears to mean that when someone types a[n infringer's] domain name … into a web browser, the [infringers] have engaged CloudFlare to convert the domain name into the IP address for the website associated with that domain name so that the user can connect to the website they are trying to reach." *Arista Records LLC v. Vita TKACH*, 122 F. Supp. 3d 32, 34 (S.D. N.Y. 2015).

[3] The November 9, 2016 takedown notice plainly satisfied the conditions of 17 U.S.C. §512 (c)(A).  It included the affidavit of the Plaintiff, acknowledged by a notary public, executed under the penalties of perjury, attesting to his ownership of the specifically identified registered copyrights that appeared without authorization on specified URL's on the encyclopediadramatica website, provided the prior infringement judgment of this Court, and contact information of the Plaintiff and his attorney. Exhibit C, Goren Aff., ECF #11-1 at 49-65.

[4] A few weeks after Plaintiff filed this action Defendants migrated their encyclopediadramatica website to the Serbia country domain, *id.* ¶8, but continue to use Cloudflare to conceal their identities and physical location. *Id.* ¶¶ 8-10. Upon information and belief Cloudflare has the name(s), physical mailing address(es), electronic mailing addresses, telephone numbers as well as some financial information of the Doe Defendants. *Id.* ¶12.

information. *Id.*  As it did before Cloudflare informed Plaintiff's counsel of the contact person

for Defendants' new hosting provider, an individual in Serbia, and parroting its prior

obfuscation suggested Plaintiff's counsel "get in direct contact with the website owner or the

hosting provider." *Id.*

## II.     ARGUMENT.

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court

order, a party may not propound discovery in advance of a Rule 26(f) conference. While they

have been served, the Doe Defendants remain anonymous. And, it reasonably appears that

without a court Order Cloudflare will not identify its customer, the Doe Defendants.   Rule 26(b)

provides courts with the authority to issue such an order: "[f]or good cause, the court may order

discovery of any matter relevant to the subject matter involved in the action."

Suing a "Doe Defendant" is permitted "at least when discovery is likely to reveal the

identity of the correct defendant and good faith investigative efforts to do so have already

failed." *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 596 (1st Cir. 2011).

Plaintiff's verified complaint presents a prima facie case of copyright infringement by the

Doe Defendants who own and operate the encyclopediadramatica website. See *Feist Publ'ns,*

*Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (prima facie claim of copyright

infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of

constituent elements of the work that are original).

Permitting expedited, targeted discovery of a third-party ISP to determining the identity

of the Doe Defendants is warranted.   See *Disc. Video Ctr., Inc. v. Does 1-29*, 265 F.R.D. 161,

164 (D. Mass. 2012) ("good cause supports early *proper* discovery under Rule 26(d) … for the

sole and limited purpose of identifying the Doe defendants sufficiently to name them as defendants [in copyright infringement action] and to serve the Complaint upon them.").

In this internet infringement case where the Doe Defendants have no reasonable expectation of privacy, and Plaintiff has been unable to obtain the information by alternative means, there is good cause to issue a narrow Rule 45 subpoena to discover the identity of the Doe Defendants prior to a Rule 26(f) conference.  See, e.g.,  *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *reFX Audio Software Inc. v. Does 1-123*, No. 12-CV-03146-WYD-KMT, 2013 WL 941525, at *1 (D. Colo. Mar. 11, 2013); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D. N.C. Dec. 4, 2008) (same); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D. D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery.

### III. CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue a Rule 45 subpoena to Cloudflare, Inc. and other Internet Service Providers of the Defendant Does 1-5. Plaintiff submits a proposed Order.

DATED: May 3, 2017                    Respectfully submitted,
                                      JONATHAN MONSARRAT,
                                      Plaintiff,

                                      By his attorney*,*

                                      *ss/Richard A. Goren*
                                      Richard A. Goren, Esq. BBO #203700
                                      Law Office of Richard Goren
                                      One State Street, Suite 1500
                                      Boston, MA 02109
                                      617-933-9494
                                      rgoren@richardgorenlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 3, 2017, and further certify that on May 3, 2017 I served paper copies to Defendant Does 1-5 by email to contact@encyclopediadramatica.se and to Defendant Brian Zaiger by mail, postage prepaid, to Brian Zaiger, c/o Lafayette Hotel, Room 111, 116 Lafayette Street, Salem Massachusetts 01970-3625 and 4 Davis Street, Beverly MA 01915 and email to zaiger420@yahoo.com , zaiger@gmail.com, zaiger420@gmail.com, and zaiger@aol.com.

*/s/Richard A. Goren*