UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JONATHAN MONSARRAT, | ) ) ) | |
| *Plaintiff*, | ) ) | CIVIL ACTION NO. 17-cv-10356- PBS |
| v. | ) ) ) | |
| GOTPER6067-00001and DOES 1-5, dba ENCYCLOPEDIADRAMATICA.SE, and BRIAN ZAIGER, | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**[PROPOSED]**

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA ON DEFENDANTS' INTERNET SERVICE PROVIDERS TO DISCLOSE IDENTITY OF DEFENDANT DOES 1-5.**

This cause came to be heard upon the motion of Plaintiff, Jonathan Monsarrat, ("Plaintiff") for leave to serve third party subpoenas prior to a Rule 26 (f) conference on third party Internet Service Providers to ascertain the true identity of the Doe Defendants who allegedly have committed secondary infringement of his copyrighted works.

Defendant Does 1-5 conduct business exclusively online, through their website, and various other social media. They operate what they label "a satirical wiki" called encyclopediadramatica and purport to conduct their Internet business in some unidentified Foreign Country. On their website Defendant Does 1-5 state that they are "physically located somewhere between Nigeria and Romania… [and are bound by] no legislation regarding international copyright." Defendant Does 1-5  do not list any physical addresses for their website business and Plaintiff was unable to locate Defendants after performing a diligent search.

On their website, encyclopediadramatica.se, Defendant Does 1-5  direct all communications to them to an e-mail address contact@encyclopediadramatica.se.

Plaintiff established that "good cause" exists for him to serve third party subpoenas on the Internet Service Providers for the Defendant Does 1-5 and their encyclopediadramatica website including without limitation Cloudflare, Inc.  See *Disc. Video Ctr., Inc. v. Does 1-29*, 265 F.R.D. 161, 164 (D. Mass. 2012) ("good cause supports early *proper* discovery under Rule 26(d) … for the sole and limited purpose of identifying the Doe defendants sufficiently to name them as defendants [in copyright infringement action] and to serve the Complaint upon them.").

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to serve third party subpoenas prior to a Rule 26(f) conference on third party Internet Service Providers to ascertain the true identity of the Doe Defendants allegedly liable for infringement of his copyrighted works is ALLOWED.
2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with information within its respective custody or control concerning the identity of its respective customer, the physical address, email address(es), telephone numbers, billing information, including banking and credit information in or within ten (10) days of receipt of the subpoena. Plaintiff shall attach to any such subpoena a copy of this Order.
3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any Internet Service Provider that is identified in response to a subpoena as a provider of internet services to Defendant Does 1-5.

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> > (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> >
> > (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.
>
> shall comply with 47 U.S.C. § 551(c)(2)(B), which states:
>
> > A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant Does 1-5.

5. The subpoenaed ISPs shall not require Plaintiff to pay a fee for providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in his Complaint.

DATED: _____      _____
                              PATTI B. SARIS,
                              UNITED STATES DISTRICT COURT JUDGE

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and on May 3, 2017 I served paper copies to Defendant Does 1-5 by email to contact@encyclopediadramatica.se and to Defendant Brian Zaiger by mail, postage prepaid, to Brian Zaiger, c/o Lafayette Hotel, Room 111, 116 Lafayette Street, Salem Massachusetts 01970-3625 and 4 Davis Street, Beverly MA 01915 and email to zaiger420@yahoo.com , zaiger@gmail.com, zaiger420@gmail.com, and  zaiger@aol.com.

    *ss/Richard A. Goren*

4