UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| GOTPER6067-00001and DOES 1-5, dba | ) |
| ENCYCLOPEDIADRAMATICA.SE, and | ) |
| BRIAN ZAIGER, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

CIVIL ACTION NO. 17-cv-10356-PBS

**PLAINTIFF'S MOTION
FOR LEAVE TO SERVE
THIRD PARTY SUBPOENA
ON DEFENDANTS'
INTERNET SERVICE PROVIDERS TO
DISCLOSE IDENTITY OF
DEFENDANT DOES 1-5**

Pursuant to Fed. R. Civ. P. 26 (d)(1) Plaintiff moves for entry of an order granting him leave to serve third party subpoenas prior to a Rule 26 (f) conference on third party Internet Service Providers to ascertain the true identity of the Doe Defendants who allegedly are liable infringement of his copyrighted works. The Court allowed Plaintiff's *ex parte* motion for alternative service on the Doe Defendants but denied Plaintiff's request for an Order "akin" to a subpoena issued under the Digital Millenium Copyright Act ("DCMA") 17 U.S.C. §512(h) without prejudice to a request where the requirements of 17 U.S.C. §512(h) have been met. (ECF #12).

Because the sole Internet Service Provider ("ISP") apparently able to identify the Doe Defendants purports to act solely as an intermediary or a conduit that transmits but does not store infringing material on its servers, Plaintiff brings this motion rather requesting issuance of a subpoena under 17 U.S.C. §512(h). See *Recording Industry Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F. 3d 1229 (D.C. Cir. 2003) (holding a 17 U.S.C. §512(h) subpoena

*[handwritten in left margin: Source may not store* IP log *the information]*

*[handwritten in left margin, rotated: allowed. However, the subpoena at this stage of the billing information]*

*[handwritten: 5/9/17]*