UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>    Plaintiff,<br><br>v.<br><br>GOTPER6067-00001 and DOES 1-5,<br>dba ENCYCLOPEDIADRAMATICA.SE,<br>and BRIAN ZAIGER,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:17-cv-10356-PBS<br><br>ANSWER, AFFIRMATIVE DEFENSES,<br>and COUNTERCLAIM |

Defendant BRIAN ZAIGER, respectfully submits his Answer, Affirmative Defenses to the Verified Complaint (Dkt. No. 1) of Plaintiff Jonathan Monsarrat, paragraph by paragraph, and Counterclaim, as follows:

**Introduction**[1]

1. Defendant lacks sufficient information to admit or deny Plaintiff's alleged copyright ownership and holdings as set forth in the first sentence and, to the extent a response is required denies same. Defendant admits that the quotations in the second sentence are accurate and otherwise denies the allegations therein. Defendant admits the allegations in the third sentence. The fourth sentence is unintelligible and can neither be admitted or denied; to the extent a response is required, it is denied. The fifth sentence is vague and can neither be admitted or denied; to the extent a response is required, it is denied. The sixth sentence is vague and can neither be admitted or denied; to the extent a response is required, it is denied. The seventh sentence is denied. The eighth

---

[1] Although Defendant will generally repeat Plaintiff's section headings, they are for reference purpose only and should not be deemed an admission.

sentence is admitted to the extent the documents in Exhibit A are copies of other documents and the allegations are otherwise denied.

2. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

3. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

4. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

5. Denied.

6. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

7. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

8. Denied.

9. Denied.

### Nature of the Action

10. Defendant admits that the Verified Complaint seeks damages and equitable relief, but lacks sufficient information as to the true purpose of the civil action to admit or deny the allegations in this paragraph and, to the extent a response is required, denies the remaining allegations.

### Jurisdiction and Venue

11. Defendant admits there is subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338(a). However, 17 U.S.C. § 502 is not a jurisdictional statute and such allegation is denied.

12. Defendant admits that he is subject to the personal jurisdiction of this Court, but denies the remaining allegations of this paragraph.

13. Denied.

14. Defendant admits that venue is proper in this District, but denies the remaining allegations of this paragraph.

### Parties

15. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

16. Denied.

17. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

18. Admitted.

19. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

20. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

21. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

22. Defendant denies the allegations in the first sentence. Defendant admits the allegations in the second sentence.

23. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

24. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

25. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

### **Count One**

26. Defendant repeats and restates his answers to paragraphs 1 to 25 as if fully set forth herein.

27. Denied.
28. Denied.
29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.

36. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, to the extent a response is required, denies same.

37. Denied.

**Plaintiff's Prayer for Relief**

Defendant denies that Plaintiff is entitled to any of the relief it requests in his Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, whether or not designated as such herein.  Defendant reserves the right to assert additional defenses that become known through the course of discovery or otherwise.

**First Affirmative Defense:**

Plaintiff has failed to state a claim upon which relief can be granted.

**Second Affirmative Defense:**

Plaintiff has failed to mitigate any damages he alleges he has suffered.

**Third Affirmative Defense:**

Defendant is not liable to Plaintiff for any misconduct of the co-defendants or third parties.

**Fourth Affirmative Defense:**

Plaintiff's claim, if any, accrued more than three years prior to the commencement of this action and is barred by the three-year statute of limitations set forth in 17 U.S.C. § 507(b).

**Fifth Affirmative Defense:**

To the extend Plaintiff holds any valid copyright, the alleged infringement constitutes fair use within the meaning of 17 U.S.C. § 107, constituting *inter alia*,

criticism, satire, and parody and is otherwise protected speech under the First Amendment.

### Sixth Affirmative Defense:

Upon information and belief, Plaintiff is not the author, owner, and/or holder of at least one of the alleged works and lacks a valid copyright in same.

### Seventh Affirmative Defense:

One or more of the allegedly infringed works lack creativity and are not copyrightable.

### Eighth Affirmative Defense:

To the extent Plaintiff asserts liability based upon a prior judgment, such judgment was unlawfully procured and lacks evidentiary effect.

### Ninth Affirmative Defense:

To the extent Plaintiff asserts liability based upon a prior judgment, Defendant was not a party to or in privity with a party to such litigation and the judgment, therefore, lacks any estoppel effect.

### Tenth Affirmative Defense:

Plaintiff's claims are barred by the doctrine of laches.

### Eleventh Affirmative Defense:

Plaintiff's claims are barred by *res judicata* and estoppel, having been voluntarily dismissed by him, with prejudice, in the matter of *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, on June 5, 2013, where such claims were brought or could have been brought by him in such action.

### Twelfth Affirmative Defense:

Plaintiff's claims are barred by the doctrine of *de minimis* use.

### Thirteenth Affirmative Defense:

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was in good faith and with non-willful intent at all times

### Fourteenth Affirmative Defense:

Plaintiff's copyrights, if any, are invalid and/or unenforceable.

### Fifteenth Affirmative Defense:

Plaintiff's claims are barred by the doctrine of misuse of copyright.

### Sixteenth Affirmative Defense:

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

### Seventeenth Affirmative Defense:

Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damage that may have been sustained, in violation of the Due Process Clause.

### Sixteenth Affirmative Defense:

To the extent Defendant is liable to Plaintiff, if at all, Plaintiff is not entitled to statutory damages or attorneys' fees for failure to timely register his alleged copyrights.

### COUNTERCLAIM

1.   Defendant and Plaintiff-in-Counterclaim Brian Zaiger brings this counterclaim against Plaintiff for a violation of 17 U.S.C. §512(f).

### PARTIES, JURISDICTION, AND VENUE

2.   Defendant-in-Counterclaim Jonathan Monsarrat is a resident of the Commonwealth of Massachusetts.

3. Therefore, Defendant-in-Counterclaim Jonathan Monsarrat ("Monsarrat") is subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to Mass. Gen. Laws, ch. 223A § 2.

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) as all defendants-in-counterclaim reside in this District.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338, as this is a counterclaim arising under the federal Copyright Act.

**GENERAL ALLEGATIONS**

6. This is a civil action seeking damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA").

7. On or about November 9, 2016, per Monsarrat's allegation, a notice pursuant to 17 U.S.C. 512(c), being a DMCA takedown notice, was sent to CloudFlare regarding certain material lawfully found on the Encyclopedia Dramatica website.

8. Subsequently, Monsarrat initiated the present lawsuit.

9. Monsarrat's conduct interfered with Mr. Zaiger's business and gave him credible concern, especially considering Monsarrat's well-publicized history as a highly-litigious party, that if it continued to operate its website in the lawful manner in which it was, but without complying with Monsarrat's demand, Monsarrat would pursue a specious copyright infringement case against Mr. Zaiger.

10. Such concern bore fruit in the Verified Complaint (Dkt. No. 1).

11. Even if Monsarrat were to voluntarily dismiss his Verified Complaint (Dkt. No. 1) against Mr. Zaiger, his litigious history, in the prior litigation he cites in this Court and in the *Monsarrat v. Filcman, et al.*, matter cited above, all involving the same material, the non-prejudicial effect of a voluntary dismissal is insufficient to assuage Mr. Zaiger's concerns of repeat litigation.

## COUNT I:  MISREPRESENTATION OF COPYRIGHT CLAIMS
## UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT
## ("DMCA") 17 U.S.C. § 512

12. Plaintiff-in-Counterclaim repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

13. Upon information and belief, Mr. Zaiger and Encyclopedia Dramatica did not infringe any copyright owned or administered by Monsarrat.

14. Any use of any materials or information by Mr. Zaiger and Encyclopedia Dramatica was a self-evident, non-infringing, and fair use under 17 U.S.C. § 107.

15. Upon information and belief, Monsarrat knew or should have known that Mr. Zaiger and Encyclopedia Dramatica did not infringe any copyrights on the date they sent their DMCA takedown notice.

16. Monsarrat sent the DMCA notice for the purpose of interfering with Mr. Zaiger's business and/or for the purpose of suppressing criticism of Monsarrat.

17. This is an improper use of the DMCA takedown scheme, and is specifically prohibited by law.  17 U.S.C. § 512(f).

18. Monsarrat violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Mr. Zaiger and Encyclopedia Dramatica infringed Monsarrat's copyrights.

19. Monsarrat actually knew of the material falsity of its representations with respect to copyright infringement, as it knew independently or through counsel that the use of its allegedly copyrighted works was fair use.

20. Monsarrat hoped to use the DMCA process to suppress speech and not in order to address real copyright concerns, since even a perfunctory review of the applicable law would demonstrate that the website could not possibly

result in liability for copyright infringement, yet Monsarrat, used the DMCA process under this knowingly erroneous pretense.

21. If he did not know of the material falsity of his representations, Monsarrat was willfully blind as to the material falsity.

22. As a direct and proximate result of Defendant's actions, Mr. Zaiger has been injured in an amount to be determined at trial.

23. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the complaint and harm to his free speech rights under the First Amendment.

24. Mr. Zaiger has been forced to retain the services of an attorney to pursue this action, and are entitled to recover its attorney's fees and any and all costs associated with pursuing this matter, as permitted under 17 U.S.C. §512(f).

25. In the alternative, Mr. Zaiger asks for attorney fees as damages due to the bad faith action of Monsarrat in these matters.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Plaintiff-in-Counterclaim asks the Court for judgment as follows:

A. That the Court adjudge and declare that none of Defendant's uses of any of Plaintiff's alleged intellectual property rights are unlawful, and that they may continue;

B. That the Court adjudge that Defendant has not directly infringed or contributed to any infringement of any of Plaintiff's allegedly copyrighted works;

C. That the Court award judgment to Defendant on all claims by Plaintiff in his Verified complaint;

D. That the Court award judgment to Defendant on all claims in his Counterclaim;

E. Damages according to proof;

F.      That Defendant be awarded his reasonable costs and attorney's fees with respect to this action pursuant to 17 U.S.C. §§ 505 & 512(f), on a private attorney general basis, or otherwise as allowed by law; and

G.      For such other and further relief as the Court deems appropriate.

**PRAYER FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Defendant demands a jury trial on all claims, counterclaims, and defenses which are triable to a jury in this action.

Dated: May 26, 2017.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant,*
*Brian Zaiger*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 26, 2017.

/s/ Marc J. Randazza
Marc J. Randazza