UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, )<br>)<br>*Plaintiff*, )<br>) <br>v. )<br>)<br>BRIAN ZAIGER dba )<br>ENCYCLOPEDIADRAMATICA.SE, )<br>)<br>)<br>*Defendant*. )<br>) | CIVIL ACTION NO. 17-cv-10356-PBS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT** |

Defendant Zaiger's motion, made after the due date for answering the complaint, is facially insufficient for lack of any attempted showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). See *Hosp. del Maestro v. N.L.R.B.*, 263 F.3d 173, 175 (1st Cir. 2001) (*per curiam*). ("We have no basis for finding the Hospital's neglect "excusable" when there is no proffered reason that would justify, or even plausibly explain, its misreading of the rules."). Defendant states only his motion "is not brought due to a lack of diligence or inexcusable neglect." (ECF#20 at 1). Acknowledging that his answer was due by May 17, 2017,[1] Defendant requests the Court to grant him an extension predicated on the more lenient good cause standard, *Dimmit v. Ockenfels*, 407 F. 3d 21, 24 (1st Cir. 2005), that would be applicable only if the motion for an extension been made before the due date for his answer to the Complaint under Fed. R. Civ. P. 6(b)(1)(A). See Defendant's Proposed Order, ECF # 20-1.

The motion's unverified contention that, "having no prior experience with the judicial system, … Mr. Zaiger struggled to find representation," ECF # 20 at 1, does not allow an

---

[1] On May 1, 2017, Mr. Zaiger was again informed that his answer to the complaint should be filed on or before May 17, 2017.  May 26, 2017, Affidavit of Richard Goren, ¶3 filed herewith.

inference that he carelessly neglected the deadline, must less constitute the requisite minimum "convincing explanation as to why the neglect was excusable." *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir. 2002).

Defendant's May 23, 2017 motion for an extension of time to respond to Complaint must be denied for failure to make the requisite demonstration of "excusable neglect."


DATED: May 26, 2017                                 Respectfully submitted,

                                                    JONATHAN MONSARRAT,
                                                    Plaintiff,

                                                    By his attorney,

                                                    *ss/Richard A. Goren*
                                                    Richard A. Goren, Esq. BBO #203700
                                                    Law Office of Richard Goren
                                                    One State Street, Suite 1500
                                                    Boston, MA 02109
                                                    617-933-9494
                                                    rgoren@richardgorenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 26, 2017.

*/s/Richard A. Goren*