UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN MONSARRAT,<br><br>*Plaintiff*,<br><br>v.<br><br>BRIAN ZAIGER dba<br>ENCYCLOPEDIADRAMATICA.SE,<br><br>*Defendant*. | CIVIL ACTION NO. 17-cv-10356-PBS<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MAY 26, 2017 ANSWER AND COUNTERCLAIM** |

Pursuant to Fed. R. Civ. P. 12 (f) Plaintiff Jonathan Monsarrat requests the Court to strike Defendant Zaiger's May 26, 2017 Answer and Counterclaim (ECF# 24) filed in violation of the Fed. R. Civ. P. 12(a)(1)(A)(i) deadline or in the alternative, if the Court should find the requisite "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B) and consequently grant Defendant Zaiger's May 23, 2017 motion for an extension of time (ECF# 20) to order the answer and counterclaim to be concurrently entered on the docket. The affidavit of Plaintiff's counsel and a proposed Order are filed as Exhibits A and B, respectively.

Defendant Zaiger admits that the deadline established by Fed. R. Civ. P. 12(a)(1)(A)(i) for his response to the complaint was May 17, 2017. ECF# 20 at 1. See also ECF# 25-1 documenting a series of communications between Defendant Zaiger and Plaintiff's counsel.

On May 23, 2017, following Plaintiff's application for entry of notice of default, ECF # 17, Defendant Zaiger filed a motion seeking leave to file to a response to the complaint. ECF #20. Informed that Plaintiff would oppose the motion, See Affidavit of Richard Goren, ECF# 25-1 ¶¶ 6, 7, on May 26, 2017, and without leave of Court to do so, Defendant Zaiger filed an Answer and Counterclaim. ECF #24. After Plaintiff filed his opposition to the motion for

extension, ECF #25, the parties discussed the interrelationship between Defendant's motion for an extension and his filing of an answer and counterclaim. Exhibit A, ¶¶ 1, 2.

To avoid both what he labeled "silly" and wasteful motion practice as well as the potentially unnecessary legal expense of assessing and responding to sixteen affirmative defenses and a counterclaim seeking damages and attorney's fees, Plaintiff proposed, and Defendant Zaiger rejected, the following stipulation.

> (i)   If the Court allows defendant's May 23, 2017 motion for extension of time to respond to complaint, defendant's May 26, 2017 answer, affirmative defenses and counterclaim (ECF # 24) shall be deemed for all purposes to have been first served upon entry of the Order granting the extension;
>
> (ii)  If the Court denies defendant's May 23, 2017 motion for extension of time to respond to complaint, defendant's May 26, 2017 answer, affirmative defenses and counterclaim (ECF # 24) shall be struck as premature without prejudice.

*Id.*

Fed. R. Civ. P. 12 (a)(1)(A)(i) required Defendant Zaiger to serve a responsive pleading within 21 days of being served. But he failed to do so. After lapse of that deadline Fed. R. Civ. P. 6(b)(1)(B) requires a party to obtain the Court's permission <u>before</u> filing a responsive pleading. Here Zaiger filed an untimely pleading without leave to do so.

Because the untimely pleading filed without leave creates serious risks of prejudice to the Plaintiff by adding a counterclaim seeking damages and attorney's fees and otherwise potentially waived affirmative defenses, the Court may strike Zaiger's answer and counterclaim. See *Fantasy, Inc. v. Fogerty*, 664 F. Supp. 1345, 1347-48 (N. D. Cal. 1987) <u>aff'd</u> 984 F.2d 1524, 1527-29 (9th Cir. 1993) <u>rev'd on other grounds</u> sub nom. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). That Zaiger's request for leave to file a response to the complaint fails to make the

requisite demonstration of "excusable neglect" should factor into the exercise of the Court's discretion. Cf. *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013).

Wherefore Plaintiff Jonathan Monsarrat requests the Court to grant his motion and enter Orders in the form of the Proposed Order filed as Exhibit B.

DATED: May 31, 2017                          Respectfully submitted,

                                             JONATHAN MONSARRAT,
                                             Plaintiff,

                                             By his attorney,

                                             *ss/Richard A. Goren*
                                             Richard A. Goren, Esq. BBO #203700
                                             Law Office of Richard Goren
                                             One State Street, Suite 1500
                                             Boston, MA 02109
                                             617-933-9494
                                             rgoren@richardgorenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 31, 2017.

*/s/Richard A. Goren*