UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN MONSARRAT,  )<br>  )<br>*Plaintiff*,  )<br>  )<br>v.  )<br>  )<br>BRIAN ZAIGER dba  )<br>ENCYCLOPEDIADRAMATICA.SE,  )<br>  )<br>*Defendant*.  )  | CIVIL ACTION NO. 17-cv-10356-PBS<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S MAY 26, 2017 COUNTERCLAIM** |

Plaintiff Jonathan Monsarrat answers Defendant Zaiger's May 26, 2017 Counterclaim (ECF# 24), as follows:

1. Paragraph 1 of the counterclaim states a conclusion of law and no answer is required.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Paragraph 6 of the counterclaim states a conclusion of law and no answer is required.

7. Plaintiff and Defendant in counterclaim admits that on November 9, 2016, he submitted a copyright complaint notice to Cloudflare including Plaintiff's sworn attestation of the registration of copyrights, the 2012 judgment and the continued and ongoing infringing display on Cloudflare's server and IP address but denies the allegation the allegedly infringing material was "lawfully found on the Encyclopedia Dramatica website."

8. Admitted.

9. Paragraph 9 fails to conform to Fed. R. Civ. P. 8 (d)(1)'s requirement that "each allegation must be simple, concise and direct." To the extent an answer is required, Plaintiff and Defendant in counterclaim denies all allegations of Paragraph 9.

10. Plaintiff and Defendant in counterclaim denies that his conduct unlawfully interfered with Defendant Zaiger's business. Plaintiff and Defendant in counterclaim lacks knowledge or information sufficient to form a belief about Defendant Zaiger's state of mind. To the extent an answer is required, Plaintiff and Defendant in counterclaim denies all allegations of Paragraph 10.

11. Plaintiff and Defendant in counterclaim lacks knowledge or information sufficient to form a belief about Defendant Zaiger's state of mind. To the extent an answer is required, Plaintiff and Defendant in counterclaim denies all allegations of Paragraph 11.

12. No answer is required.

13. Denied.

14. Denied.

15. Denied.

16. Plaintiff and Defendant in counterclaim's November 9, 2016 copyright complaint notice was sent to protect his copyrights. To the extent any further answer is required, Plaintiff and Defendant in counterclaim denies the allegations of Paragraph 16.

17. Denied.

18. Denied.

19. Paragraph 19 fails to conform to Fed. R. Civ. P. 8 (d)(1)'s requirement that "each allegation must be simple, concise and direct." To the extent an answer is required, Plaintiff and Defendant in counterclaim denies all allegations of Paragraph 19.

20. Paragraph 20 fails to conform to Fed. R. Civ. P. 8 (d)(1)'s requirement that "each allegation must be simple, concise and direct." To the extent an answer is required, Plaintiff and Defendant in counterclaim denies all allegations of Paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Paragraph 25 fails to conform to Fed. R. Civ. P. 8 (d)(1)'s requirement that "each allegation must be simple, concise and direct." To the extent an answer is required, Plaintiff and Defendant in counterclaim denies all allegations of Paragraph 25.

## GENERAL DENIAL

Plaintiff and Defendant in counterclaim generally denies each and every allegation of the Defendant's counterclaim except as otherwise expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The counterclaim and each and every cause of action set forth therein fails to state any claim upon which relief may be granted, including without limitation:

a. Defendant alleges no facts to overcome the presumptive validity of Plaintiff's registered copyrights;

b. Defendant alleges no facts to demonstrate any one or more of the 17 U.S.C. §107 factors to support his fair use claim; and,

    c. Defendant alleges no facts to demonstrate Plaintiff violated the antitrust laws or the public policy underlying the Copyright Act to support his pleaded claim of copyright misuse.

## SECOND AFFIRMATIVE DEFENSE
(Failure to plead with particularity)

Defendant fails to allege with the requisite Fed. R. Civ. P. 9 (b) particularity that Plaintiff made knowingly false representations of material fact.

## THIRD AFFIRMATIVE DEFENSE
(Lack of Standing)

The counterclaim and each and every cause of action set forth therein is barred by Defendant's lack of standing.

## FOURTH AFFIRMATIVE DEFENSE
(Lack of Standing under Copyright Act )

Defendant does not qualify for the limitations on liability under 17 U.S.C. §512 for lack of a Designated Agent.

## FIFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

The counterclaim and each cause of action set forth therein is barred by Defendant's unclean hands.

WHEREFORE, Plaintiff and Defendant in counterclaim Jonathan Monsarrat respectfully requests that the Court enter judgment in his favor and grant the following relief:

    A. Dismissal of all causes of action with prejudice;

    B. For costs and attorney's fees under 17 U.S.C. §505 incurred defending this counterclaim; and,

    C. For such other and further relief as the Court deems just and proper.

DATED: June 13, 2017						Respectfully submitted,

							JONATHAN MONSARRAT,
							Plaintiff,

							By his attorney,

							*ss/Richard A. Goren*
							Richard A. Goren, Esq. BBO #203700
							Law Office of Richard Goren
							One State Street, Suite 1500
							Boston, MA 02109
							617-933-9494
							rgoren@richardgorenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 13, 2017.

*/s/Richard A. Goren*