UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>*Plaintiff*,<br><br>v.<br><br>BRIAN ZAIGER dba<br>ENCYCLOPEDIADRAMATICA.SE,<br><br>*Defendant*. | CIVIL ACTION NO. 17-cv-10356-PBS |

## PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Fed. R. Civ. P. 16 (b) & (c), Fed. R. Civ. P. 26(f), Local Rule 16.1(D) as well as the Court's Notice of Scheduling Conference dated June 9, 2017, Plaintiff Jonathan Monsarrat submits his Local Rule 16.1(D) Statement in anticipation of the scheduling conference set for July 18, 2017. Counsel for the parties having conferred initially by phone on June 27, 2017, and in writing on June 28, June 30, July 6, 7, and 10, 2017 disagree about the content of a joint LR 16.1(D) Statement as well as pre-trial deadlines and appropriateness of mediation.

Defendant declines to make a concise statement of the position of the Plaintiff and Defendant regarding both liability and relief sought. Objecting to Plaintiff explaining his position on Defendant's principal claims and defenses Defendant declines to file a joint statement setting out their respective positions. Plaintiff requests the Court to exercise its case management authority under Fed. R. Civ. P. 16 (c)(2) to facilitate mediation which Plaintiff contends would facilitate the just, speedy and inexpensive disposition of the action.

**Plaintiff's Case Synopsis** (objected to by Defendant)

Monsarrat brought this action against the initially unknown owner(s) of the Encyclopedia Dramatica website for infringement of Monsarrat's copyrights in both certain literary works and certain photographic and visual works. Monsarrat served the Verified Complaint on Zaiger on April 26, 2017. Without obtaining leave to do so on May 26, 2017 Zaiger answered the Complaint and counterclaimed.

Acknowledging ownership of the Encyclopedia Dramatica website Zaiger admits that he or his staff copied the works from an archive and then posted the works on his website. Prior to engaging counsel Zaiger caused the copyrighted works to be taken down and the parties discussed a tentative settlement focused on an enforceable covenant to refrain from reposting Monsarrat's copyrighted works.

Zaiger's answer and counterclaim posits that there can be no liability because he can prove his reposting constitutes "Fair Use." Zaiger also contends that his sixteen affirmative defenses, including "res judicata and estoppel," and statute of limitations bar the verified complaint's claims of copyright infringement. Zaiger also asserts that assuming he is liable for infringement as a matter of law under the Copyright Act Monsarrat lacks standing for both statutory damages and an award of attorney's fees. Predicated on a 2016 Ninth Circuit case, Zaiger's counterclaim alleges that Monsarrat's November 2016 takedown notice violates Section 512 (f) of the Copyright Act.

Monsarrat contemplates filing initial dispositive motions as to several defenses including fair use, his standing or eligibility for statutory damages and attorney's fees, *res judicata*, estoppel, and statute of limitations. Monsarrat also contemplates filing a dispositive motion asserting Zaiger's inability to meet his burden of production on his counterclaim.

I.      Agenda for Scheduling Conference

**A. PLAINTIFF'S POSITION.**

Plaintiff proposes the following agenda for the Scheduling Conference:

(a) Discussing sending the case to mediation ideally following the scheduling and hearing of dispositive motions on a number of Zaiger's defenses and counterclaim;

(b) Discussing a phased discovery schedule with initial disclosures limited to the parties' respective burdens of production on their claims and defenses, in other words such minimal discovery as will facilitate dispositive motions and/or settlement;

(c) Mutual non-harassment Protective Order by which the parties stipulate and covenant that since May 26, 2017 neither party has communicated in any way directly to the other and prospectively will not make or send any communication or deliver anything directly to the other; and.

(d) Proposed schedule for the case through summary judgment motions.

**B. DEFENDANT'S POSITION.**

<u>Defendant informed plaintiff he would propose the following agenda for the Scheduling Conference:</u>

Defendant agrees that that agenda should include a discussion of the discovery plan and pretrial schedule, especially in light of the significant disagreement with Plaintiff's proposals.

(a) Defendant does not believe mediation will be productive, and the litigation schedule should be streamlined to achieve a quick resolution, thus it is not necessary to discuss at the Scheduling Conference.

(b) Defendant does not believe it is productive to discuss a "non-harassment Protective Order" as Defendant expects it to be another attempt by Plaintiff to silence legitimate

2

criticism, protected by the First Amendment.

## II.     Plaintiff's proposed Pre-Trial Schedule:

### A. PLAINTIFF'S POSITION.

Plaintiff contends this is a simple copyright infringement case with liability under the verified complaint for the now ceased infringement, as well as defendant's primary defenses, amenable to resolution by dispositive motion under Rule 12 (c) or, if need be, under Rule 56. Plaintiff proposes that the parties mediate and do so with or without the Court's resolution of a number of legal contentions that would be raised under defendant's late filed answer and counterclaim.

Monsarrat contends the principal issues Zaiger purportedly raises impede what otherwise could be a prompt, inexpensive and just resolution of the action. First, there is Monsarrat's eligibility or standing to seek statutory damages and an award of attorney's fees. Zaiger contends that assuming his liability for infringement, as a matter of law Monsarrat is ineligible, *i.e.,* lacks standing for both statutory damages <u>and</u> an award of attorney's fees for "failure to timely register his alleged copyrights." These putative issues lend themselves to resolution with briefing and little or no discovery. And, one way or the other the Court's resolution of such questions of law involving a straightforward application of the Copyright Statute would eliminate an obvious obstacle to a settlement.

So too resolution of Monsarrat's ability to meet his burden of production on his counterclaim (including his counsel's contentions about application of *Lenz v. Universal Music Publishing Inc.*, 815 F. 3d 1145 (9th Cir. 2016)), his fair use defense (including counsel's contentions about application of *Righthaven, LLC v. Hoehn*, 792 F. Supp. 2d 1138 (D. Nevada 2011) <u>aff'd in part and vacated in part</u>, 716 F. 3d 1166 (9th Cir.)) and his affirmative defenses,

while perhaps not crucial to a successful mediation, Monsarrat contends, can be promptly briefed and determined in relatively short order.

      **B.**   *Phased Discovery.*  Monsarrat contends to facilitate settlement and the efficient completion of discovery, the Court should limit the first phase to developing information concerning a realistic assessment of the case and prompt completion of the parties' mediation.

      **C. Plaintiff's Proposed Schedule and Defendant's Proposed Dates:**

|  | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | August 1, 2017 | July 11, 2017 |
| Initial dispositive motions on defendant's defenses and burden of production | September 1, 2017<br>Opposition September 21, 2017<br>Reply October 1, 2017 | Objects to initial dispositive motions to facilitate mediation |
| Hearing on initial dispositive motions | October-November 2017 | Objects to initial dispositive motions to facilitate mediation |
| Mediation | To be scheduled upon decision of initial dispositive motions | Objects to mediation |
| Deadline to amend pleadings and join parties | 90 days after mediation concludes | July 14, 2017 |
| Deadline for service of initial document production demands and interrogatory requests (Responses served in 30 days) | 30 days after mediation concludes | |
| Close of fact discovery, including service of responses to written discovery requests and completion of all depositions of fact witnesses | 120 days after mediation concludes | September 15, 2017 |
| Plaintiff's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) | 134 days after mediation concludes | September 15, 2017 |
| Defendant's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) | 174 days after mediation concludes | October 13, 2017 |
| Deadline for completion of expert depositions | 204 days after mediation concludes | October 27, 2017 |
| Deadline for dispositive motions | Motion filed: 45 days after completion of discovery<br><br>Opposition: 21 days after service of Motion<br><br>Reply: 14 days after service of Opposition | Motions filed by November 27, 2017<br><br>Oppositions filed by December 18, 2017 |

| Summary judgment hearing | TBD | |
|---|---|---|

**III.    JOINT DISCOVERY PLAN.**  The parties do not agree on a proposed plan for discovery.

**IV.    SETTLEMENT**:

Taking an inapposite position to defendant's contention that as a matter of law plaintiff lacks standing to seek an award of attorney's fees, on June 30, 2017 plaintiff made a written settlement proposal for defendant to pay attorney's fees to which defendant has not responded.

**V.    Certification:**

The plaintiff's certification of compliance with Local Rule 16.1(D)(3) is Exhibit A hereto.

**VI.    Trial by Magistrate Judge:**

The Plaintiff does not at this time consent to trial by magistrate judge.

Respectfully submitted this 11th day of July, 2017.

> JONATHAN MONSARRAT,
> Plaintiff,
>
> By his attorney,
>
> *ss/Richard A. Goren*
> Richard A. Goren, Esq. BBO #203700
> Law Office of Richard Goren
> One State Street, Suite 1500
> Boston, MA 02109
> 617-933-9494
> rgoren@richardgorenlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 11, 2017.

> *ss/Richard A. Goren*