**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JONATHAN MONSARRAT, | ) | CIVIL ACTION NO. |
|  | ) | 1:17-cv-10356-PBS |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **DEFENDANT'S SCHEDULING** |
|  | ) | **CONFERENCE STATEMENT** |
| BRIAN ZAIGER, | ) |  |
|  | ) | *(Leave to file granted on July 13, 2017)* |
| Defendant. | ) |  |
|  | ) |  |

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), counsel for Defendant initially attempted to confer with counsel for Plaintiff on June 27, 2017.  As the parties were unable to agree upon the nature of the content in a Joint Scheduling Conference Statement, Defendant now submits his unilateral Scheduling Conference Statement in anticipation of the scheduling conference set for July 18, 2017 at 10:00 a.m.  As Plaintiff has submitted his own unilateral statement, Defendant will only summarize Plaintiff's position to the extent necessary.

**Response to Plaintiff's Substantive Claims**

Although Defendant objects to the inclusion of Plaintiff's summary of the case and believes that such does not properly belong in a Scheduling Conference Statement, certain points need to be addressed to avoid prejudice.

First, it must be noted that although Plaintiff claims copyright in the alleged works, copies of which are neither attached to the Complaint nor provided as would be required pursuant to Fed. R. Civ. P. 26(a), Plaintiff's claim of copyright ownership is illusory.  Plaintiff appears to claim copyright in one or more photographs where he is not the author, as he is the subject, and there is no record of assignment by the true author(s).  He further appears to claim copyright in text conversations in which he is only a partial author and which is not otherwise copyrightable.

Second, assuming Plaintiff holds one or more valid copyright registrations, and assuming infringement, such registrations were made more than three months beyond the discovery of the alleged infringement.  Compare Complaint ¶ 2 (earliest registration alleged to be Feb. 15, 2011)

with *Monsarrat v. Filcman*, Case No. 13-6399 (Middlesex Cty. Sup. Ct. Feb. 4, 2013)(Verified Complaint at ¶ 43, identifying publication of the *Encyclopedia Dramatic* article as early as Feb. 4, 2010). As the Court is aware, "17 U.S.C. § 412(2) mandates that, in order to recover statutory damages and attorneys' fees, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co KG v. Plebaniak*, Civil Action No. 11-10268-PBS, 2013 U.S. Dist. LEXIS 46906, at *18 (D. Mass. Mar. 18, 2013). Thus, this litigation involves five alleged works for which there is no market value. Under the revised Fed. R. Civ. P. 26(b)(1), then, the scope of discovery must be proportional to the needs of the case, including the nominal amount in controversy.

Third, Plaintiff failed to consider fair use. The *Encyclopedia Dramatica* page at issue is a page created by third parties criticizing Plaintiff. Plaintiff referred, in his statement, to *Righthaven, LLC v. Hoehn*, 792 F. Supp. 2d 1138 (D. Nev. 2011), a case in which commentary on an entire reproduced article was found to be fair use. The article in this case primarily uses snippets of Plaintiff's communications as the basis for commentary on his improper attempts to seduce young women. One of the photographs in which Plaintiff appears to claim copyright is actually a Photoshopped image of Plaintiff from when he was apparently the mascot for MIT. Such commentary and transformative non-commercial use was fair use, and Defendant is not otherwise liable for infringement. However, Defendant's failure to consider fair use prior to sending a DMCA takedown, coupled with the invalidity of his copyright registrations, gives rise to Defendant's counterclaim under Section 512(f) of the Digital Millennium Copyright Act. See *Lenz v. Universal Music Corp*., 815 F.3d 1145, 1148 (9th Cir. 2016) ("the statute requires copyright holders to consider fair use before sending a takedown notification") *cert. denied* 137 S.Ct. 416 (2016).

### Proposed Scheduling Conference Agenda

Defendant proposes the following agenda for the Scheduling Conference:

The agenda should include a discussion of the discovery plan and pretrial schedule,

especially in light of the significant disagreement with Plaintiff's proposals. Notably:

(a)  Defendant does not believe mediation will be productive. Plaintiff appears to wish to engage in multiple rounds of discovery and dispositive motion practice, all of which will only serve to increase the litigation costs. Plaintiff's settlement demand fails to account for his claim being limited to nominal damages and his substantial liability for defense attorney fees. Thus, mediation is not apt to be productive. If Plaintiff wishes to move for summary judgment, and if he truly believes it will dispose of the defenses, he is free to do so at any time. However, no summary judgment should be entertained under Rule 56(d) until sufficient discovery into the subjects of discovery set forth below is had.

(b)  Defendant does not believe it is productive to discuss a "non-harassment Protective Order" as Defendant expects it to be another attempt by Plaintiff to silence legitimate criticism, protected by the First Amendment. There are no allegations of harassment at present; this litigation simply appears to be an attempt to misuse Copyright law to silence legitimate criticism. Moreover, given Plaintiff's reasonable willingness to dismiss prior improper litigation, preventing the parties from direct contact is a barrier to letting the parties potentially work out a reasonable resolution.

### Proposed Pretrial Schedule

This case was filed on March 2, 2017, the answer and counterclaim was filed on May 26, 2017, and the answer to the counterclaim was filed June 13, 2017.

Defendant's Proposed Schedule:

Defendant does not agree with Plaintiff's proposal of phased discovery, mediation, or two rounds of dispositive motion practice, as such will only serve to increase litigation costs. Thus, Defendant proposes the following pretrial schedule:

1.  AMENDMENT OF PLEADINGS to be completed by July 14, 2017.

2.  JOINDER OF PARTIES to be completed by July 14, 2017.

3.  INITIAL DISCLOSURES are required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(a) to be completed by July 11, 2017. Defendant made his initial disclosures on June 27, 2017 and expects Plaintiff to make his by July 11, 2017.

4.      FACT DISCOVERY, including service of and responses to written discovery requests and all depositions, to be completed by September 15, 2017.

5.      EXPERT DISCOVERY

    a.      Plaintiff's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) disclosed by September 15, 2017.

    b.      Defendants' trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) disclosed by October 13, 2017.

    c.      Expert depositions concluded by October 27, 2017.

6.      DISPOSITIVE MOTIONS

    a.      Dispositive motions filed by November 27, 2017.

    b.      Oppositions to dispositive motions filed by December 18, 2017.

7.      CASE MANAGEMENT AND PRETRIAL CONFERENCES on dates to be determined by the Court, though Defendant would propose a Final Pretrial Conference as early as January 11, 2018.

## Proposed Discovery Plan

The parties do not agree on a proposed plan for discovery. Pursuant to Fed. R. Civ. P. 26(f)(3), the Defendant accordingly proposes the following discovery plan, including Plaintiff's position where known:

(a) Defendant believes no changes should be made to the timing, form, or requirement for initial disclosures, which shall be made as set forth above, having made his initial disclosures. Plaintiff wishes to delay such disclosures without explanation.

(b) The parties have considered the desirability of conducting phased discovery.

Plaintiff appears to believe that discovery should be phased. Defendant does not believe phased discovery is appropriate in this matter, as mediation and multiple rounds of discovery and dispositive motion practice is only likely to serve to delay resolution and should not otherwise be limited to or focused on particular issues. Further, Plaintiff's proposal is vague and unworkable.

Defendant hereby sets forth the following subjects on which discovery may be needed:

1.    Authorship of the works in which Plaintiff claims copyright;

2.    The circumstances surrounding the creation of the works, including derivative works, subject to the Complaint;

3.    Registration of the copyright in the works subject to the Complaint;

4.    Identification of the works subject to the Complaint;

5.    The facts and opinions set forth in the web page made subject of the Complaint;

6.    Any damages Plaintiff claims to have suffered on account of the alleged infringement, including, but not limited to, attorneys' fees claimed;

7.    Notices of infringement alleged to have been made by Plaintiff;

8.    Information received by Plaintiff in response to any subpoena issued pursuant to this Court's Order of May 10, 2017, and Plaintiff's use thereof;

9.    Prior litigation by Plaintiff relative to the works subject to the Complaint including, but not limited to, *Monsarrat v. Rosenbaum*, Case No. 11-20248 (D. Mass.); and

10.   Settlement or other resolution of litigation in the matter of *Monsarrat v. Filcman, et al.*, C.A. No. 2013-0399-C (Mass. Sup. Ct., Middlesex Cty.).

(c)   Defendant is unaware of any issues about disclosure, discovery, or preservation of electronically stored information.  Defendant desires that all electronically stored information ("ESI") should be produced in its native format, with all unaltered metadata associated with such ESI produced therewith.  Defendant would permit parties to also produce Bates-stamped versions of ESI to facilitate the discovery process and trial, but this shall in no way exempt a party from producing the native ESI as well.

(d)   Defendant is unaware of any issues of claims of privilege or of protection as trial-preparation materials.  To the extent necessary, Defendant agrees to confer and make a good faith effort to jointly propose a protective order to facilitate the disclosure of information.  In the event of inadvertent disclosure of privileged or protected materials, Defendant proposes the disclosing party shall give the receiving party prompt notice of

same, and the receiving party shall not use such material in a manner inconsistent with the

nature of the privilege or protection except as permitted by Court order.

(e)  Defendant proposes no changes to the limits on discovery under the rules.

(f)  Defendant proposes no further additional orders.

### Certifications

Defendant's certification of compliance with Local Rule 16.1(D)(3) is attached.


Dated: July 18, 2017.                              Respectfully submitted,

                                                   /s/ Jay M. Wolman
                                                   Jay M. Wolman (BBO# 666053)
                                                   RANDAZZA LEGAL GROUP, PLLC
                                                   100 Pearl Street, 14th Floor
                                                   Hartford, Connecticut 06103
                                                   Tel: (702) 420-2001
                                                   Email: ecf@randazza.com

                                                   Marc J. Randazza (BBO# 651477)
                                                   RANDAZZA LEGAL GROUP, PLLC
                                                   P.O. Box 5516
                                                   Gloucester, Massachusetts 01930
                                                   Tel: (702) 420-2001
                                                   Email: ecf@randazza.com

                                                   *Attorneys for Defendant,*
                                                   *Brian Zaiger*


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 18, 2017.

                                                   /s/ Jay M. Wolman
                                                   Jay M. Wolman