UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN MONSARRAT, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> BRIAN ZAIGER dba ) <br> ENCYCLOPEDIADRAMATICA.SE, ) <br> ) <br> *Defendant*. ) | CIVIL ACTION NO. 17-cv-10356-PBS |

**PLAINTIFF'S Fed. R. Civ. P. 26(a) (1) AUTOMATIC INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a) (1) the plaintiff hereby makes the following initial disclosures.

*I.   Persons and individuals likely to have discoverable information; Subjects.*

**A.** Jonathan Monsarrat, c/o Law Office of Richard Goren, One State Street, Suite 1500, Boston MA 02109

**Subjects:** Ownership of copyrights; time of infringement; intentional nature of infringement including without limitation prior takedown and prior takedown notices; damages including value of copyright to him; affirmative defense of Statute of Limitations, including without limitation accrual of claim; affirmative defense of fair use, including by way of example and not limitation the unique value of the copyrighted works to him and nature of work.

**B.** Brian Zaiger, upon information and belief based on April 26, 2017 service of complaint, Lafayette Hotel, Room 111, 116 Lafayette Street, Salem, Massachusetts.

**Subjects:** fact and date(s) of copying of works; extent of copying; fact and date of posting of works on ED website; intentional nature of infringement including without limitation knowledge or notice of prior takedown and prior takedown notices; fact and date of takedown of plaintiff's copyrighted works; damages including by way of example and not limitation, value of works to plaintiff; damages including income and revenues of ED website and related profit

centers;  unclean hands including by way of example and not limitation ED's scofflaw status under DMCA and evasion of copyright laws; existence of DMCA designated agent;  standing to assert DMCA safe harbor defenses; basis for asserting affirmative defense of Statute of Limitations; bases for asserting affirmative defense of fair use, including by way of example and not limitation, character of use, extent of copying, unique value of work to plaintiff, nature of work;  basis for asserting standing to attack Rosenbaum judgment; alleged interference with Zaiger's business; notices of infringement from ED's agents, domain registrars, and other Internet service providers ; factual basis for asserting affirmative defense of res judicata and estoppel on account of the June 2013 dismissal of the case of Monsarrat v. Filcman, CA 2013-0399; factual bases for all defenses; factual basis for alleging plaintiff to have misrepresented his copyright claims, including by way of example and not limitation that plaintiff knew or should have known in November 2016 that Zaiger and ED did not infringe plaintiff's copyrights; factual basis for his claimed damages of payment of  legal fees; communications with plaintiff; and, on line posting concerning this lawsuit, statements concerning plaintiff and seeking contributions for Zaiger's legal defense; alleged damages and payments or contributions from third parties for legal fees and defense of this lawsuit.

    **C.**  Sibin Grašić Tanaska Rajica 26, 37000 Kruseva, SERBIA;  +38137425870, sibin.grasic@zool.rs, the purported current administrator of ED

**Subjects:** administration of ED; fact and date of takedown of plaintiff's  copyrighted works; fact and date of posting of plaintiff's  copyrighted works on ED website; damages including income and revenues of ED website and related profit centers;  unclean hands including by way of example and not limitation ED's scofflaw status under DMCA, evasion of copyright laws; existence of DMCA designated agent;  standing to assert DMCA safe harbor defenses; basis for asserting affirmative defense of Statute of Limitations; alleged interference with Zaiger's business; notices of infringement from ED's agents; notices of infringement from ED's agents; communications with plaintiff; and, posting concerning plaintiff and seeking contributions for Zaiger's legal defense.

    **D.**  National Net, Inc., 1130 Powers Ferry Place, SE, Marietta GA 30067

**Subjects:** ED's scofflaw status under DMCA, evasion of copyright laws; ownership of ED; intentional nature of infringement including without limitation knowledge or notice   of prior takedown and prior  takedown notices; unclean hands including by way of example and not limitation ED's scofflaw status under DMCA, evasion of copyright laws; existence of DMCA

designated agent;  standing to assert DMCA safe harbor defenses.

    E.  Cloudflare Inc., 101 Townsend Street, San Francisco CA 94107, Kenneth Carter, Esq., Doug Kramer, Esq., Justin Paine, DMCA designated agent, [abuse@cloudflare.com](mailto:abuse@cloudflare.com), [Ken@cloudflare.com](mailto:Ken@cloudflare.com), [doug@cloudflare.com](mailto:doug@cloudflare.com)

**Subjects:** ownership of ED; intentional nature of infringement including without limitation knowledge or notice  of prior takedown and prior  takedown notices; unclean hands including by way of example and not limitation ED's scofflaw status under DMCA, evasion of copyright laws and concealment of Zaiger's ownership; existence of DMCA designated agent;  standing to assert DMCA safe harbor defenses.

    F.  Archive.Org
       Christopher Butler
       DMCA Designated Agent
       Internet Archive
       300 Funston Avenue
       San Francisco,   CA  94118 **info@archive.org**

**Subjects:** Availability of plaintiff's  copyrighted works on Archive.Org dba  Wayback Machine for copying by Zaiger; takedown of plaintiff's  copyrighted works from Archive.Org dba Wayback Machine.

    G.  David Gilmour contributor to the Daily Dot.com

**Subjects:** fact and date of posting of copyrighted works on ED website on or about December 4, 2013; statements by Zaiger including by way of example and not limitation concerning ownership of ED and the date and timing of Zaiger's takedown of  plaintiff's  copyrighted works.

    H.  101 Domain, Inc., 5858 Edison Place, Carlsbad CA 92008, ED domain name registrar

**Subjects:**  DMCA takedown notices to ED.

    **II.**  **DESCRIPTION BY CATEGORY AND LOCATION OF ALL DOCUMENTS INCLUDING ESI THAT PLAINTIFF HAS IN HIS POSSESSION, CUSTODY OR CONTROL WHICH HE MAY USE TO SUPPORT HIS CLAIMS.**

Plaintiff has in his possession:  communications to/from ED, Zaiger, ED administrators, ED hosting services, ED Internet Service providers and domain registrars; copies of postings on

ED; some of the 2011 lawsuit papers with Hannah Rosenbaum; affidavit of Hannah Rosenbaum and related papers; some papers from of the 2013 lawsuit referenced by Zaiger.

Plaintiff's counsel will produce copies of these documents.

Plaintiff's counsel will make a litigation request to the United States Copyright Office for certified copies of the plaintiff's applications for registration and registrations for each of the five registered copyrights. Plaintiff's counsel will produce to defendant's counsel copies of those certified copies within a reasonable time after his receipt of same.

### III.   PLAINTIFF'S COMPUTATION OF EACH CATEGORY OF DAMAGES.

Plaintiff seeks actual damages attributable to the loss of the value of his copyrights to preclude publication of his copyrighted works. Here Zaiger's reposting of plaintiff's copyrighted has damaged plaintiff's reputation and impaired his ability to raise capital for his entrepreneurial ventures.

Plaintiff will produce documents and other evidentiary materials documenting the injury to his reputation and impairment of his ability to raise capital for his entrepreneurial ventures. No calculation of the extent of such actual damages presently exists. Plaintiff will supplement this response as required by Rule 26.

In the alternative it is possible Plaintiff may seek actual damages equal to a reasonable licensing fee determined in accordance with industry standards. In such case plaintiff will introduce expert testimony. Plaintiff will supplement this response as required by Rule 26.

In addition to actual damages plaintiff will seek to recover defendant's profits attributable

to the infringement predicated on discovery of ED's gross revenues. Plaintiff will supplement this response as required by Rule 26.

Plaintiff may seek statutory damages for Zaiger's infringement attributable to his copying of one or more of plaintiff's works and reposting of same on ED after registration of such work(s).

Upon amending the complaint to add direct infringement by Zaiger, plaintiff will supplement this response as required by Rule 26.

### IV. INSURANCE POTENTIALLY AVAILABLE TO SATISFY ANY JUDGMENT.

Plaintiff is unaware of any insurance agreement potentially available to satisfy any judgment.

DATED: August 1, 2017

Respectfully submitted,

JONATHAN MONSARRAT,
Plaintiff,

By his attorney,

*ss/Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 1, 2017.

*/s/Richard A. Goren*