UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>    Plaintiff,<br><br>v.<br><br>GOTPER6067-00001 and DOES 1-5,<br>dba ENCYCLOPEDIADRAMATICA.SE,<br>and BRIAN ZAIGER,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:17-cv-10356-PBS<br><br>**DEFENDANT BRIAN ZAIGER'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE EXHIBITS C AND D TO AMENDED COMPLAINT UNDER SEAL** |

In a naked attempt to keep the public from viewing the webpages criticizing him, Plaintiff has concocted an unsupportable claim to attempt to seal two exhibits to his Amended Complaint. Defendant Brian Zaiger hereby opposes Plaintiff's Motion to File Exhibits C and D to Amended Complaint Under Seal (Dkt. No. 45).

### 1.0 There is No Evidence to Support the Claim that the Exhibits Contain Child Pornography

Plaintiff claims, without evidence, that advertisements appearing on the webpage contain child pornography. Specifically, the Plaintiff references banner advertisements at the bottom of each exhibit for "fuckbook". As provided to Defendant in the course of discovery, those advertisements (the same in each page), contain images of breasts and genitalia. *See* <u>Exhibit 1</u>, Affidavit of Counsel. Five women and one man appear to be visible in the advertisements. *See id*. For two of them, only their genitalia is shown; the rest appear to be young women at least 18 years old. *See id*. Plaintiff does not identify which of the six people he believes is underage. According to Fuckbook.com, "Any actual human beings depicted in images appearing on this website were over the age of 18 years at the time those images were recorded." *See* <u>Exhibit 2</u>, "18 U.S.C.

2257 Record-Keeping Requirements Compliance Notice for Fuckbook", Fuckbook.com.[1] In short, there is no evidence to suggest any of the people in the advertisements are under 18.

In his motion, Plaintiff alleges that "upon information and belief that Defendant Zaiger arranged for this porn site to place advertisements on his website pages referencing pedophilia or the internet shorthand terms, Pedo and/or Pedobear". Motion at p. 2. Plaintiff offers no proof, despite his expertise in web development. According to the proposed First Amended Complaint, Mr. Monsarrat holds a computer science degree from MIT and he operates multiple websites. See 43-1 at ¶¶ 1, 3-5. According to his 2013 press release, he is a "dotcom era icon and Internet expert". See Exhibit 3, "Jon Monsarrat, $160 Million DotCom Icon, to Expose 100 Cyberbullies", 1888PressRelease.com.[2] In fact, Mr. Monsarrat was awarded Patent No. 7,647,351 on Jan. 12, 2010, for "Web Scrape Template Generation", which locates and data types information from web pages. See Exhibit 4, Patent No. 7,647,351.[3] Certainly, Mr. Monsarrat should be expected to have reviewed the HTML code of these webpages and pointed to any scripts or other methods that target advertisements based upon the contents of the pages or keywords. Yet, he offers no evidence of such targeting.

Moreover, if Plaintiff truly believed the images in the advertisements constituted child pornography, his provision of the images to Defendant in the course of discovery violated 18 U.S.C. § 2252, which could have been avoided with redactions. Plaintiff served his answers to the interrogatories, with the exhibits,

---

[1] Available at: <https://www.fuckbook.com/en/about/record-keeping-requirements> (last accessed Oct. 19, 2017).

[2] Available at: <https://www.1888pressrelease.com/johnny-monsarrat/jonathan-monsarrat/jon-monsarrat-160-million-dotcom-icon-to-expose-100-cyber-pr-470259.html> (last accessed Oct. 19, 2017).

[3] Available at: <https://patentimages.storage.googleapis.com/cb/d9/0d/f06a0cc33d5045/US7647351.pdf> (last accessed Oct. 19, 2017).

without any warning they might contain child pornography.  See, Exhibit 1.  And Plaintiff has possessed these images for five years.[4]  But neither Plaintiff nor his counsel have confessed to any such crime and the argument is disingenuous.

Notably, Plaintiff has not even yet manually filed the unredacted documents for the Court to come to its own decision.[5]  However, in reviewing the images, the Court should take care to consider that in pornography, even the U.S. Supreme Court recognized that "a person over the statutory age who perhaps looked younger could be utilized" and that "[t]his is not merely a hypothetical possibility."  *New York v. Ferber*, 458 U.S. 747, 763 and n.16, 102 S. Ct. 3348, 3357 (1982).  There is no evidence it is child pornography and Plaintiff does not truly believe it is.

## 2.0 Exhibits to an Amended Complaint are Judicial Documents and Should Not be Sealed

There is a "presumption of public access to judicial records' under the common law."  *United States v. Connolly (In re Boston Herald, Inc.)*, 321 F.3d 174, 189 (1st Cir. 2003) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978)); *see id*. at 180 ("Both the constitutional and the common law rights of access have applied only to judicial documents.") (citing *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 495 (1st Cir. 1992)).  The First

---

[4]  According to his interrogatory responses, Exhibit C to the putative amended complaint and to the interrogatory responses was dated October 22, 2012.  See Exhibit 5, Interrogatory Responses, at Response to Interrogatory 4. To avoid unnecessary motion practice regarding the exhibits to the interrogatory responses, Defendant is submitting redacted versions of Exhibits C and D thereto.

Based on this admission, Defendant will be bringing a dispositive motion to dismiss the claims under the 3-year statute of limitations.  *See* 17 U.S.C. § 507(b).

[5]  Counsel for Plaintiff represented that he would bring them to a hearing on the motion.  See, Exhibit 1.  Plaintiff is not entitled to a hearing automatically, and one should not be scheduled simply so that the Court might be presented with the unredacted exhibits.

Circuit "has often used a definition of judicial record 'which refers to materials on which a court relies in determining the litigants' substantive rights.'" *Id*. at 189 (citing *In re Providence Journal*, 293 F.3d 1, 16 (1st Cir. 2002)). *Cf. United States v. Amodeo*, 44 F.3d 141, 145 n.9 (2d Cir. 1995) ("Amodeo I") ("We think that the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

As part of the putative amended complaint, it is a judicial document. As one court put it "[a] complaint is the quintessential judicial document. A complaint is the invocation of the power of one branch of government to resolve an otherwise-private dispute. Complaints play a role in every civil adjudication in federal court, and the filing of a complaint, even a complaint dismissed immediately and without prejudice, may substantively affect the parties' rights." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-CV-6867 (VEC), 2016 U.S. Dist. LEXIS 35385, at *24 (S.D.N.Y. Jan. 12, 2016). Thus, there is a presumption of access.

Although Plaintiff obliquely references his undesired reputation as pursuing underage women, that is insufficient to deny access. As the court in *Brown & Williamson Tobacco Co. v. FTC*, 710 F.2d 1165 (6th Cir. 1983) observed:

> simply showing that the information would harm the [Plaintiff's] reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records.

*Id*. at 1179. Under the common law approach, sealing is not warranted. *See Boston Herald*, 321 F.3d at 204 (Lipez, J., dissenting) ("Application of the common law presumption of access imposes a heavy burden on the party seeking to seal judicial documents.").

Similarly, there is a First Amendment right of public access. The proper approach "to determine if a constitutional right of access applies to particular documents" is:

> First, we look at whether materials like these . . . documents have been open to the public in the past, "because a tradition of accessibility implies the favorable judgment of experience." Second, we ask "whether public access plays a significant positive role in the functioning of the particular process in question."

*Boston Herald*, 321 F.3d at 182 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, 92 L. Ed. 2d 1, 106 S. Ct. 2735 (1986) ("*Press-Enterprise II*")). Complaints have traditionally been open to the public and public access, knowing what the Court is called on to adjudicate, plays a significant positive role.

That Plaintiff cannot overcome the common law presumption of access dooms his ability to overcome the First Amendment right. *See Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 198 n. 13 (3d Cir. 2001) ("The First Amendment right of access requires a much higher showing than the common law right of access before a judicial proceeding can be sealed."). "A court could meet the stringent 'First Amendment standard for sealing documents only by articulating an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Boston Herald*, 321 F.3d at 182 (quoting *In re Providence Journal Co.*, 293 F.3d 1, 11 (1st Cir. 2002)). A desire to avoid embarrassment is insufficient. *Cf. Boston Herald*, 321 F.3d at 206 (Lipez, J., dissenting) ("Under well-established precedent, a defendant's privacy interests alone cannot preclude the attachment of a public right of access to judicial documents in the first instance."); *In re Analytical Sys., Inc.*, 83 B.R. 833, 836 (Bankr. N.D. Ga. 1987) ("The federal courts have uniformly held that [embarrassment] is not a sufficient basis to justify sealing court records in the face of the express and important policy of public access to court records.")

Although images of child pornography are typically permitted to be filed under seal, Defendant is aware of no such presumption for images of adults, no matter how young they look.  Defendant has no interest in specifically placing pornographic imagery on the docket, but if the common law and First Amendment rights of access are to function properly, it is imperative that Plaintiff's allegations be placed on full display so that the public may understand the full nature of the allegations against Defendant.  The individuals in the images have no privacy interest in them — to the contrary, they appear to be commercial in nature.  However, even if there is a proper basis for sealing the images, the remainder of the exhibits should be filed on the public docket in redacted form, as Defendant has done here.

Ordinarily, documents containing sensitive information are published on the public docket in redacted form. *See, e.g., United States v. Zhen Zhou Wu*, No. 08-10386-PBS, 2010 U.S. Dist. LEXIS 18405, at *7-8 (D. Mass. Mar. 2, 2010) (Saris, J.); *see also* Fed. R. Civ. P. 5.2(d) and U.S. District Court, District of Massachusetts, CM/ECF Administrative Procedures at § S (July 2011).  The motion to seal is an excuse to keep the criticism from public view.  Such is impermissible.

### 3.0　Conclusion

There is no basis to believe the advertisements are child pornography, and the allegation appears to be nothing more than an attempt to disparage Defendant as Plaintiff believes he has been wrongly disparaged.  Such is inappropriate.  There is a common law and First Amendment right of access to the exhibits to an amended complaint, a judicial document.  Thus, the motion to file the exhibits under seal should be denied.

Dated: October 20, 2017.    Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman (BBO# 666053)
R���������� L����� G����, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

Marc J. Randazza (BBO# 651477)
R���������� L����� G����, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant,*
*Brian Zaiger*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 20, 2017.

/s/ Jay M. Wolman
Jay M. Wolman