UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN MONSARRAT, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> BRIAN ZAIGER dba ) <br> ENCYCLOPEDIADRAMATICA.SE, ) <br> ) <br> *Defendant*. ) | CIVIL ACTION NO. 17-cv-10356-PBS <br><br> *Pursuant to Leave granted October 23, 2017* |

**PLAINTIFF'S REPLY TO BRIAN ZAIGER'S OPPOSITION TO PLAINTIFFS' OCTOBER 18, 2017 MOTION TO FILE EXHIBITS C AND D TO <u>AMENDED COMPLAINT UNDER SEAL</u>**

1. *The jonmon page in its entirety constitutes "collateral speech" "accompanying" or "promoting" child pornography and therefore is "categorically excluded from First Amendment protection;" that the images standing alone may not necessarily constitute child pornography is beside the point.*

In his opposition Zaiger, the owner of the Encyclopedia Dramatica website and administrator in charge of the website's advertising, argues "[t]here is no evidence it [the jonmon page] is child pornography," Paper 47 at 3, and even if it is, without attempting to distinguish Plaintiff's citation of *U.S. v. Williams*, 553 U.S. 285 (2008), Zaiger insists the First Amendment mandates that these "exhibits should be filed on the public docket" with just the images redacted. *Id*. at 3-6.[1]

---

[1] Zaiger's unilateral, purported self-adjudication of the issue before the Court and his brazen, improper filing of redacted Exhibits C and D, Paper 47-5, into the public record before the Court's rules on Plaintiff's motion to seal those exhibits in their entirety is the subject of Plaintiff's motion to strike of even date.

But "collateral speech," those "neighboring words" on the internet "that introduce," "promote," "advertise," or that constitute "the act of recommending purported child pornography to another person for his acquisition," "are categorically excluded from First Amendment protection." *U.S. v. Williams*, 553 U.S. at 294-95, 297-98.

Here it is the entire jonmon page that constitutes the baiting and the lure along with the F__kBook advertisement that targets potential visitors to that porn site who are interested in sexual exploitation of young girls that constitutes the evidence of child pornography which should be filed under seal.

a. *The images.*

Upon its examination of Exhibits C and D the Court should rule that a reasonable jury would be warranted in determining that no less than three of the five images in the advertisement depict young females engaged in sexually explicit conduct:[2]

- one naked, apparently screaming, young female who appears to be on her hands and knees with a partially visible person behind her;

- one young female with no visible clothing performing fellatio on a visibly erect penis; and,

- one naked young, apparently prepubescent female, whose only visible clothing, a thong, is being pulled away by a partially visible hand.

See, e.g., *U.S. v. Silva*, 794 F.3d 173, 182-84 (1st Cir. 2015). See 18 U.S.C.§2256 (definitions).

b. *The website and unlawful speech accompanying the images.*

According to Wikipedia, Zaiger's website features "offensive, unsourced …["shocking"] articles glorifying extreme racism and sexism… with extensive use of shock-

---

[2] The other two images are of a naked young female holding something in her left hand and a young looking female with partially covered breasts.

value prose, drawings [and] photographs… ".  See Paper, 43-1, Proposed Amended Complaint, ¶¶ 6-10, 17, 20.  The entire jonmon page with references to the internet pedophilia slang terms, "pedo" and "pedobear," sexual exploitation of "16 year old girls" and its use of the pedobear image known on the internet as bait used to lure children to be molested  cannot be separated from the advertisement itself.  *Id.* The entire page constitutes collateral speech "categorically excluded from First Amendment protection." *U.S. v. Williams*, 553 U.S. at 297-98.

The entire jonmon page should be sealed because it is only the <u>entire </u>webpage, <u>on this website</u>, that inexorably leads a reasonable person to conclude the <u>entire</u> page is promoting child pornography. 18 U.S.C.§2256(2)(B)(8) and (9) (it is child pornography where "an ordinary person … would conclude that the depiction is of an actual minor engaged in sexually explicit conduct."). Cf. *U.S. v. Silva,* 794 F. 3d at 183 (jury saw "actual [web] pages" when the defendant "placed his orders" for the child pornography); *U.S. v Anzalone*, 208 F. Supp. 3d 358 (D. Mass. 2016) (website page along with images provides probable cause for search warrant).

> 2. *That Exhibits C and D are filed under seal will be  no impediment to adjudication of whether Zaiger's alleged unauthorized copying of Plaintiff's June 2000 MIT mascot photograph constitutes direct infringement and/or whether his website's display of that photo constitutes secondary infringement.[3]*

 The advertisement cannot be separated from the entire page for any determination of Zaiger's purported fair use defense. Should Zaiger get past summary judgment, that exhibits C and D to the amended complaint are sealed is no impediment to their evidentiary use at trial.

> 3. *Zaiger's misleadingly contends the F__kBook Policy statement demonstrates "there is no evidence to suggest any of the people in the advertisements are under 18."*

---

[3] In his First Amended complaint Plaintiff sues solely for infringement of his copyrighted June 2000 MIT mascot photograph. In that "selfie" Plaintiff posed in the MIT beaver mascot costume along with two very young girls and a male believed to be their father. In the unauthorized alteration of that copyrighted photograph, the MIT mascot has been photoshopped into a "pedobear" with a caption stating that the photo "reveals" Plaintiff's "core problem."

2

Zaiger's contention, Paper 47 at 2, is not supported by the proffered exhibit. This is a purported compliance statement of the F__kBook website pursuant to 18 U.S.C. §2257 which requires pornography "producers" to authenticate that their performers are not minors. See *U.S. v Henry*, 827 F. 3d 16, 24 n.5 (1st Cir. 2016). But the operators of this porn site state they are not "producers" and to the extent they may be deemed "producers" they purport to be exempt from the authentication required by the statute.

WHEREFORE   Plaintiff requests the Court to Order that Exhibits C and D to the Proposed Amended Complaint be filed under seal, and for the same to remain under seal until further order of the Court.

DATED: October 23, 2017

Respectfully submitted,

JONATHAN MONSARRAT,

Plaintiff,

By his attorney,

*ss/  Richard A. Goren*____
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on October 23, 2017.

*/s/Richard A. Goren*