UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | CIVIL ACTION NO. 17-cv-10356-PBS |
| v. ) | |
| ) | |
| BRIAN ZAIGER dba ) | **PLAINTIFF'S EMERGENCYMOTION TO STRIKE** |
| ENCYCLOPEDIADRAMATICA.SE, ) | |
| ) | |
| *Defendant*. ) | |

Pursuant to Rule 12 (f) Plaintiff Jonathan Monsarrat files this emergency motion for an Order striking pages 23 through 32 of Defendant Brian Zaiger's October 20, 2017 Exhibit 5, Document 47-5, as an impertinent flaunting of the Court's authority as well as a gratuitous attack on the morals of the Plaintiff. The affidavit of Plaintiff's counsel, Richard A. Goren, ("Goren Aff.") is filed in support.

On October 18, 2017, the Plaintiff filed a motion to amend appending thereto his proposed amended complaint. Doc. 43, 43-1 and 44. As he explained to the Defendant Zaiger and the Court, Plaintiff's proposed amended complaint sues for infringement of his copyrighted June 2000 MIT mascot photograph.

> Specifically the proposed amended complaint alleges that Zaiger has used Plaintiff's copyrighted June 2000 MIT mascot photograph that had been altered to maliciously and falsely label him as a pedophile who preys on underage girls for commercial purposes including without limitation to sell advertising space to a porn site, F—ckbook.com, featuring the visual pornographic images of five naked females of the ad, and upon information and belief the linked videos, featured three very young looking females.

Doc. 44 at 2-3.  The Plaintiff informed the Defendant Zaiger that he would concurrently move to file Exhibits C and D to the proposed amendment under seal in order "[t]o avoid publishing in the public record what may well constitute child pornography." *Id.* at 3.

Plaintiff concurrently filed a separate motion, with included memorandum, to file Exhibits C and D to the Amended Complaint under seal. Doc. 45.  The three page motion specifically seeks an Order that <u>the entire</u> Encyclopedia Dramatica "jonmon" page including among other things its references to the internet pedophilia slang terms, "pedo" and "pedobear," sexual exploitation of "young girls" and its use of the pedobear image known on the internet as bait used to lure children to be molested **and** the porn site's advertisement featuring images that are, or appear to be, of minors engaging in sexually explicit conduct be filed under seal. Doc. 45 at 2-3 citing 18 U.S.C.§ 2252A and  *U.S. v. Williams*, 553 U.S.  285 (2008). The motion plainly contends the jonmon page in its entirety constitutes "collateral speech" "accompanying" or "promoting" child pornography that is excluded from First  Amendment protection. *U.S. v Williams*, 553 U.S.  at 294-297.

Choosing not to initially oppose the motion to amend, on Friday October 20, 2017 Zaiger opposed the motion to file the entirety of Exhibits C and D under seal. Doc. 47.  In doing so Zaiger contends that the First Amendment mandates that these "exhibits should be filed on the public docket" with just the porn site's advertising images redacted. *Id.* at 3-6.  And, before the Court could even consider the motion, Zaiger took it upon himself to usurp the Court's authority and unilaterally determined he had the right to file in the public record of the case these Exhibits C and D, minus only the images.  Doc. 47-5 at pages 23 through 32.

Pursuant to Rule 12(f) the Court may order stricken from the record material that is impertinent or scandalous.

On Monday October 23, 2017, Plaintiff's counsel informed Zaiger that the filing of Exhibits C and D "before the Court rules on the motion to seal was most improper." Goren Aff. ¶2.  Plaintiff requested that Zaiger

> move to strike from the public record the portion of defendant's paper 47-5, that include the exhibits that are the subject of the motion to seal [or take such action to] see to the removal of the "redacted" exhibits from the public record pending the Court's decision on the motion to seal.

*Id.* But Zaiger refused to take any such action. *Id.*

Defendant's filing in the public record of the case the Exhibits the pending motion seeks to be kept out of the public record is plainly impertinent.  This filing is also an affront to the inherent authority of this Court.

Declining to first address or oppose the motion to amend Zaiger consciously chose to file these scandalous exhibits in the public record which may well be re-published online. See Doc. 43-1, proposed amended complaint, ¶35; Goren Aff. ¶ 3.

Zaiger's actions warrants sanctions.

WHEREFORE, the Plaintiff requests the Court to enter an Order directing the Clerk to IMMEDIATELY strike from the public record of this case portions of Zaiger's October 20, 2017 Exhibit 5, specifically Document 47-5 at pages 23 through 32.  Plaintiff also requests the Court to enter an Order that Zaiger pay Plaintifff's reasonable attorney's fees incurred in connection with this Motion.

DATED: October 23, 2017          Respectfully submitted,

JONATHAN MONSARRAT,
Plaintiff,

By his attorney,

*ss/Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2

I hereby certify that on October 23, 2017, I conferred by email with the defendant's counsel and attempted in good faith to resolve or narrow the issues.

*/s/ Richard A. Goren*

### **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 23, 2017.

*/s/Richard A. Goren*