**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JONATHAN MONSARRAT, <br><br> Plaintiff, <br><br> v. <br><br> GOTPER6067-00001 and DOES 1-5, dba ENCYCLOPEDIADRAMATICA.SE, and BRIAN ZAIGER, <br><br> Defendants. | CIVIL ACTION NO. 1:17-cv-10356-PBS <br><br> **DEFENDANT BRIAN ZAIGER'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE** |

Let us remember what this case is about – Mr. Monsarrat is trying to censor any content that criticizes him. He seeks to do so in this case, globally, by misusing copyright. But, it continues with this "emergency" motion – which he has clearly filed for an improper purpose.

Plaintiff seeks to strike an exhibit consisting of a webpage that was on the Internet for years, and which *he himself filed in public court records when it served him in a prior case*. Monsarrat knowingly misrepresents a portion of the exhibit as "child pornography" as his excuse for seeking to keep this page out of the public record. Despite the fact that the defense is well aware that this claim is false (and knowingly false at that) the defense nevertheless redacted the portion of the exhibits that Plaintiff claims is child pornography. It is patently not child pornography, but that is not relevant. Despite having a motion to file under seal, a reply memorandum, and now a motion to strike, Plaintiff has yet to identify precisely what it is about the rest of the page that should be sealed. He does not

address the common-law right of access nor the First Amendment right of access to judicial documents.[1]

### 1.0 Legal Standard

"Under Rule 12(f), a party may move to strike from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." *Dennison v. LaPointe*, No. 06-40100-FDS, 2006 U.S. Dist. LEXIS 93883, 2006 WL 3827516, at *1 (D. Mass. Dec. 21, 2006) (internal quotation marks and citation omitted). "Motions to strike under Rule 12(f) are generally disfavored." *U.S. S.E.C. v. Nothern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005).

Defendant recognizes that "[m]aterial is 'scandalous' under Rule 12(f) if it improperly casts a derogatory light on someone." *Gauthier v. United States*, No. CIV.A. 4:10-40116, 2011 U.S. Dist. LEXIS 99246, at * (D. Mass. Sept. 2, 2011). However, "offensive material may not be purged from the record where it is relevant to the action." *Id*.

### 2.0 Analysis

The allegedly offensive material is part of the putative First Amended Complaint and it is directly relevant to Defendant's fair use defense. Plaintiff's argument is unsupported by law or evidence, and there is no basis to seal a webpage that was published to the world for nearly a decade.[2] In fact, it is a

---

[1] The right of access to judicial documents under the First Amendment should not be confused with the absence of a First Amendment right to child pornography.

[2] As the Court can see, the bulk of the webpage consists of mockery over his failed efforts to date LiveJournal user "willowfinn" and a recounting of his abuse of a dating website he designed, as originally reported in the Harvard Law Record. *See* Emily Bearg, "Dating service creator accused of harassing students," THE HARVARD LAW RECORD (April 16, 2003), attached as **Exhibit A**, and available at: <http://hlrecord.org/2003/04/dating-service-creator-accused-of-harassing-students/> (last accessed Oct. 23, 2017). Such criticism fully warrants the fair use of the alleged works as criticism, comment, and news reporting. 17 U.S.C. § 107.

RANDAZZA | LEGAL GROUP

portion of what Monsarrat claims is his "copyrighted" work. Oddly, his own work is too "scandalous" to be in the public record in *this case,* but was fine in another case, where it served him. *See Monsarrat v. Filcman, et al.*, Case No. MICV2013-0399-C (Middlesex Cty. Sup. Ct., Mass. Apr. 30, 2013) (First Amended Complaint, Exs. 15 & 16), attached hereto as **Exhibit B**. He cannot put the proverbial genie back in the bottle.³ Such demonstrates that Plaintiff's *modus operandi* is to increase litigation costs, rather than make considered argument.

Nevertheless, nothing in the webpage "lures pedophiles" as Monsarrat tries to argue in order to attempt to inflame the Court. Monsarrat claims that there is a photo of him in a costume, where someone photoshopped a "pedobear" head onto his costume. Monsarrat then claims: "its use of the pedobear image known on the internet as bait used to lure children to be molested."

If the Court is unfamiliar with "pedobear," Wikipedia describes it correctly:

> Pedobear is an Internet meme that became popular through the imageboard 4chan. As the name suggests ("pedo" being short for "pedophile"), it is portrayed as a pedophilic bear. It is a concept used to mock pedophiles or people who have any sexual interest in children or jailbait.

*See* "Pedobear," WIKIPEDIA, attached hereto as **Exhibit C**.⁴

Plaintiff was clearly photoshopped as "Pedobear" to criticize him and his actions (which are a matter of public record), such as when he was accused of

---

³ Defendant recognizes that Plaintiff probably meant to move to seal the material, rather than strike it. For the reasons set forth in this opposition, as well as in his opposition to Plaintiff's prior motion to seal, incorporated herein by reference, sealing is inappropriate as well. There is no reason why, under the common law or First Amendment, the public should not see on the docket in this case the same substance Plaintiff filed in the earlier litigation.

⁴ Available at: <https://en.wikipedia.org/wiki/Pedobear> (last accessed Oct. 23, 2017 at approx. 6:32pm EDT).

providing liquor to underage partygoers at his house.  *See, e.g.*, Alix Roy, "Somerville artist arrested for hosting party where minors found drinking," Boston.com, (Feb. 9, 2010), attached hereto as **Exhibit D**.[5]  It is worth noting that this then appears in close proximity to the description:

> Jon Monsarrat, known as jonmon … and a total idiot the world over, is the world's most sexually desperate man. At the age of 38, he chases 16 year old girls in the hope of curing his virginity.

*See* **Exhibit B**.

If there were ever any doubt about "Pedobear," a news article about *this very case* managed to figure it out.

> Monsarrat is claiming copyright infringement for the Encyclopedia Dramatica article's quotation of some old forum posts and use of a photo of him dressed as a beaver. The image had been manipulated to include a Pedobear, a meme devised to mock internet users who express sexual interest in children. For each of the "literary and visual works," Monsarrat wants $150,000 in damages.

David Gilmour, "The lawsuit that could kill Encyclopedia Dramatica," THE DAILY DOT (July 4, 2017), attached hereto as **Exhibit E**.[6]

Plaintiff's motion is frivolous.  Further, the Plaintiff absolutely has to know this. Pedobear is a ubiquitous joke on the Internet, and Mr. Monsarrat admittedly spends quite a lot of time on the Internet as an entrepreneur developing internet games.  *See* Dkt. No. 43-1 at ¶ 1.  At this point in history, if someone with a Computer Science degree from MIT (like the Plaintiff) claims that he is unaware of what Pedobear is, then he is being less than candid.

---

[5]  Available at: <http://archive.boston.com/yourtown/news/somerville/2010/02/somerville_artist_arrested_for.html> (last accessed Oct. 23, 2017).

[6]  Available at: <https://www.dailydot.com/layer8/encyclopedia-dramatica-copyright-lawsuit/> (last accessed Oct. 23, 2017).

Prior to filing his motion to strike (Dkt. No. 51), Plaintiff requested Defendant's consent thereto. Local Rule 7.1(a)(2) requires the parties to confer on any motion; Plaintiff refused to do so. See **Exhibit F**. Defendant even attempted to show the frivolity, but Plaintiff's counsel refused to discuss it. *Id*. However, Defendant will not further burden the Court with a reciprocal request for fees, as the fees for responding to this ill-advised motion will be included with Defendant's request for fees under the Copyright Act at the conclusion of this case.

Dated: October 23, 2017.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant,*
*Brian Zaiger*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 23, 2017.

/s/ Marc J. Randazza
Marc J. Randazza