# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JONATHAN MONSARRAT,

  Plaintiff,

   v.

BRIAN ZAIGER,

  Defendant.

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
1:17-cv-10356-PBS

### DEFENDANT BRIAN ZAIGER'S

### REPLY MEMORANDUM IN SUPPORT OF

### MOTION TO DISMISS FIRST AMENDED COMPLAINT

*(Leave to File Granted on December 1, 2017)*

Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant,*
*Brian Zaiger*

Defendant Brian Zaiger hereby submits his reply to Plaintiff's Opposition to Motion to Dismiss for Failure to State a Claim (Dkt. No. 65).  Nothing in the opposition shows the claim was timely filed, the items are copyrightable, or that the alleged infringements were anything other than fair use.  The motion to dismiss (Dkt. No. 59) should, therefore, be allowed and this case dismissed with prejudice.

## 1.0    Plaintiff has Effectively Conceded Dismissal is Proper as to All but One Works

Plaintiff's October 25, 2017, First Amended Complaint ("FAC") (Dkt. No. 58) makes claim for infringement, direct or contributory, in six alleged works.  *See* FAC ¶¶ 4-5, 46, and 57-59.  Defendant's motion was addressed to all six works.  *See, generally,* Dkt. Nos. 65 & 66.  Plaintiff's reply is completely silent as to the five works identified in paragraph 5 of the FAC.  Essentially, then, Plaintiff does not oppose dismissal of this action as to those works, thus those five claims should be dismissed, and the Defendant is the "prevailing party" with respect to those five claims.

Plaintiff may claim that the FAC itself dismissed any claim for those five works,[1] but the work identified at paragraph 5(e) of the FAC did not even appear in the original complaint.  See Dkt. No. 1.  And, although Count I and paragraphs 58, 63, & 64 of Count II in the FAC speak only to the beaver photograph identified at FAC ¶ 4, paragraph 59 is in the plural ("infringing materials," "copies"), as is paragraph 61 ("acts"), 62 ("infringing activities"), 63 ("Plaintiff's copyrights").  Similarly, Plaintiff seeks a declaration that Defendant infringed "Plaintiff's registered copyrights" in the plural.  FAC at p. 19.  Thus, the FAC makes claims on behalf of all six allegedly infringed works.

Plaintiff's failure to address Defendant's arguments as to the timeliness, copyrightability, and fair use of the five works in FAC ¶ 5 means that those claims are deemed waived.  *See Lelio v. Marsh*

---

[1]    Notably, withdrawal of some, but not all, claims against a particular defendant is accomplished by a motion to amend.  *Momenta Pharm., Inc. v. Teva Pharm. USA, Inc.*, No. 10-cv-12079-NMG, 2014 U.S. Dist. LEXIS 9649, 2014 WL 298027, at *2 (D. Mass. Jan. 24, 2014) (collecting cases).  Here, Plaintiff's motion for leave to amend (Dkt. Nos. 43 & 44) stated that the FAC was to "focus[ ]" on the Beaver photograph, but did not say the other works were withdrawn.  Dkt. No. 44 at p. 2.  The only explicit withdrawal of claims discussed was deleting reference to the Doe defendants.  Thus, the claims as to the five other works (or at least the four other works identified in the original complaint) have not been withdrawn.

*USA, Inc.*, Civil Action No. 15-10335-MLW, 2017 U.S. Dist. LEXIS 129794, at *25 (D. Mass. June 19, 2017) citing *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 6 (1st Cir. 2010) (by failing to argue with respect to defendant's liability, plaintiffs waived their claim) and *Redondo-Borges v. United States Dep't of Housing and Urban Dev.*, 421 F.3d 1, 6 (1st Cir. 2005) (citation omitted) ("Few principles are more sacrosanct in this circuit than the principle that 'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'").  Thus, dismissal with prejudice as to any claim for infringement, direct or contributory, as to those five works is appropriate.[2]  Further, since Plaintiff forced Defendant to litigate those untenable claims, Defendant is entitled to attorneys' fees with respect to those works.

## 2.0   Plaintiff's Claims Are Time-Barred

Plaintiff does not dispute that he learned of the infringement more than three years before he filed this action.  Instead, he attempts to save his case through the "discovery rule" claiming that he did not know **the name** of the alleged infringer, Defendant Brian Zaiger, until 2017.  *See* Dkt. No. 65 at pp. 13-14.  This is unavailing.

Once more, Plaintiff is silent on the arguments raised by Defendant.  At pages 7-8 of his Memorandum in support of the Motion to Dismiss (Dkt. No. 60, at ECF page nos. 14-15), Defendant cited to cases that demonstrate that concealment of a defendant's identity is insufficient to toll the discovery rule.  *See* Dkt. No. 60, pp. 14-15, citing *Salois v. Dime Savings Bank of New York, FSB*, 128 F.3d 20, 26 (1st Cir 1997); *Martinez Torrado v. Colon Montes*, 779 F. Supp. 668, 671 (D.P.R. 1991); *Spencer v. Doe*, No. 3:10-CV-1801-N-BH, 2011 U.S. Dist. LEXIS 86817, at *10-12 (N.D. Tex. June 2, 2011). Plaintiff's opposition makes no mention of these cases, nor does it provide any that support the novel principle that lack of knowledge of the actual name of the defendant tolls the statute of limitations. Plaintiff admits knowing of the alleged infringement since October 22, 2012, and sending demands in 2013.  *See* Dkt. No. 65 at p. 5.  If he truly did not know Defendant's identity (despite it being publicly available), he could have filed a John Doe suit and sought early discovery or he could have requested

---

[2]   To the extent Plaintiff's arguments as to the Beaver photograph might otherwise apply to the five other works, such arguments otherwise fail as discussed herein.

a subpoena under 17 U.S.C. § 512(h).  No explanation is given for his lack of diligence.  By Plaintiff's logic, he can continue to sit around and wait another five to nine years to sue the Doe defendants he originally named, despite having had the full and fair opportunity to sue them here.  The statute of limitations ran and neither the discovery rule nor equitable tolling save this case.

**3.0      Plaintiff is Not an Author and the Beaver Photograph is Unoriginal**

Plaintiff's opposition confounds the arguments regarding originality and authorship.  Dkt. No. 65 at pp. 8-10.  At the outset, Plaintiff does not dispute that there is no presumption of validity to his copyright due to the late registration.  *Id.* at p. 8.  He simply requests that the Court exercise its discretion under 17 U.S.C. § 410(c) to give the certificate of registration evidentiary weight.  *Id.* However, the only argument in support of originality is a restatement that Plaintiff asked a random passerby to take a snapshot of him with a couple of other people.  There is no discussion of the composition of the photograph.

The photograph is purely utilitarian—it is to show Plaintiff in the costume interacting with random members of the public.  No protectible elements are identified in the FAC.  Being purely utilitarian, it is not copyrightable.  *See Harner v. Wong Corp.*, No. 1:12-cv-00820-KG-ACT, 2013 U.S. Dist. LEXIS 198954, at *17-18 (D.N.M. Oct. 31, 2013); *Custom Dynamics, LLC v. Radiantz LED Lighting, Inc.*, 535 F. Supp. 2d 542, 549 (E.D.N.C. 2008); *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F. Supp. 2d 542, 547 (S.D.N.Y. 2001).  Though Plaintiff may claim to have staged the scene for the photograph to be taken, the scene is not the work.

If Plaintiff is an author, this case would establish the principle that when a group gathers to be in a photo, if someone says "stand here" then **that** is "authorship."  Imagine a large group photo, where multiple people tell others where to stand, where someone tells someone else where to move, there could be as many competing claims to authorship as there are people in the photo.  Fortunately, we do not need to wrestle with such a reality, because the Copyright Act does not abide such an absurd result.

The unknown photographer, without any allegation as to any creative choice, snapped the same photo that any other passerby might have taken – and to the extent that copyright exists at all in

the photo, it belongs to this unidentified photographer – not to a subject.  Although Plaintiff cites to *DeCosta v. CBS*, 520 F.2d 499 (1st Cir. 1975), for the proposition that a photograph of a person in costume is copyrightable, that issue was not actually before the First Circuit.  To the extent the Court considers the position of the Copyright Office, it should also remember that "the Copyright Office will not register … 'a photograph taken by a monkey'." *Naruto v. Slater*, No. 15-cv-04324-WHO, 2016 U.S. Dist. LEXIS 11041, at *10 (N.D. Cal. Jan. 28, 2016) quoting COMPENDIUM OF THE U.S. COPYRIGHT OFFICE PRACTICES § 313.2 (3d ed.).  With all due respect to the photographer, he performed the same function as the monkey Naruto—taking a photograph without any consideration of its meaning.  Thus, the Court may find the Beaver photograph lacks sufficient originality.

Moreover, though Plaintiff says he is "at best a joint author" (Dkt. No. 65 at p. 10), he is in error.  He admits he is not the photographer.  In support of his position, he relies on an 1884 Supreme Court case to suggest he is the author because he essentially put the persons in position.  Dkt. No. 65 at p. 9, citing *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60–61 (1884).  Yet, not a single case in the intervening 133 years has stated that the subjects of a photograph, despite choosing how they should be posed, are joint authors.  Instead, the Supreme Court reshaped authorship in 1989, stating that an author is "the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).  That means, the person who looked through the viewfinder and actually placed the work into a fixed, tangible medium.  Oprah Winfrey tried, and failed, to change the law on this.  And, not even Oprah Winfrey, despite posing herself, could show she was an author of a photograph she did not take. *Natkin v. Winfrey*, 111 F. Supp. 2d 1003, 1011 (N.D. Ill. 2000).  Plaintiff is not an author, let alone a joint one.  If the photograph is copyrightable, it is an orphan work.  As a non-author, Plaintiff's claim must be dismissed.

## 4.0    The Alleged Infringement Qualifies as Fair Use

Plaintiff essentially makes two arguments regarding the fair use defense.  He does not dispute the use was transformative.  He does not dispute that the underlying photograph was factual, rather than creative.  He does not dispute that the amount and substantiality of the portion used was

reasonable in relation to the copying's purpose.  He does not allege an adverse effect on the potential market.  In fact, he chooses not to contest those elements.  Dkt. No. 65 at p. 17.  Thus, they are deemed conceded.

Instead, he characterizes the use as commercial, attempting to tie the transformation of the MIT Beaver costume into the Pedobear character as inducing visitors to click on a pornographic advertisement.  Dkt. No. 65 at pp. 15-16.  Nothing in the FAC, including Exhibits C & D thereto, shows that this photograph, at the very top of the page, somehow induces a visitor to click on an advertisement at the very bottom, rather than, say, all the intervening content or the independent content of the advertisement itself.

However, even if the website generally being ad-supported makes it commercial, the commercial nature of the use is outweighed by its transformativeness.  *See Soc'y of the Holy Transfiguration Monastery v. Gregory*, 685 F. Supp. 2d 217, 227 (D. Mass. 2010) ("the more transformative the new work, the less significant are the factors that weigh against fair use, such as commercial gain.") citing *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579, 114 S. Ct. 1164, 1171 (1994).  There is no dispute it is transformative—Plaintiff admits it was photoshopped and captioned with critical commentary.  The altered work was significantly transformed, thus the one factor Plaintiff contests is less significant, and no other factors weigh against a finding of fair use.  Thus, the infringement claim is ripe for dismissal.

## CONCLUSION

The First Amended Complaint must be dismissed with prejudice.  It is patently time-barred, without reasonable excuse for delayed discovery or tolling.  Plaintiff concedes lack of copyrightability to five works and the lack of originality shows the sixth, the Beaver photograph, is not copyrightable.  He is not an author of that photograph, and the entire webpage, include the transformed photograph, evidences the fair use of the alleged works.  The motion should be allowed and all of the claims dismissed with prejudice.

Dated: December 3, 2017.

Respectfully submitted,

/s/ Marc J. Randazza

Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant,*
*Brian Zaiger*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 3, 2017.

/s/ Marc J. Randazza
Marc J. Randazza