UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 17-cv-10356-PBS |
| ) | |
| v. ) | |
| ) | |
| BRIAN ZAIGER ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FURTHER SUR-REPLY IN SUPPORT OF HIS OPPOSITION TO MOTION TO DISMISS.

Pursuant to Local Rule 7.1(B) (3), while cognizant of the Court's admonition not to do so, Doc. 74 at 15, but having good reason to do so[1] Plaintiff requests leave to file a one plus page sur-reply to demonstrate that the face of the FAC does not satisfy Defendant's burden of proof on his three year statute of limitations affirmative defense; and to urge that any dismissal of the First Amended Complaint should be with leave to amend. The proposed further sur-reply demonstrates that because according to Zaiger his website does not maintain a record of either the IP address or the email address of users who make postings the filing of a John Doe lawsuit could not have provided inquiry notice that it was Zaiger who had copied and then displayed the infringing work on the website.

12/15/17

Denied Patti B Saris

---

[1] In moving to dismiss Zaiger contended that plaintiff's copyright infringement claim had accrued by 2012 and in all events no later than May 11, 2013 when plaintiff had actual knowledge of the posting on the Encyclopedia Dramatica website even if he did not know the identity of this Mantequilla who had copied and publicly displayed the copyrighted photo. Doc. 60 at 6-7. In their briefs the parties focused on the accrual arguments and whether equitable tolling was applicable.