### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

```
_____
                                   )
JONATHAN MONSARRAT,                )
                                   )
                  Plaintiff,       )
                                   )        Civil Action
v.                                 )        No. 17-10356-PBS
                                   )
BRIAN ZAIGER dba                   )
ENCYCLOPEDIADRAMATICA.SE,          )
                                   )
                                   )
                  Defendant.       )
_____)
```

### MEMORANDUM AND ORDER

December 21, 2017

Saris, C.J.

### INTRODUCTION

Plaintiff Jonathan Monsarrat originally sued five unnamed Does for copyright infringement as the alleged operators and owners of Encyclopedia Dramatica -- a website he alleged published five of his copyrighted works. Docket No. 1. That complaint also sued Brian Zaiger ("Defendant"), by name, as the alleged administrator of the website. Docket No. 1 at 5.

After learning through discovery that Defendant was the owner and administrator of Encyclopedia Dramatica, Plaintiff filed an Amended Complaint. Docket No. 58. That complaint is brought solely against Defendant, eliminating the unnamed Does,

and alleges infringement of only one copyright, a June 2000 MIT graduation photograph allegedly published on Encyclopedia Dramatica in an edited form.

For the reasons set forth below, after hearing, the Court **ALLOWS** Defendant's motion to dismiss (Docket No. 59) the Amended Complaint as time-barred.

**FACTUAL BACKGROUND**[1]

## I.   Parties

Plaintiff Jonathan Monsarrat resides in Cambridge, Massachusetts. Plaintiff describes himself as a video game entrepreneur developing a video game that will be marketed to young people. He holds an undergraduate degree in Electrical Engineering and Computer Science from the Massachusetts Institute of Technology ("MIT"), as well as a Master's Degree in Business Administration from its Sloan School of Management.

Defendant Brian Zaiger is an individual residing in Beverly, Massachusetts. Defendant is alleged to be the administrator and owner of the website Encyclopedia Dramatica. Plaintiff describes Encyclopedia Dramatica as similar in form to Wikipedia, hosting offensive and unsourced articles catering to

---

[1]    The facts are taken from the Plaintiff's Amended Complaint, Docket No. 58, and attachments thereto as the Court must accept the factual allegations in the complaint as true at this stage. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

the "trolling" culture of the internet. Plaintiff alleges that
Defendant occasionally has made postings on Encyclopedia
Dramatica using various usernames, including "Mantequilla."

## II.   **The Photograph**

The Amended Complaint revolves around a single photograph.
Plaintiff attended the June 2, 2000 MIT graduation in an MIT
mascot costume. Plaintiff flagged down an unknown passerby,
handed him a camera, and asked him to take a photograph of
Plaintiff. Plaintiff posed with a man and two young girls, whom
Plaintiff believes to be the man's daughters. After taking the
photograph, the unknown passerby returned the camera to
Plaintiff. A copy of the June 2, 2000 photograph ("graduation
photograph") is included as an exhibit to the Amended Complaint.
Docket No. 58, Ex. A. That same month, Plaintiff published the
graduation photograph on his personal MIT student webpage.
Eleven years later, on February 15, 2011, Plaintiff registered a
copyright of the photograph.

Plaintiff alleges that in or about 2008, an anonymous
Encyclopedia Dramatica user first created a page about Jonathan
Monsarrat. Included in that entry was a digitally altered
version of the graduation photograph -- the letters on the
mascot's shirt had been changed from "MIT" to "PDB," and the
mascot had been changed from a beaver into a bear. Plaintiff
alleges the changes to the graduation photograph were made to

3

associate Plaintiff with "Pedobear" -- described as an internet meme of a pedophilic bear. Plaintiff alleges that "[t]he bear image has been likened to bait used to lure children or as a mascot for pedophiles." Docket No. 58 ¶ 8 (internal quotation omitted). At the bottom of the altered graduation photograph was the caption: "Jonmon suits up to express his inner self." Docket No. 58 ¶ 7.

Plaintiff alleges that on January 19, 2011, he served Encyclopedia Dramatica's registered agent with a takedown notice asserting copyright infringement. On February 6, 2011, the legal department of Encyclopedia Dramatica allegedly responded to Plaintiff that it had received a Digital Millennium Copyright Act ("DMCA") "counter notification," and that "if Plaintiff gave notice that he filed an action to restrain the alleged infringement, Encyclopedia Dramatica would not permit the original poster to 'restore' the allegedly infringing works pending outcome of the lawsuit." Docket No. 58 ¶ 12.

On February 15, 2011, Plaintiff registered a copyright for the unaltered graduation photograph. Plaintiff alleges that, on some date after October 31, 2011, the Encyclopedia Dramatica page about Plaintiff was taken down. On approximately March 19, 2012, the entire website was shut down. Later that year, the website resurfaced under a new country domain. Plaintiff alleges that Defendant "caused or directed the re-creation of the []

website by copying one or more versions of the prior
Encyclopedia Dramatica content from an Internet archive; and at
[his] discretion or authorization the October 31, 2011
Encyclopedia Dramatica page [about Plaintiff] was copied and
reposted" on the reconstituted website. Docket No. 58 ¶ 19.

Plaintiff alleges that from and after March 2012 Defendant
has infringed on Plaintiff's copyrighted MIT graduation photo --
in its photoshopped form -- for commercial purposes. Docket No.
58 ¶ 20. Plaintiff also alleges Zaiger has used different
anonymous acronyms to conceal his identity as owner of the
Encyclopedia Dramatica website. Docket No. 58 ¶ 25. Plaintiff
further alleges that in January 2013 he sent a DMCA takedown
notice regarding the MIT graduation photograph to Defendant's
then domain registrar. Docket No. 58 at 10. In May 2013,
Plaintiff alleges he sent a similar takedown demand to
Defendant's then Romanian agent. Docket No. 58 ¶ 27.

Plaintiff alleges that Cloudflare, Inc., a Delaware
corporation, has been the registered Internet Protocol ("IP")
address for the Encyclopedia Dramatica website. Docket No. 58 at
¶¶ 30-34. On November 9, 2016, Plaintiff served a DMCA takedown
request on Cloudflare, which Plaintiff alleges provides "a so-
called 'pass-through security service' that acts as a
'middleman' that sits between Zaiger's website and the users who
interact with it." Docket No. 58 ¶ 31. On February 7, 2017,

Cloudflare's Legal Team informed Plaintiff that, "as a reverse proxy, pass-through security service and a content distribution network (CDN) . . . [that Cloudflare] is not a hosting provider . . . [and does] not have access to our customer's [Encyclopedia Dramatica's] content." Docket No. 58 ¶ 34.

Plaintiff filed this action on March 2, 2017. Docket No. 1. On or about March 22, 2017, Plaintiff alleges Defendant "moved the country registration for the Encyclopedia Dramatica website to Serbia." Docket No. 58 ¶ 37. On April 19, 2017, the user "Mantequilla" took down the Jonmon Encyclopedia Dramatica page. Docket No. 58 ¶ 38. On April 24, 2017, at 9:45 AM, Defendant was served with the summons and complaint in this action. Docket No. 58 ¶ 40. Fifteen minutes later, the administrator of the website, "upon information and belief either [Defendant] or his employee Sibin Grašić emailed Plaintiff's counsel that 'the page was removed.'" Docket No. 58 ¶ 40. At 11:19 AM, Plaintiff's counsel emailed Defendant seeking removal of an image described in the First Amended Complaint as http://encyclopediaddramatica.se/File:Jonmon-pedowheel.jpg and referred to as the "pedowheel image." Docket No. 58 ¶ 40–41. Defendant or his employee replied five minutes later that he "will remove the image." Docket No. ¶ 40. At 11:26 AM the image was removed by user "Abominable Intelligence." That image was

re-uploaded on May 17, 2017 by "Mantequilla," and then removed one minute later by "Mantequilla." Docket No. 58 ¶ 41.

On May 20, 2017, the system administrator for Encyclopedia Dramatica, "upon information and belief as authorized and directed by [Defendant] emailed the Plaintiff's counsel, with copy to [Defendant], that 'we have removed the [Jonmon] article and protected the page . . . [so that] no user can recreate the page. Additionally you have both [Defendant]'s assurance and mine that the article won't be recreated." Docket No. 58 ¶ 42.

## LEGAL STANDARD

### I.  Motion to Dismiss

A Rule 12(b)(6) motion is used to dismiss complaints that do not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113-14 (1st Cir. 2009) (internal quotation omitted). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable

estoppel, dismissal is appropriate." Id. (internal quotation omitted).

In evaluating a Rule 12(b)(6) motion, this Court must accept the factual allegations in the plaintiff's complaint as true, construe reasonable inferences in their favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014). In addition to the complaint, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

## II. Discussion

Under the Copyright Act, no claim for copyright infringement can be brought "unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright claim accrues "when the plaintiff knows or has reason to know of the act which is the basis for the claim." Santa Rosa v. Combo Records, 471 F.3d 224, 227 (1st Cir. 2006). However, "[t]his date of accrual is not always determined mechanically; in certain circumstances, accrual contemplates application of the so-called discovery rule." Warren Freedenfeld Assocs., Inc. v.

McTigue, 531 F.3d 38, 44 (1st Cir. 2008) (citing Cambridge
Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. &
Co., 510 F.3d 77, 81 (1st Cir. 2007)). "Under the aegis of this
rule, a claim accrues only when a plaintiff knows or has
sufficient reason to know of the conduct upon which the claim is
grounded." Warren, 531 F.3d at 44 (emphasis added) (citing
Santa-Rosa, 471 F.3d at 227). The attachments to the Amended
Complaint show Plaintiff knew of the conduct in question more
than three years before filing this lawsuit. Even if Plaintiff
did not know, "[i]n the absence of actual knowledge . . . the
question becomes when a reasonably prudent person in the
plaintiff's shoes would have discovered (that is, would have
acquired an awareness of) the putative infringement." Warren,
531 F.3d at 44 (citing cases). "[D]etermining when a reasonable
person would have become aware of a copyright infringement is a
fact-sensitive enterprise." Id.

    The Amended Complaint alleges that "[f]or some unknown
periods of time from and after approximately March 2012,
Defendant has used Plaintiff's copyrighted June 2000 MIT mascot
photograph that had been altered . . . " on Defendant's website.
Docket No. 58 at ¶ 49. Plaintiff's attached screenshot of the
alleged infringement from the website is dated May 11, 2013.
Docket No. 58, Ex. D. Plaintiff thus knew "of the act which is
the basis for the claim," Santa Rosa, 471 F.3d at 227, -- the

altered publication of his copyrighted image -- more than three years before Plaintiff filed his original complaint on March 2, 2017.

Plaintiff advances the argument that accrual does not actually occur until the aggrieved party knows the identity of the infringer. Docket No. 65 at 13-14. However, Plaintiff cites no case for this proposition. Indeed, suits against unknown parties are common. Plaintiff himself filed one in this very matter.

Therefore, Plaintiff's copyright infringement claim is time-barred, at least as of May 11, 2016.

## ORDER

The motion to dismiss is **ALLOWED** (Docket No. 59).[2] Defendant's counterclaim under 17 U.S.C. § 512(f) remains. The parties shall jointly file a proposed scheduling order within fourteen days of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

---

[2] The Court need not reach Defendant's alternative grounds for dismissal, see Docket No. 60 at 8-20, and declines to do so at this time.