# EXHIBIT 1

Zaiger's First Set of Requests
for Production of Documents to
Plaintiff Jonathan Monsarrat

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MONSARRAT,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ZAIGER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:17-cv-10356-PBS<br><br>**DEFENDANT BRIAN ZAIGER'S FIRST<br>SET OF REQUESTS FOR PRODUCTION<br>OF DOCUMENTS TO PLAINTIFF<br>JONATHAN MONSARRAT** |

Defendant Brian Zaiger hereby submits the following First Set of Requests for Production of Documents to Plaintiff Jonathan Monsarrat ("Plaintiff" or "Monsarrat") pursuant to Federal Rule of Civil Procedure 34.  It is requested that You produce and permit inspection and copying of the documents described below.  Plaintiff shall serve his written reply to these requests within 30 days of the date of service thereof.  The place of production shall be the offices of Plaintiff's counsel, Randazza Legal Group, PLLC, 4035 S. El Capitan Way, Las Vegas, NV 89147, or at a location mutually agreed upon by the parties.  The following is the designation of documents and/or tangible things to be produced for inspection:

## DEFINITIONS[1]

1.       "Documents" refers to all written, printed, recorded or graphic matter, photographic matter, sound reproductions or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, digitally, or otherwise) and any other data compilation from which information can be obtained or translated, if necessary, by the respondent into reasonably useful form from whatever source derived and however and by whomever

---

[1]     These definitions shall not be construed to limit the definitions set forth in D. Mass. L. R. 26.5(c).

prepared, produced, disseminated, or made; without limiting the generality of the foregoing, the word "Documents" includes correspondence, memoranda, facsimiles, reports, transcripts, notes, diaries, calendars, notebooks, minutes, diagrams, computer printouts, diskettes, CD-ROMs, DVD-ROMs, hard drives, drawings, videos, receipts, videotapes, artwork, exemplars, and any other writings of any nature whatsoever, whether or not divulged to other parties.

2.      "Things" include objects, specimens, samples, products, labels, advertising, promotional materials, packaging, and other items.

3.      "You" or "Your" includes Jonathan Monsarrat, his predecessors-in-interest, and all of its employees, agents, representatives, officers, directors, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, all or any of them.

4.      "Referred to," for the purposes of these requests (except where otherwise defined) includes reviewing, reading, referencing, examining, evaluating, or consulting.

## INSTRUCTIONS

1.      These requests are continuing in nature and include all Documents and information prepared or received by You between the date of receipt of these requests and the date of trial.  Your responses to these requests should be supplemented not later than 30 days prior to any hearing addressing the merits of any parties' claims or defenses.

2.      Documents that, in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form.  Documents responsive to each numbered paragraph are to be grouped by paragraph.  If any portion of a Document is responsive to this request, the entire Document shall be produced.  In order to facilitate review and avoid any possibility of

misinterpretation, place all Documents produced in file folders bearing the number of the paragraph to which they are responsive.

3.  For each Document you contend you are entitled to withhold, identify the Document and state with specificity the reason for the withholding. For any Document withheld under a claim of privilege, state:

    a. the name and title of the author(s);

    b. the name and title of the person(s) to whom a copy of the Document or its contents, or any part thereof, was sent or conveyed or to whom the Document or a copy, or any part thereof, was showed;

    c. its date;

    d. the name and title of the person(s) to whom the Document was addressed;

    e. the number of pages;

    f. a brief description of the subject matter;

    g. the nature of the privilege claimed; and

    h. the paragraph(s) to which the Document is otherwise responsive.

4.  If any Document requested was formerly in the possession, custody, or control of the recipient of these Requests for Production and has been lost or destroyed, the recipient is requested to submit in lieu of each Document a written statement that:

    a. describes in detail the nature of the Document and its contents;

    b. identifies the person who prepared or authorized the Document and, if applicable, the person to whom the Document was sent;

    c. specifies the date upon which the Document was prepared or transmitted (or both); and

    d. specifies, to the extent possible, the date upon which the Document was lost or destroyed, and if destroyed, the conditions of or reasons

for such destruction and the persons requesting and performing the destruction.

If an objection is made to any request herein, all Documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to the production of any portion of a Document, the portion(s) subject to the objection should be produced with the portion(s) objected to redacted and indicated clearly.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

A copy of the alleged literary works and visual materials identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 2**:

A copy of the alleged copyright registrations identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 3**:

All applications for registration of copyright for the alleged literary works and visual materials identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 4**:

All communications with the U.S. Copyright Office regarding the alleged literary works and visual materials identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 5**:

Any and all communications with Hannah Spierman neé Rosenbaum or her agents, counsel, or representatives, from January 1, 2003 to the present.

**REQUEST NO. 6**:

Any and all communications with Hannah Spierman neé Rosenbaum or her agents, counsel, or representatives, from January 1, 2003 to the present.

**REQUEST NO. 7**:

Any and all communications with Nicole DeSario or her agents, counsel, or representatives, from January 1, 2003 to the present.

**REQUEST NO. 8**:

Any and all communications with the person to whom you wrote "you've made me wait too long" and "I am getting impatient" between February and April 2003, inclusive.

**REQUEST NO. 9**:

Any and all communications with "The Harvard Law Record" in 2003.

**REQUEST NO. 10**:

Any and all communications with "The Tech" in 2003.

**REQUEST NO. 11**:

A copy of the source code for the "MIT-Harvard-Wellesley Valentine's Match-Up" service as utilized for February 2003.

**REQUEST NO. 12**:

Any and all communications with participants in the 2003 "MIT-Harvard-Wellesley Valentine's Match-Up" service between February and April 2003, inclusive.

**REQUEST NO. 13**:

An electronic copy of the electronic image of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint, in its native format, including all original metadata and Exif information associated therewith.

**REQUEST NO. 14**:

Documents sufficient to identify the photographer of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

**REQUEST NO. 15**:

Documents sufficient to identify the subjects of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

**REQUEST NO. 16**:

All communications with the photographer of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

**REQUEST NO. 17**:

All communications with the subjects of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

**REQUEST NO. 18**:

Any and all documents sufficient to demonstrate authorship of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint, including any work-for-hire agreements.

**REQUEST NO. 19**:

Any and all documents sufficient to demonstrate an assignment of copyright of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

**REQUEST NO. 20**:

Any and all documents in your possession regarding the bear character, ク マー (Kumā), which is also known as "Pedobear".

**REQUEST NO. 21**:

An electronic copy of the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint, in its native format, including all related metadata.

**REQUEST NO. 22**:

Documents sufficient to identify the person to whom you originally transmitted the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint.

**REQUEST NO. 23**:

All communications with the person to whom you originally transmitted the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint, including all related metadata.

**REQUEST NO. 24**:

Any and all documents sufficient to demonstrate authorship of the entirety of the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint, including work-for-hire agreements.

**REQUEST NO. 25**:

Any and all documents sufficient to evidence an assignment of copyright of any portion of the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint.

**REQUEST NO. 26**:

An electronic copy of the alleged work starting "Hey! Let" and ending "?Ciao, bella!" identified at Paragraph 2(b) of Plaintiff's Verified Complaint, in its

native format, including all related metadata and the "profile" and "two pics" referenced therein.

**REQUEST NO. 27**:

Documents sufficient to identify the person to whom you originally transmitted the alleged work starting "Hey! Let" and ending "?Ciao, bella!" identified at Paragraph 2(b) of Plaintiff's Verified Complaint.

**REQUEST NO. 28**:

Any and all communications with the person to whom you originally transmitted the alleged work starting "Hey! Let" and ending "?Ciao, bella!" identified at Paragraph 2(b) of Plaintiff's Verified Complaint.

**REQUEST NO. 29**:

An electronic copy of the alleged work starting "I'm laughing?" identified at Paragraph 2(c) of Plaintiff's Verified Complaint, in its native format, including all related metadata.

**REQUEST NO. 30**:

Documents sufficient to identify the person to whom you originally transmitted the alleged work starting "I'm laughing?" identified at Paragraph 2(c) of Plaintiff's Verified Complaint.

**REQUEST NO. 31**:

Any and all communications with the person to whom you originally transmitted the alleged work starting "I'm laughing?" identified at Paragraph 2(c) of Plaintiff's Verified Complaint.

**REQUEST NO. 32**:

An electronic copy of the alleged material "Websites of Jonathan Monsarrat." identified at Paragraph 2(e) of Plaintiff's Verified Complaint, in its native format, including all related metadata.

**REQUEST NO. 33**:

Documents sufficient to identify any and all publications of the alleged works identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 34**:

Any and all licenses regarding the alleged works identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 35**:

Documents sufficient to evidence any revenue you received for licensing publication of each of the alleged works identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 36**:

A copy of the "infringing material" as it "appeared" as identified at Paragraph 3 of Plaintiff's Verified Complaint.

**REQUEST NO. 37**:

Any and all documents related to the "takedown notice" as identified at Paragraph 3 of Plaintiff's Verified Complaint, including, but not limited to, a copy thereof and documents demonstrating your efforts to determine whether the alleged infringement constituted fair use.

**REQUEST NO. 38**:

Any and all documents related to the "counter-designation" as identified at Paragraph 3 of Plaintiff's Verified Complaint, including, but not limited to, a copy thereof and documents demonstrating your efforts to determine whether such "counter-designation" had merit.

**REQUEST NO. 39**:

Any and all documents relating to case 1:11-cv-10248-DPW identified in Paragraph 4 of Plaintiff's Verified Complaint, including, but not limited to, exemplars of the works claimed to be infringed, the applications for copyright

RANDAZZA | LEGAL GROUP

registration of such works, exemplars of each alleged infringement, and all documents evidencing damages claimed.

**REQUEST NO. 40**:

Any and all communications with the owner(s), operator(s), agent(s), and/or persons affiliated with the Encyclopedia Dramatica website.

**REQUEST NO. 41**:

Exemplars of the alleged "materials" as "published and/or publicly displayed" as set forth in Paragraph 6 of Plaintiff's Verified Complaint.

**REQUEST NO. 42**:

Any and all documents evidencing Defendant's alleged "reproduction" or "public display" of "Plaintiff's copyrights" as set forth in Paragraph 9 of Plaintiff's Verified Complaint.

**REQUEST NO. 43**:

Any and all documents demonstrating that the alleged reproduction and/or public display was "intentional", "knowing[]", and/or "unauthorized" as set forth in Paragraph 9 of Plaintiff's Verified Complaint.

**REQUEST NO. 44**:

Any and all documents demonstrating that the defendant "knew and/or had reason to know of the direct infringement of Plaintiff's copyrights" as set forth in Paragraph 27 of Plaintiff's Verified Complaint.

**REQUEST NO. 45**:

Any and all documents demonstrating the storage, publication, and/or display of "infringing materials" as set forth in Paragraph 28 of Plaintiff's Verified Complaint.

**REQUEST NO. 46**:

Any and all documents demonstrating that Defendant acted willfully, intentionally, and/or purposefully, as set forth in Paragraph 32 of Plaintiff's Verified Complaint.

**REQUEST NO. 47**:

Any and all documents demonstrating Plaintiff's "actual damages" as set forth in Paragraph 34 of Plaintiff's Verified Complaint.

**REQUEST NO. 48**:

Documents evidencing Plaintiff's costs and attorneys' fees related to this lawsuit.

**REQUEST NO. 49**:

Any and all communications with CloudFlare, as set forth in Paragraph 25 of Plaintiff's Verified Complaint or otherwise.

**REQUEST NO. 50**:

Any and all communications with NationalNet, Inc.

**REQUEST NO. 51**:

Any and all communications with the Charles Hardin identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43, including, but not limited to, any notices, agreements, and/or court process.

**REQUEST NO. 52**:

Any and all documents regarding the Charles Hardin identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43.

**REQUEST NO. 53**:

A copy of the Exhibits identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43.

**REQUEST NO. 54**:

A copy of the "CrazyJohnny posts" identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43

**REQUEST NO. 55**:

Any and all communications with Ron Newman or his counsel.

**REQUEST NO. 56**:

Any and all communications with Deb Filcman, Gatehouse Media, Inc., or their counsel.

**REQUEST NO. 57**:

Any and all documents and communications regarding the "Settlement Agreement and Mutual Release" between you and Hannah Rosenbaum of March 1, 2014.

**REQUEST NO. 58**:

Documents sufficient to identify the date on which Plaintiff became aware of the alleged infringement of the works at issue in this case.

**REQUEST NO. 59**:

Documents sufficient to identify the date Plaintiff published each work identified in Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

**REQUEST NO. 60**:

All documents, if any, evidencing the efforts Plaintiff made to determine whether Defendant's alleged infringement constituted fair use.

**REQUEST NO. 61**:

Any and all documents related to *Jonathan Graves Monsarrat v. Deb Filcman, et al*., filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including, but not limited to, all correspondence with the defendants thereto and/or their representatives, any and all settlement agreements with the defendants thereto.

**REQUEST NO. 62**:

Any and all documents related to the claim for common-law copyright infringement in the matter of *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including, but not limited to, exemplars of the works claimed to be infringed, the applications for copyright registration of such works, exemplars of each alleged infringement, and all documents evidencing damages claimed, including the $1,000.00 in hospital expenses, $100,000.00 in lost wages and compensation, $250,000.00 in reasonably anticipated lost wages, and $140,000.00 of other items of alleged damage.

**REQUEST NO. 63**:

Any and all correspondence to any person, with the exception of your own attorneys, including, but not limited to, demand letters, notices, and/or court process, regarding Encyclopedia Dramatica.

**REQUEST NO. 64**:

Any and all correspondence to any person, with the exception of your own attorneys, including, but not limited to, demand letters, notices, and/or court process, regarding criticism of you appearing on the internet.

**REQUEST NO. 65**:

Any and all documents and correspondence relating to Plaintiff's claim of "harassment", as represented at the July 18, 2017 Scheduling Conference.

**REQUEST NO. 66**:

Documents sufficient to identify the "unique value of the copyrighted works" as set forth in Part I(A) of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 67**:

Documents sufficient to identify the "ownership of copyrights" as set forth in Part I(A) of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 68**:

All documents identified in Part II of Plaintiff's August 1, 2017 Initial Disclosures as "communications to/from ED, Zaiger, ED administrators, ED hosting services, ED Internet Service providers and domain registrars; copies of postings on ED; some of the 2011 lawsuit papers with Hannah Rosenbaum; affidavit of Hannah Rosenbaum and related papers; some papers from of [sic] the 2013 lawsuit referenced by Zaiger" to the extent not previously provided.

**REQUEST NO. 69**:

A copy of Plaintiff's "litigation request" identified in Part II of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 70**:

Copies of the "certified copies of the plaintiff's applications for registration and registrations for each of the five registered copyrights" identified in Part II of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 71**:

Any and all documents regarding damage to Plaintiff's reputation identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 72**:

Any and all documents regarding impairment of Plaintiff's ability to raise capital identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 73**:

Any and all documents regarding licensing fees identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 74**:

A copy of Plaintiff's homeowner's and/or renter's insurance agreement.

**REQUEST NO. 75**:

A copy of any liability insurance policy indemnifying any of Plaintiff's "entrepreneurial ventures" identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

**REQUEST NO. 76**:

Any and all correspondence with any insurance company regarding Defendant's counterclaim in this lawsuit.

**REQUEST NO. 77**:

Any and all documents regarding the "make_you_laugh" profile on the OKCupid website, including, but not limited to, all communications through such website.

**REQUEST NO. 78**:

Any and all documents regarding your modification of one or more electronic highway signs, as set forth at http://www.mit.edu/~jonmon/Photos/Recent/p10.shtml or otherwise, including, but not limited to, photographs thereof, communications about such modification, plans for such modification, research materials you obtained to facilitate such modification, invoices and/or receipts regarding the purchase of equipment to make such modifications.

**REQUEST NO. 79**:

Any and all documents regarding your alleged appearance(s) as the MIT Beaver including, but not limited to, performance agreements, publicity agreements, communications, schedules, payments, and licenses.

**REQUEST NO. 80**:

Any and all documents regarding claims or allegations you pursued one or more girls under the age of 18 years as a romantic partner on or after January 1, 2003.

**REQUEST NO. 81**:

Any and all documents regarding Wheel Questions and/or The Question Wheel, as it does appear or previously did at <wheelquestions.org>, including, but not limited to, all question and answers.

**REQUEST NO. 82**:

Any and all documents regarding your arrest in 2010 and/or the matter of *Commonwealth v. Jonathan G. Monsarrat*, Case No. 1010CR000235, in the Somerville District Court, including, but not limited to, all documents relating to the factual circumstances giving rise to your arrest, police records, court records, pleadings, public statements, and non-privileged communications with the Commonwealth of Massachusetts and/or any other person regarding the arrest and/or prosecution arising from the same.

**REQUEST NO. 83**:

Any and all documents relating to solicitation by you or on your behalf for roommates on the Craigslist.org website.

**REQUEST NO. 84**:

Any and all documents regarding the party giving rise to your 2010 arrest including, but not limited to, posters, invitations, receipts or other documents evidencing the purchase of food, beverages, and/or narcotics, and communications regarding the said party.

**REQUEST NO. 85**:

Any and all documents regarding your residency at the apartment where you were a "temporary guest" at which the party giving rise to your 2010 arrest was held.

**REQUEST NO. 86**:

Any and all documents regarding the individual known as "Trano".

**REQUEST NO. 87**:

Documents sufficient to identify all persons who attended the party giving rise to your 2010 arrest.

**REQUEST NO. 88**:

Documents sufficient to demonstrate the date you became aware of the Encyclopedia Dramatica webpage as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 89**:

A copy of the "cease-and-desist letter" referenced by "thetathx1138" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 90**:

Any and all documents regarding any restraining order, including under G.L. c. 209A, c. 258E, or otherwise, or your violation thereof, referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 91**:

Any and all documents regarding any breaking into computer accounts, referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 92**:

Any and all documents regarding any harassment, referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves*

*Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 93**:

Any and all documents regarding any "less-than-consensual interaction", referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 94**:

Any and all documents regarding the email, referenced and/or quoted by "awfief" as set forth in Paragraph 44 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including the original email in native format (with metadata), copies of emails to which such email replied, copies of replies to such email, copyright registration of such email, documents evidencing the "substantial hit", documents evidencing the renting of your room, documents evidencing any and all grants for a "Wheel Questions" project, documents evidencing paid sponsorships of http://WeirdBostonEvents.org, documents evidencing a "Wheel Questions book".

**REQUEST NO. 95**:

Any and all documents regarding the "photo", referenced by "thetathx1138" as set forth in Paragraph 45 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 96**:

Any and all documents regarding any help for your "blog", referenced by "lost_ligeia" as set forth in Paragraph 45 of the Complaint in *Jonathan Graves*

*Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 97**:

Any and all documents regarding any parties, referenced by "lost_ligeia" as set forth in Paragraph 45 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including communications with "lost_ligeia" regarding same.

**REQUEST NO. 98**:

Any and all documents regarding any "underage kink parties", referenced by "bombardiette" as set forth in Paragraph 46 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 99**:

Any and all documents regarding any "sleeping with underage girlies", referenced by "bombariette" as set forth in Paragraph 47 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 100**:

Any and all documents regarding meeting someone through "kink circles", referenced by "lil_laurel" as set forth in Paragraph 49 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 101**:

Any and all documents regarding the "copyrighted image", used by "bluesauce" as set forth in Paragraph 50 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court,

Middlesex County, Civil Action No. 2013-0399-C, including an electronic copy of the image in native format and copyright registration.

**REQUEST NO. 102**:

Any and all documents regarding your "trying to lure teenage girls", referenced by "contradictacat" as set forth in Paragraph 51 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 103**:

Any and all documents regarding the images and/or photograph and literary work(s) referenced in Paragraphs 59 & 60 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including documents sufficient to show authorship, ownership, copyright registration, and/or licenses thereof, as well as a copy of each image in its original native format with metadata.

**REQUEST NO. 104**:

Any and all documents regarding any medical and/or medicine expenses, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 105**:

Any and all documents regarding any additional advertising and/or marketing, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 106**:

Any and all documents regarding any "multiple apartment evictions" and/or expenses incurred as a result thereof, as set forth in Paragraph 64 of the

RANDAZZA | LEGAL GROUP

Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 107**:

Any and all documents regarding any attorneys' fees and other legal related expenses, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 108**:

Any and all documents regarding any lost business opportunities, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including documents identifying the "business parties", documents evidencing the business opportunities, communications regarding the business opportunities, and documents evidencing the alleged declining to do business and the reasons therefor.

**REQUEST NO. 109**:

Any and all documents regarding the "This Is Me, Atheist" website, and loss of such client, as set forth in Paragraph 89 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 110**:

Any and all documents regarding the "one key contractor", and loss of such contractor, as set forth in Paragraph 90 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 111**:

Any and all documents evidencing how you determined the absence of "fair use or satire" as set forth in Paragraph 108 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al*., filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 112**:

Any and all documents evidencing your alleged "severe emotional distress", including "aggravated existing illness, anxiety, appetite loss, concentration loss, crying, fear, high blood pressure, humiliation or embarrassment, hypertension, illness, irritability, affected job performance, job loss, nightmares, privacy loss, affected relationships, affected reputation, shortness of breath, sleep loss, stress, [and] severe weight gain", as set forth in Paragraph 118 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al*., filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 113**:

Any and all communications with each Doe Defendant in *Jonathan Graves Monsarrat v. Deb Filcman, et al*., filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

**REQUEST NO. 114**:

Any and all documents relating to the website "Midnight Seduction", which appeared at [www.midnightseduction.com](www.midnightseduction.com), including, but not limited to, documents evidencing the identities of the female endorsers thereof.

**REQUEST NO. 115**:

Any and all communications with the Massachusetts Institute of Technology and/or its representatives regarding your use of its computer systems, including website hosting.

**REQUEST NO. 116**:

Any and all documents you plan to use or reasonably expect you may use at trial, whether in your case-in-chief, in defense of the counterclaim, in rebuttal, or for purposes of impeachment.

**REQUEST NO. 117**:

Any and all documents you plan to use or reasonably expect you may use at a deposition in this matter.

**REQUEST NO. 118**:

Any and all documents you plan to provide or reasonably expect you may provide to any and all experts you may engage in this matter.

**REQUEST NO. 119**:

Any and all documents you receive or received in response to any and all subpoenae issued in this matter.

Dated: August 23, 2017.                    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, MA 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant,*
*Brian Zaiger*

- 23 -

Case No. 1:17-cv-10356-PBS

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 23, 2017, I served a true and correct copy of the foregoing document via electronic mail and Federal Express upon counsel listed below:

Richard A. Goren, Esq.
Law Office of Richard Goren
One State Street, Suite 1500
Boston, Massachusetts 02109
<rgoren@richardgorenlaw.com>

*Attorney for Plaintiff,*
*Jonathan Monsarrat*

Respectfully submitted,

_____
Employee,
Randazza Legal Group PLLC