# **EXHIBIT 2**

Zaiger's First Set of Interrogatories to Plaintiff Jonathan Monsarrat

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN ZAIGER,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:17-cv-10356-PBS<br><br>**DEFENDANT BRIAN ZAIGER'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JONATHAN MONSARRAT** |

Defendant Brian Zaiger hereby submits the following First Set of Interrogatories to Plaintiff Jonathan Monsarrat ("Plaintiff" or "Monsarrat") pursuant to Federal Rule of Civil Procedure 33. Plaintiff shall serve his written reply to these requests within 30 days of the date of service thereof. The place of production shall be the offices of Plaintiff's counsel, Randazza Legal Group, PLLC, 4035 S. El Capitan Way, Las Vegas, NV 89147, or at a location mutually agreed upon by the parties.

### **DEFINITIONS**[1]

1. "Documents" refers to all written, printed, recorded or graphic matter, photographic matter, sound reproductions or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, digitally, or otherwise) and any other data compilation from which information can be obtained or translated, if necessary, by the respondent into reasonably useful form from whatever source derived and however and by whomever prepared, produced, disseminated, or made; without limiting the generality of the foregoing, the word "Documents" includes correspondence, memoranda,

---

[1] These definitions shall not be construed to limit the definitions set forth in D. Mass. L. R. 26.5(c).

Case 1:17-cv-10356-PBS   Document 82-2   Filed 01/02/18   Page 3 of 7

facsimiles, reports, transcripts, notes, diaries, calendars, notebooks, minutes, diagrams, computer printouts, diskettes, CD-ROMs, DVD-ROMs, hard drives, drawings, videos, receipts, videotapes, artwork, exemplars, and any other writings of any nature whatsoever, whether or not divulged to other parties.

2. "You" or "Your" includes Jonathan Monsarrat, his predecessors-in-interest, and all of its employees, agents, representatives, officers, directors, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, all or any of them.

## INSTRUCTIONS

1. You must answer each Interrogatory separately and fully in writing under oath, unless it is objected to.

2. If you object to any part of an Interrogatory, You must state the reasons for Your objection and answer to the extent the Interrogatory is not objectionable.

3. Your answers must first set forth each interrogatory asked, followed by Your answer or response.

4. Your answers must be signed by the person making them, and the objections signed by the attorney making them.

5. You must state all grounds for an objection to an Interrogatory with specificity. Any ground not stated in a timely objection is waived unless Your failure to object is excused by the Court for good cause shown.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State the dates that you published each alleged work identified in Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

- 2 -

**INTERROGATORY NO. 2:**

Describe the circumstances surrounding the creation of each alleged work identified in Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint including in your description, but not limited to, the date(s) of creation, the purpose(s) for which each work was created, the identity/ies of the author(s), whether any work was created as a work for hire, and the terms of any such work-for-hire agreement.

**INTERROGATORY NO. 3:**

Identify all licenses in each alleged work identified in Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint granted by Plaintiff to any party including in your identification, but not limited to, the identity/ies of the licensee(s), the term(s) of the license(s), the permitted use(s) under the license(s), restrictions on the license(s), and amount(s) paid by the licensee(s).

**INTERROGATORY NO. 4:**

Describe with specificity each element of actual damages you claim are attributable to Defendant, including in your description, but not limited to, how your reputation was allegedly damaged by Defendant, the means and methods by which you determined your reputation was allegedly damaged by Defendant, the extent to which your reputation was allegedly damaged by Defendant, the entrepreneurial ventures for which you sought to raise capital, the owners and/or persons with equitable interests in such entrepreneurial ventures, the attempts you made to raise such capital, the identities of the persons from whom you attempted to raise such capital, the means and methods by which you determined your ability to raise such capital was impaired, the amount(s) of capital you were unable to raise, the industry/ies relevant to the publication of the alleged works identified in Paragraphs 2(a)-(e) of the Verified Complaint, the standard license fees for the publication of the alleged works identified in

Paragraphs 2(a)-(e) of the Verified Complaint, and the means and methods by which you determined such standard license fees.

**INTERROGATORY NO. 5:**

Describe all communications with third parties regarding each of the alleged works identified in Paragraphs 2(a)-(e) of the Verified Complaint including in your description for each communication, but not limited to, the identity of the third parties, the identity of witnesses to the communication, the date(s) of the communication, whether such communication was oral or written, and a verbatim recitation of the information communicated or as close to thereto as you are able.

**INTERROGATORY NO. 6:**

Identify all enforcement actions taken by Plaintiff with respect to each of the alleged works identified in Paragraphs 2(a)-(e) of the Verified Complaint including, but not limited to, demand letters, cease and desist letters, take down notices, and lawsuits.

**INTERROGATORY NO. 7:**

Describe in detail the circumstances surrounding your discovery of Defendant's alleged infringement and/or secondary infringement of your copyright in each alleged works identified in Paragraphs 2(a)-(e) of the Verified Complaint including in your description, but not limited to, the means by which you became aware of the alleged infringement, the date(s) you first became aware of each alleged act of infringement, the factual basis by which you determined such alleged infringement was willful, and your immediate response(s) to such discovery.

**INTERROGATORY NO. 8:**

Describe in detail each element of your individual creative expression in each of the alleged works identified in Paragraphs 2(a)-(e) of the Verified Complaint that you claim is protected under the Copyright Act.

**INTERROGATORY NO. 9:**

Set forth the factual basis by which you determined Defendant's alleged infringement and/or secondary infringement of each of the alleged works identified in Paragraphs 2(a)-(e) of the Verified Complaint was not fair use, including, but not limited to, the date you made such determination as to each alleged work, your consideration of how each alleged work was transformed, your consideration of the criticism and/or commentary on each alleged work in regard to Defendant's alleged use, the purpose and character of the use of each alleged work, the amount and substantiality of the portion(s) of each alleged work used, and the effect of such alleged use on the potential marked for or value of the alleged works.

Dated: August 23, 2017.                Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, MA 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant,*
*Brian Zaiger*

- 6 -

Case No. 1:17-cv-10356-PBS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 23, 2017, I served a true and correct copy of the foregoing document via electronic mail and Federal Express upon counsel listed below:

Richard A. Goren, Esq.
Law Office of Richard Goren
One State Street, Suite 1500
Boston, Massachusetts 02109
<rgoren@richardgorenlaw.com>

*Attorney for Plaintiff,
Jonathan Monsarrat*

Respectfully submitted,

/s/ Tim Bothell

Employee,
Randazza Legal Group PLLC