# EXHIBIT 4

Monsarrat's Responses to Zaiger's
Requests for Production

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 17-cv-10356-PBS |
| | ) |
| BRIAN ZAIGER dba | ) |
| ENCYCLOPEDIADRAMATICA.SE, | ) |
| | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S AUGUST 23, 2017 REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34 and L.R. 34.1 Plaintiff hereby responds to Defendant's

August 23, 2017 Request for Production.

**REQUEST NO. 1:**

A copy of the alleged literary works and visual materials identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

RESPONSE:  Plaintiff proposed to Defendant that they split the cost of obtaining certified copies from the US Copyright Office of the five registrations and applications for the five registrations. Plaintiff's counsel awaits an answer from Defendant's counsel as to such costs estimated by the US Copyright Office to be approximately $4,000.00. See Plaintiff's responses to Defendant's Interrogatories 1, 2, 3; Plaintiff is the author of each literary work and Plaintiff is the photographer of the relevant photographs.

To the extent not previously produced, to be produced.

**REQUEST NO. 2:**

A copy of the alleged copyright registrations identified at Paragraphs 2(a)- (e) of Plaintiff's Verified Complaint.

RESPONSE: See Response to Request No. 1

**REQUEST NO. 3:**

All applications for registration of copyright for the alleged literary works and visual materials identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

RESPONSE: See Response to Request No. 1

**REQUEST NO. 4:**

All communications with the U.S. Copyright Office regarding the alleged literary works and visual materials identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

RESPONSE: See Response to Request No. 1

**REQUEST NO. 5:**

Any and all communications with Hannah Spierman neé Rosenbaum or her agents, counsel, or representatives, from January 1, 2003 to the present.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. Plaintiff does not claim copyright for anything authored by Ms. Spierman. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Without waiving such objection, in responding to Defendant's initial automatic disclosures Plaintiff produced what documents he had in his possession.

**REQUEST NO. 6:**

Any and all communications with Hannah Spierman neé Rosenbaum or her agents, counsel, or representatives, from January 1, 2003 to the present.

RESPONSE: See Response to Request NO. 5.

**REQUEST NO. 7:**

Any and all communications with Nicole DeSario or her agents, counsel, or representatives, from January 1, 2003 to the present.

2

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. Plaintiff does not claim copyright for anything authored by Ms. DeSario. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 8:

Any and all communications with the person to whom you wrote "you've made me wait too long" and "I am getting impatient" between February and April 2003, inclusive.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 9:

Any and all communications with "The Harvard Law Record" in 2003.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 10:

Any and all communications with "The Tech" in 2003.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case.

2

considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 11:

A copy of the source code for the "MIT-Harvard-Wellesley Valentine's Match-Up" service as utilized for February 2003.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 12:

Any and all communications with participants in the 2003 "MIT-Harvard- Wellesley Valentine's Match-Up" service between February and April 2003, inclusive.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 13:

An electronic copy of the electronic image of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint, in its native format, including all original metadata and Exif information associated therewith.

RESPONSE: If still in existence to be produced.

## REQUEST NO. 14:

Documents sufficient to identify the photographer of the alleged "Photographic work depicting

A

performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

RESPONSE: See Response to Requests No. 1, 2 and 3. The Plaintiff is the photographer. See Plaintiff's Answers to Defendant's interrogatories and interrogatory Nos. 1, 4.

## REQUEST NO. 15:

Documents sufficient to identify the subjects of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

RESPONSE: The Plaintiff is the individual in the MIT beaver mascot costume. Plaintiff has no documents to identify the male and two very young girls. See Plaintiff's Answers to Defendant's interrogatories and interrogatory Nos. 1, 4.

## REQUEST NO. 16:

All communications with the photographer of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

RESPONSE: The Plaintiff is the photographer.

## REQUEST NO. 17:

All communications with the subjects of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

RESPONSE: See Responses to Requests 15 and 16. See Plaintiff's answer to Defendant's Interrogatory No. 4.

## REQUEST NO. 18:

Any and all documents sufficient to demonstrate authorship of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint, including any work- for-hire agreements.

RESPONSE: The Plaintiff is the photographer. See US Copyright Office Registration No. VAu001058248 dated February 15, 2011. See Plaintiff's Answers to Defendant's interrogatories Nos. 1, 4.

**REQUEST NO. 19:**

Any and all documents sufficient to demonstrate an assignment of copyright of the alleged "Photographic work depicting performer in beaver costume with MIT shirt" identified at Paragraph 2(d) of Plaintiff's Verified Complaint.

RESPONSE: Plaintiff does not claim ownership of the copyright by assignment. He is the photographer and copyright owner of US Copyright Office Registration No. VAu001058248 dated February 15, 2011. See Plaintiff's Answers to Defendant's interrogatories Nos. 1, 3, 4.

**REQUEST NO. 20:**

Any and all documents in your possession regarding the bear character, (Kumā), which is also known as "Pedobear".

RESPONSE: **Objection.** The Plaintiff does not claim any copyright or ownership of this. The bear character at issue was created by some third party by altering or photoshopping Plaintiff's copyrighted photograph of himself wearing the MIT beaver mascot costume.

According to Wikipedia, https://en.wikipedia.org/wiki/Pedo, the word Pedo is commonly used as slang for "paedophile…; " and Pedobear, https://en.wikipedia.org/wiki/Pedobear, "is an Internet meme that … [a]s the name suggests ("pedo" being short for "pedophile"), it is portrayed as a pedophilic bear. It is a concept used to mock pedophiles or people who have any sexual interest in children or jailbait. The bear image has been likened to bait used to lure children or as a mascot for pedophiles."

**REQUEST NO. 21:**

An electronic copy of the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint, in its native format, including all related metadata.

RESPONSE: If still in existence to be produced. Plaintiff is the author of this Literary work consisting of text sent from account "mitcarpediem" US Copyright Office Registration No. TXu001816801 dated August 16, 2012.

**REQUEST NO. 22:**

Documents sufficient to identify the person to whom you originally transmitted the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint.

RESPONSE: **Objection.** Plaintiff does not claim ownership or copyright in anything written by the original recipient of his Literary work consisting of text sent from account "mitcarpediem" US Copyright Office Registration No. TXu001816801 dated February 15, 2011. The requested information is not relevant to Plaintiff's claims of both direct

and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection, it is possible the identity of this recipient is in documents made available in the initial automatic disclosures. See Plaintiff's answer to Defendant's Interrogatory No. 1 (a).

**REQUEST NO. 23**:

All communications with the person to whom you originally transmitted the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint, including all related metadata.

RESPONSE: Duplicate of Request No. 22.

**REQUEST NO. 24**:

Any and all documents sufficient to demonstrate authorship of the entirety of the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint, including work-for-hire agreements.

RESPONSE: The Plaintiff is the author of Literary work consisting of text sent from account "mitcarpediem" US Copyright Office Registration No. TXu001816801 dated August 16, 2012. There are no work for hire agreements.

**REQUEST NO. 25**:

Any and all documents sufficient to evidence an assignment of copyright of any portion of the alleged "text sent from account 'mitcarpediem'" identified at Paragraph 2(a) of Plaintiff's Verified Complaint.

RESPONSE: The Plaintiff is the author of Literary work consisting of text sent from account "mitcarpediem" US Copyright Office Registration No. TXu001816801 dated August 16, 2012. The Plaintiff is not party to any assignment of any interest in his copyright.

**REQUEST NO. 26**:

An electronic copy of the alleged work starting "Hey! Let" and ending "?Ciao, bella!" identified at Paragraph 2(b) of Plaintiff's Verified Complaint, in its native format, including all related metadata and the "profile" and "two pics" referenced therein.

> RESPONSE: If still in existence to be produced. Plaintiff is the author of this Literary work starting "I'm laughing?" US Copyright Office Registration No. TXu001823216 dated August 16, 2012.

**REQUEST NO. 27:**

Documents sufficient to identify the person to whom you originally transmitted the alleged work starting "Hey! Let" and ending "?Ciao, bella!" identified at Paragraph 2(b) of Plaintiff's Verified Complaint.

> RESPONSE: **Objection.** Plaintiff does not claim ownership or copyright in anything written by the original recipient of his Literary work starting "Hey! Let" and ending "?Ciao, bella!" US Copyright Office Registration No. TXu001823216 dated August 16, 2012.

> The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

> Without waiving said objection, it is possible the identity of this recipient is in documents made available in the initial automatic disclosures. See Plaintiff's answer to Defendant's Interrogatory No. 1(b).

**REQUEST NO. 28:**

Any and all communications with the person to whom you originally transmitted the alleged work starting "Hey! Let" and ending "?Ciao, bella!" identified at Paragraph 2(b) of Plaintiff's Verified Complaint.

> RESPONSE: **Objection.** The requested discovery is overbroad and burdensome and is requested to harass and intimidate the Plaintiff. **Objection.** Plaintiff does not claim ownership or copyright in anything written by the original recipient of his Literary work starting "Hey! Let" and ending "?Ciao, bella!" US Copyright Office Registration No. TXu001816801 dated August 16, 2012.

> The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal

relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection, it is possible there are communications with this recipient in documents made available in the initial automatic disclosures. See Plaintiff's answer to Defendant's Interrogatory No. 1(b).

## REQUEST NO. 29:

An electronic copy of the alleged work starting "I'm laughing?" identified at Paragraph 2(c) of Plaintiff's Verified Complaint, in its native format, including all related metadata.

RESPONSE: If still in existence to be produced. Plaintiff is the author of this Literary work starting "I'm laughing?" US Copyright Office Registration No. TXu001816802 dated February 15, 2011.

## REQUEST NO. 30:

Documents sufficient to identify the person to whom you originally transmitted the alleged work starting "I'm laughing?" identified at Paragraph 2(c) of Plaintiff's Verified Complaint.

RESPONSE: **Objection.** Plaintiff does not claim ownership or copyright in anything written by the original recipient of his Literary work starting "I'm laughing?"     US Copyright Office Registration No. TXu001816802 dated February 15, 2011.

The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection, it is possible the identity of this recipient is in documents made available in the initial automatic disclosures. See Plaintiff's Answer to Interrogatory No. 1(c)

## REQUEST NO. 31:

Any and all communications with the person to whom you originally transmitted the alleged work starting "I'm laughing?" identified at Paragraph 2(c) of Plaintiff's Verified Complaint.

RESPONSE: **Objection**. The requested discovery is not relevant and is requested to harass and intimidate the Plaintiff. **Objection.** Plaintiff does not claim ownership or copyright in anything written by the original recipient of his Literary work starting "I'm laughing?"      US Copyright Office Registration No. TXu001816802 dated February 15, 2011. **Objection.** The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection, it is possible there are communications with this recipient in documents made available in the initial automatic disclosures.

**REQUEST NO. 32**:

An electronic copy of the alleged material "Websites of Jonathan Monsarrat." identified at Paragraph 2(e) of Plaintiff's Verified Complaint, in its native format, including all related metadata.

RESPONSE: If still in existence to be produced. Plaintiff is the photographer/owner of Visual material "Websites of Jonathan Monsarrat." US Copyright Office Registration No.VA0001876289  dated May 20, 2013

**REQUEST NO. 33**:
Documents sufficient to identify any and all publications of the alleged works identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. Without waiving objections, see Plaintiff's answer to Defendant's Interrogatory Nos. 1,2,3, and 4.

**REQUEST NO. 34**:

Any and all licenses regarding the alleged works identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

RESPONSE: Plaintiff has not granted any assignment of any interest in any of his five copyrights. Plaintiff is not party to any written non-exclusive license.

**REQUEST NO. 35**:

Documents sufficient to evidence any revenue you received for licensing publication of each of the alleged works identified at Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

RESPONSE: Plaintiff has not granted any assignment of any interest in any of his five copyrights. Plaintiff is not party to any written non-exclusive license.

**Objection.** Plaintiff does not claim damages from any loss of revenue of licensing rights of any of his five copyrights.

## REQUEST NO. 36:

A copy of the "infringing material" as it "appeared" as identified at Paragraph 3 of Plaintiff's Verified Complaint.

RESPONSE: To be produced. See Exhibits B, C and D to Plaintiff's Answers to Defendant's interrogatories.

## REQUEST NO. 37:

Any and all documents related to the "takedown notice" as identified at Paragraph 3 of Plaintiff's Verified Complaint, including, but not limited to, a copy thereof and documents demonstrating your efforts to determine whether the alleged infringement constituted fair use.

RESPONSE: produced in the initial disclosures.

## REQUEST NO. 38:

Any and all documents related to the "counter-designation" as identified at Paragraph 3 of Plaintiff's Verified Complaint, including, but not limited to, a copy thereof and documents demonstrating your efforts to determine whether such "counter-designation" had merit.

RESPONSE: produced in the initial disclosures. February 6, 2011 email from ED to Plaintiff to be produced.

## REQUEST NO. 39:

Any and all documents relating to case 1:11-cv-10248-DPW identified in Paragraph 4 of Plaintiff's Verified Complaint, including, but not limited to, exemplars of the works claimed to be infringed, the applications for copyright registration of such works, exemplars of each alleged infringement, and all documents evidencing damages claimed.

RESPONSE: **Objection**. The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 40**:

Any and all communications with the owner(s), operator(s), agent(s), and/or persons affiliated with the Encyclopedia Dramatica website.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome **Objection**. The requested information prior to January 2013 is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or other than to Zaiger's assertions of lack of knowledge to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to said objection to be produced. See Plaintiff's answer to Defendant's Interrogatory No. 6.

**REQUEST NO. 41**:

Exemplars of the alleged "materials" as "published and/or publicly displayed" as set forth in Paragraph 6 of Plaintiff's Verified Complaint.

RESPONSE: **Objection**. Unintelligible. If referring to the materials Plaintiff complains of and which will be subject of his amended complaint see Exhibits C and D to Plaintiff's answers to Defendant's interrogatories.

**REQUEST NO. 42**:

Any and all documents evidencing Defendant's alleged "reproduction" or "public display" of "Plaintiff's copyrights" as set forth in Paragraph 9 of Plaintiff's Verified Complaint.

RESPONSE: See Exhibits C and D to Plaintiff's answers to Defendant's interrogatories and upon information and belief Exhibit B thereto.

## REQUEST NO. 43:

Any and all documents demonstrating that the alleged reproduction and/or public display was "intentional", "knowing[]", and/or "unauthorized" as set forth in Paragraph 9 of Plaintiff's Verified Complaint.

RESPONSE: To be produced and supplemented.

## REQUEST NO. 44:

Any and all documents demonstrating that the defendant "knew and/or had reason to know of the direct infringement of Plaintiff's copyrights" as set forth in Paragraph 27 of Plaintiff's Verified Complaint.

RESPONSE: To be produced and supplemented. See also Plaintiff's answers to Defendant's interrogatories 4, 6, and Exhibits B, C, D, and E.

## REQUEST NO. 45:

Any and all documents demonstrating the storage, publication, and/or display of "infringing materials" as set forth in Paragraph 28 of Plaintiff's Verified Complaint.

RESPONSE: To be produced and supplemented. See also Plaintiff's answers to Defendant's interrogatories 4, 6, and Exhibits B, C, and D.

## REQUEST NO. 46:

Any and all documents demonstrating that Defendant acted willfully, intentionally, and/or purposefully, as set forth in Paragraph 32 of Plaintiff's Verified Complaint.

RESPONSE: To be produced and supplemented. See also Plaintiff's answers to Defendant's interrogatories 4, 6, and Exhibits B, C, and D.

## REQUEST NO. 47:

Any and all documents demonstrating Plaintiff's "actual damages" as set forth in Paragraph 34 of Plaintiff's Verified Complaint.

RESPONSE: To be produced and supplemented.

**REQUEST NO. 48**:

Documents evidencing Plaintiff's costs and attorneys' fees related to this lawsuit.

RESPONSE: **Objection**. Prior to Defendant being adjudged liable on the merits for infringement, the requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection**. The requested documents implicate the attorney client privilege. Plaintiff will not produce a privilege log on these documents.

**REQUEST NO. 49**:

Any and all communications with CloudFlare, as set forth in Paragraph 25 of Plaintiff's Verified Complaint or otherwise.

RESPONSE: To be produced.

**REQUEST NO. 50**:

Any and all communications with NationalNet, Inc.

RESPONSE: To be produced.

**REQUEST NO. 51**:

Any and all communications with the Charles Hardin identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43, including, but not limited to, any notices, agreements, and/or court process.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 52**:

Any and all documents regarding the Charles Hardin identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43.

RESPONSE: This is duplicative of Request 51.

## REQUEST NO. 53:

A copy of the Exhibits identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43.

RESPONSE: **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said **objection** Plaintiff has none in his possession.

## REQUEST NO. 54:

A copy of the "CrazyJohnny posts" identified in the Affidavit of Hannah Spierman, produced by Plaintiff bearing Bates No. PL0042-43.

RESPONSE: **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. Plaintiff does not claim any copyright or ownership in this material. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection Plaintiff has none in his possession.

## REQUEST NO. 55:

Any and all communications with Ron Newman or his counsel.

RESPONSE: **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. The 2013 state law action is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. Plaintiff does not claim any copyright or ownership in this material. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance

of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 56:

Any and all communications with Deb Filcman, Gatehouse Media, Inc., or their counsel.

RESPONSE: **Objection**. The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 57:
Any and all documents and communications regarding the "Settlement Agreement and Mutual Release" between you and Hannah Rosenbaum of March 1, 2014.

RESPONSE: **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. Plaintiff does not claim any copyright or ownership in this material. **Objection**. The requested information implicates the attorney client privilege. Plaintiff will not produce a privilege log. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection some responsive, non-privileged documents may have been included in Plaintiff's initial disclosures.

## REQUEST NO. 58:

Documents sufficient to identify the date on which Plaintiff became aware of the alleged infringement of the works at issue in this case.

RESPONSE: Defendant Zaiger's 2017 email to the Plaintiff and Cloudflare's 2017 response to the Court ordered subpoena were the first time Plaintiff had evidence that the Defendant Zaiger was the actual owner of ED and/or the responsible party for the infringement.

## REQUEST NO. 59:

Documents sufficient to identify the date Plaintiff published each work identified in Paragraphs 2(a)-(e) of Plaintiff's Verified Complaint.

RESPONSE: **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection, see Plaintiff's answers to Defendant's interrogatories 1 (a), 1(b), 1(c), 1 (d) and 1(e).


**REQUEST NO. 60**:

All documents, if any, evidencing the efforts Plaintiff made to determine whether Defendant's alleged infringement constituted fair use.

RESPONSE: **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses.

Without waiving said objection, see Plaintiff's answers to Defendant's interrogatories 4 and 9.


**REQUEST NO. 61**:

Any and all documents related to *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including, but not limited to, all correspondence with the defendants thereto and/or their representatives, any and all settlement agreements with the defendants thereto.

RESPONSE: **Objection**. The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 62**:
Any and all documents related to the claim for common-law copyright infringement in the matter of *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013- 0399-C, including, but not limited to, exemplars of

the works claimed to be infringed, the applications for copyright registration of such works, exemplars of each alleged infringement, and all documents evidencing damages claimed, including the $1,000.00 in hospital expenses, $100,000.00 in lost wages and compensation, $250,000.00 in reasonably anticipated lost wages, and $140,000.00 of other items of alleged damage.

RESPONSE: **Objection**. The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection**. The requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 63:**
Any and all correspondence to any person, with the exception of your own attorneys, including, but not limited to, demand letters, notices, and/or court process, regarding Encyclopedia Dramatica.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome **Objection**. Excluding the Plaintiff's takedown notices and documents referenced in Plaintiff's answers to Defendant's Interrogatory No. 6, the requested information is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or except for Defendant's Zaiger's claim that he lacked knowledge of either the prior infringement or the post January 1, 2014 infringement to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objection see Plaintiff's answers to Defendant's Interrogatory No. 6. Subject to said objections to be produced and supplemented.

**REQUEST NO. 64:**

Any and all correspondence to any person, with the exception of your own attorneys, including, but not limited to, demand letters, notices, and/or court process, regarding criticism of you appearing on the internet.

RESPONSE: **Objection Objection**. The requested discovery is not relevant and is requested to harass and intimidate the Plaintiff. Criticism of the Plaintiff appearing on the internet is not not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the

requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 65:**
Any and all documents and correspondence relating to Plaintiff's claim of "harassment", as represented at the July 18, 2017 Scheduling Conference.

RESPONSE: Plaintiff will produce the Amazon shipping label referenced at the July 18, 2017 Scheduling Conference.

**REQUEST NO. 66:**

Documents sufficient to identify the "unique value of the copyrighted works" as set forth in Part I(A) of Plaintiff's August 1, 2017 Initial Disclosures.

RESPONSE: To be produced and supplemented for trial.

**REQUEST NO. 67:**

Documents sufficient to identify the "ownership of copyrights" as set forth in Part I(A) of Plaintiff's August 1, 2017 Initial Disclosures.

RESPONSE: See Response to Request No. 1. Plaintiff proposed to Defendant that they split the cost of obtaining certified copies from the US Copyright Office of the five registrations and applications for the five registrations. Plaintiff's counsel awaits an answer from Defendant's counsel as to such costs estimated by the US Copyright Office to be approximately $4,000.00. See Plaintiff's responses to Defendant's Interrogatories 1, 2, 3; Plaintiff is the author of each literary work and Plaintiff is the photographer of the relevant photographs.

**REQUEST NO. 68:**
All documents identified in Part II of Plaintiff's August 1, 2017 Initial Disclosures as "communications to/from ED, Zaiger, ED administrators, ED hosting services, ED Internet Service providers and domain registrars; copies of postings on ED; some of the 2011 lawsuit papers with Hannah Rosenbaum; affidavit of Hannah Rosenbaum and related papers; some papers from of [sic] the 2013 lawsuit referenced by Zaiger" to the extent not previously provided.

RESPONSE: Defendant's initial automatic disclosures preceded Plaintiff's initial automatic disclosures. That Plaintiff identified documents in his possession that tracked what Defendant initially asserted to be relevant and then produced what he had in his possession. To the extent the initial production was incomplete, to be produced. Such production is not a waiver of Plaintiff's objections to Defendant seeking discovery of the subjects referenced.

**REQUEST NO. 69**:

A copy of Plaintiff's "litigation request" identified in Part II of Plaintiff's August 1, 2017 Initial Disclosures.

    RESPONSE: To be produced.

**REQUEST NO. 70**:

Copies of the "certified copies of the plaintiff's applications for registration and registrations for each of the five registered copyrights" identified in Part II of Plaintiff's August 1, 2017 Initial Disclosures.

    RESPONSE: See response to Request No. 67.

**REQUEST NO. 71**:

Any and all documents regarding damage to Plaintiff's reputation identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

    RESPONSE: Plaintiff will produce documents relative to his claims for damages as and when required by the Federal Rules of Civil Procedure.

**REQUEST NO. 72**:

Any and all documents regarding impairment of Plaintiff's ability to raise capital identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

    RESPONSE: To be produced.

**REQUEST NO. 73**:

Any and all documents regarding licensing fees identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

    RESPONSE: This potential claim for damages equal to a reasonable licensing fee determined in accordance with industry standards, if raised, will be the subject of expert testimony. Expert discovery will be provided as and when required.

**REQUEST NO. 74**:

A copy of Plaintiff's homeowner's and/or renter's insurance agreement.

    RESPONSE: **Objection**. The existence or not of Plaintiff's homeowner's and/or renter's insurance agreement is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the

requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 75**:

A copy of any liability insurance policy indemnifying any of Plaintiff's "entrepreneurial ventures" identified in Part III of Plaintiff's August 1, 2017 Initial Disclosures.

RESPONSE: **Objection**. The existence or not of any liability insurance policy indemnifying any of Plaintiff's "entrepreneurial ventures" is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 76**:

Any and all correspondence with any insurance company regarding Defendant's counterclaim in this lawsuit.

RESPONSE: Objection. See Responses to Requests No. 74,75. Notwithstanding the objection, there is no such correspondence.

**REQUEST NO. 77**:

Any and all documents regarding the "make_you_laugh" profile on the OKCupid website, including, but not limited to, all communications through such website.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 78**:

Any and all documents regarding your modification of one or more electronic highway signs, as set forth at http://www.mit.edu/~jonmon/Photos/Recent/p10.shtml or otherwise, including, but

not limited to, photographs thereof, communications about such modification, plans for such modification, research materials you obtained to facilitate such modification, invoices and/or receipts regarding the purchase of equipment to make such modifications.

RESPONSE: **Objection**. The requested discovery is overbroad and burdensome. **Objection.** Plaintiff does not seek damages for infringement of his copyrighted photo of himself standing near a tree lined road with a highway sign in the background. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 79:**

Any and all documents regarding your alleged appearance(s) as the MIT Beaver including, but not limited to, performance agreements, publicity agreements, communications, schedules, payments, and licenses.

RESPONSE: See Plaintiff's answers to Defendant's interrogatories 1(d), 2, 3, and 4. **Objection Objection**. The requested discovery is overbroad and burdensome. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Without waiving said objections, there are no performance agreements, publicity agreements or licenses.

**REQUEST NO. 80:**

Any and all documents regarding claims or allegations you pursued one or more girls under the age of 18 years as a romantic partner on or after January 1, 2003.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 81**:

Any and all documents regarding Wheel Questions and/or The Question Wheel, as it does appear or previously did at <wheelquestions.org>, including, but not limited to, all question and answers.

RESPONSE: **Objection**. The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 82**:

Any and all documents regarding your arrest in 2010 and/or the matter of *Commonwealth v. Jonathan G. Monsarrat*, Case No. 1010CR000235, in the Somerville District Court, including, but not limited to, all documents relating to the factual circumstances giving rise to your arrest, police records, court records, pleadings, public statements, and non-privileged communications with the Commonwealth of Massachusetts and/or any other person regarding the arrest and/or prosecution arising from the same.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 83**:

Any and all documents relating to solicitation by you or on your behalf for roommates on the Craigslist.org website.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 84**:

Any and all documents regarding the party giving rise to your 2010 arrest including, but not limited to, posters, invitations, receipts or other documents evidencing the purchase of food, beverages, and/or narcotics, and communications regarding the said party.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 85**:

Any and all documents regarding your residency at the apartment where you were a "temporary guest" at which the party giving rise to your 2010 arrest was held.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 86**:

Any and all documents regarding the individual known as "Trano".

RESPONSE: **Objection.** Unintelligible. **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 87**:
Documents sufficient to identify all persons who attended the party giving rise to your 2010 arrest.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 88**:

Documents sufficient to demonstrate the date you became aware of the Encyclopedia Dramatica webpage as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** In 2013 the Plaintiff did not have any evidence that the Defendant Zaiger owned and/or operated ED. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 89**:

A copy of the "cease-and-desist letter" referenced by "thetathx1138" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 90:**

Any and all documents regarding any restraining order, including under G.L. c. 209A, c. 258E, or otherwise, or your violation thereof, referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 91:**

Any and all documents regarding any breaking into computer accounts, referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 92:**

Any and all documents regarding any harassment, referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: This is duplicative of Request No. 91. **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 93**:

Any and all documents regarding any "less-than-consensual interaction", referenced by "firstfrost" as set forth in Paragraph 43 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 94**:

Any and all documents regarding the email, referenced and/or quoted by "awfief" as set forth in Paragraph 44 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including the original email in native format (with metadata), copies of emails to which such email replied, copies of replies to such email, copyright registration of such email, documents evidencing the "substantial hit", documents evidencing the renting of your room, documents evidencing any and all grants for a "Wheel Questions" project, documents evidencing paid sponsorships of http://WeirdBostonEvents.org, documents evidencing a "Wheel Questions book".

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to

Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 95**:

Any and all documents regarding the "photo", referenced by "thetathx1138" as set forth in Paragraph 45 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 96**:

Any and all documents regarding any help for your "blog", referenced by "lost_ligeia" as set forth in Paragraph 45 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 97**:

Any and all documents regarding any parties, referenced by "lost_ligeia" as set forth in Paragraph 45 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including communications with "lost_ligeia" regarding same.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013  state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo*  marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 98:

Any and all documents regarding any "underage kink parties", referenced by "bombardiette" as set forth in Paragraph 46 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013  state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo*  marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 99:

Any and all documents regarding any "sleeping with underage girlies", referenced by "bombariette" as set forth in Paragraph 47 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013  state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to

Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 100:**

Any and all documents regarding meeting someone through "kink circles", referenced by "lil_laurel" as set forth in Paragraph 49 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 101:**

Any and all documents regarding the "copyrighted image", used by "bluesauce" as set forth in Paragraph 50 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including an electronic copy of the image in native format and copyright registration.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 102:**

Any and all documents regarding your "trying to lure teenage girls", referenced by
"contradictacat" as set forth in Paragraph 51 of the Complaint in *Jonathan Graves Monsarrat v.
Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action
No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and
requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court
*Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by
Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to
Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's
defenses. And assuming *arguendo* marginal relevancy the requested information is not
"proportional to the needs of the case, considering the importance of the issues at stake in the
action, the parties' relative access to relevant information, the parties' resources, the importance
of the discovery in resolving the issues, and whether the burden or expense or the
proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 103:**

Any and all documents regarding the images and/or photograph and literary work(s) referenced
in Paragraphs 59 & 60 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*,
filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C,
including documents sufficient to show authorship, ownership, copyright registration, and/or
licenses thereof, as well as a copy of each image in its original native format with metadata.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to
harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is
relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to
Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims
of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming
*arguendo* marginal relevancy the requested information is not "proportional to the needs of the
case, considering the importance of the issues at stake in the action, the parties' relative access to
relevant information, the parties' resources, the importance of the discovery in resolving the
issues, and whether the burden or expense or the proposed discovery outweighs its likely
benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 104:**

Any and all documents regarding any medical and/or medicine expenses, as set forth in
Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the
Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 105:**

Any and all documents regarding any additional advertising and/or marketing, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 106:**

Any and all documents regarding any "multiple apartment evictions" and/or expenses incurred as a result thereof, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance

of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 107:

Any and all documents regarding any attorneys' fees and other legal related expenses, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested implicates the attorney client privilege; Plaintiff will not produce a privilege log. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 108:

Any and all documents regarding any lost business opportunities, as set forth in Paragraph 64 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C, including documents identifying the "business parties", documents evidencing the business opportunities, communications regarding the business opportunities, and documents evidencing the alleged declining to do business and the reasons therefor.

RESPONSE: **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 109:

Any and all documents regarding the "This Is Me, Atheist" website, and loss of such client, as set forth in Paragraph 89 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 110:**

Any and all documents regarding the "one key contractor", and loss of such contractor, as set forth in Paragraph 90 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 111:**

Any and all documents evidencing how you determined the absence of "fair use or satire" as set forth in Paragraph 108 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 112:**

Any and all documents evidencing your alleged "severe emotional distress", including "aggravated existing illness, anxiety, appetite loss, concentration loss, crying, fear, high blood pressure, humiliation or embarrassment, hypertension, illness, irritability, affected job performance, job loss, nightmares, privacy loss, affected relationships, affected reputation, shortness of breath, sleep loss, stress, [and] severe weight gain", as set forth in Paragraph 118 of the Complaint in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 113:**

Any and all communications with each Doe Defendant in *Jonathan Graves Monsarrat v. Deb Filcman, et al.*, filed in the Massachusetts Superior Court, Middlesex County, Civil Action No. 2013-0399-C.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 114:**

Any and all documents relating to the website "Midnight Seduction", which appeared at www.midnightseduction.com, including, but not limited to, documents evidencing the identities of the female endorsers thereof.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** No part of the 2013 state court *Filcman* action is relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 115:**

Any and all communications with the Massachusetts Institute of Technology and/or its representatives regarding your use of its computer systems, including website hosting.

RESPONSE: **Objection.** The requested discovery is overbroad, burdensome and requested to harass and intimidate the Plaintiff. **Objection.** The information requested is not relevant to Plaintiff's claims of both direct and indirect infringement by Defendant or to Defendant's defenses. And assuming *arguendo* marginal relevancy the requested information is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 116:**
Any and all documents you plan to use or reasonably expect you may use at trial, whether in your case-in-chief, in defense of the counterclaim, in rebuttal, or for purposes of impeachment.

RESPONSE: **Objection.** Plaintiff will disclose documents he intends to use at trial as and when required to do so by the Federal Rules of Civil Procedure and the Pretrial Order of the Court.

**REQUEST NO. 117:**

Any and all documents you plan to use or reasonably expect you may use at a deposition in this matter.

RESPONSE: **Objection.** Plaintiff will disclose documents he intends to use at a deposition as and when required to do so by the Federal Rules of Civil Procedure.

**REQUEST NO. 118:**

Any and all documents you plan to provide or reasonably expect you may provide to any and all experts you may engage in this matter.

RESPONSE: **Objection.** Plaintiff will produce expert discovery as and when required by the Federal Rules of Civil Procedure.

**REQUEST NO. 119:**

Any and all documents you receive or received in response to any and all subpoenae issued in this matter.

RESPONSE: **Objection.** Plaintiff will produce documents received in response to a subpoena as and when required by the Federal Rules of Civil Procedure. Plaintiff has produced the documents produced by Cloudflare in response to Court Ordered subpoena.

DATED: October 2, 2017

JONATHAN MONSARRAT,
Plaintiff,

By his attorney,

Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2017, I caused Plaintiff's Responses to Defendant's August 23, 2017 Request for Production to be served by email to mjr@randazza.com, jmw@randazza.com, and ecf@randazza.com and by First Class Mail on his counsel of record:

Marc J. Randazza, Esq.
Randazza Legal Group PLLC
4035 South El Capitan Way
Las Vegas Nevada 89147

Richard A. Goren