UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN MONSARRAT,

*Plaintiff*,

v.

BRIAN ZAIGER

*Defendant*.

CIVIL ACTION NO. 17-cv-10356-PBS

**DEFENDANT IN COUNTERCLAIM'S CROSS MOTION FOR JUDGMENT ON THE PLEADINGS .**

As a cross motion to plaintiff in counterclaim's January 2, 2018 Motion to compel discovery under that counterclaim and pursuant to Fed. R. Civ. P. 12 (c) defendant in counterclaim Jonathan Monsarrat requests the Court to grant him judgment on the pleadings on plaintiff in counterclaim Brian Zaiger's May 26, 2016 counterclaim. Doc. 24.

## I. SOME RELEVANT BACKGROUND[1]

In October 2011, an otherwise unknowable individual using the pseudonym "Mantequilla" without authorization copied Jonathan Monsarrat's copyrighted work—as it had been previously adjudged infringed by one Hannah Rosenbaum—and posted the altered and supplemented work on the EncyclopediaDramatica website. AC ¶¶7-14, 17, 46, 48. The posting featuring Monsarrat's copyrighted work falsely accused him of being a pedophile. *Id.* While the website had not directly infringed Monsarrat's work, it used Monsarrat's work to attract—and posted on the very same page—an advertisement by a porn site seeking potential visitors to its

[1] Defendant in counterclaim's description of some relevant background is drawn from both his original March 2, 2017 complaint, Doc. 1 ("Compl.")), and his October 25, 2017 amended complaint, Doc.58.("AC")

website interested in sexual exploitation of young girls. AC ¶¶16-17, 26, 48, 49; Exhibit C to AC (filed under seal).

A few months later this unauthorized use ceased. AC ¶18. But later in 2012 Zaiger again copied Monsarrat's copyrighted work—as it had been previously infringed by him in October 2011—and reposted it on a reconstituted EncyclopediaDramatica website. AC ¶¶19-20. Again while the website did not directly infringe on Monsarrat's work it once again used it for its porn site ads. *Id.* and AC ¶¶26, 28, Exhibit D to AC (filed under seal). In 2013, Monsarrat's then counsel attempted to serve the website with a "takedown notice" pursuant to the Digital Millennium Copyright Act (DMCA), 17 U.S.C.§ 512(c)(3) by transmittal of the notice to the website's then Romanian agent. See AC ¶29. This proved fruitless because the EncyclopediaDramatica website did not have a registered agent as required by the DMCA. See AC ¶¶21-25.

In November 2016, Monsarrat sent a takedown notice to EncyclopediaDramatica's Internet Service Provider ("ISP") Cloudflare. AC ¶¶30-33. But asserting it was just an intermediary with no control of the alleged infringing content, Cloudflare, the ISP for EncyclopediaDramatica, did not purport to remove or disable the content. See *id.* and AC¶34

In March 2017, Monsarrat filed this action. Doc. 1, Compl. Not knowing who had committed the unauthorized copying in 2011 and 2012, in his initial complaint Monsarrat sued five unnamed Does as the alleged operators and owners of EncyclopediaDramatica for <u>secondary</u> copyright infringement, *i.e*., seeking redress for the website's use of what an unidentified direct infringer had posted. *Id.* Based on his 2017 Linked-In ™ page Monsarrat also sued Brian Zaiger, a Massachusetts resident, as the alleged administrator of the site.

The Court issued a subpoena requiring Cloudflare to produce its records identifying its customer, the owner of the website. Doc. 16. The subpoena did not purport to require the intermediary ISP with neither access to, nor control over, the content of the EncyclopediaDramatica website to identify the person who in 2011 and again in 2012 had reproduced Monsarrat's copyrighted work. Cloudflare's records revealed only that Zaiger was the owner and administrator of the website.

Monsarrat contends that it was Zaiger himself who in the spring of 2017 removed or took down the infringing work from the EncyclopediaDramatica website, thereby ceasing the website's secondary infringement. AC ¶¶38-42. Monsarrat also contends that it was Zaiger's actions in April/May 2017 including his correspondence to Monsarrat that first provided a basis to infer that it was Zaiger in 2011 and again in 2012 who had been the otherwise unknowable direct infringer "Mantequilla." See *id.*

On May 26, 2017 Zaiger filed an answer and counterclaim under 17 U.S.C. §512(f). Doc. 24. The counterclaim is premised on Monsarrat's November 2016 takedown notice to Cloudflare and accuses Monsarrat of making a "knowingly materially" false representation that both Zaiger and EncyclopediaDramatica had infringed his copyrights resulting in damages cognizable under 17 U.S.C. §512(f). *Id.* In his counterclaim Zaiger does not allege that Cloudflare, his website internet service provider ("ISP"), removed, or disabled access to, any of the copyrighted works identified in Monsarrat's takedown notice.

Monsarrat filed an answer to the counterclaim, Doc. 31, including as Affirmative Defenses both that Zaiger lacked standing under 17 U.S.C. §512(f) and that Zaiger had failed to plead with the requisite particularity the allegations of knowingly false representations of material fact.

With leave of Court, Monsarrat filed an Amended Complaint, Doc. 58, in which he sued Zaiger for direct infringement of solely Monsarrat's copyrighted MIT mascot photograph —by his unauthorized copying and then posting on EncyclopediaDramatica in 2011 and again in 2012-- and for secondary infringement by his website's use of his 2011 and/or 2102 direct infringements for commercial purposes.

On December 21, 2017, the Court granted Zaiger's motion to dismiss the amended complaint as time barred. Doc. 79. The Court separately entered an Order that Zaiger's "counterclaim under 17 U.S.C. §512(f) remains."

On January 2, 2018, Zaiger served his motion to compel. On January 23, 2018 Monsarrat filed his opposition to the motion to compel contending, among other things, the motion should be denied because the counterclaim should be dismissed as a matter of law for failure to state a claim. Monsarrat files this motion for judgment on the pleadings on Zaiger's 17 U.S.C. §512(f) action as a cross motion because its allowance renders the motion to compel moot.

## II. ARGUMENT.

A. *Legal Standard*.

As the pleadings are closed, a motion for judgment on the pleadings lies. Fed. R. Civ. P. 12(c). The standard when, as here, testing the complaint's failure to state a claim, "is treated like a Rule 12(b)(6) motion to dismiss." *Portugues-Santana v. Rekomdiv Int'l Inc.*, 725 F.3d 17, 25 (1st Cir. 2013). Taking the counterclaim's "well-pled allegations as true and viewing the other facts in the light most favorable to" him, Zaiger's counterclaim "does not allege enough facts to state a claim to relief that is plausible on its face." *Id.* (quotation omitted).

> 17 U.S.C. § 512(f) provides Misrepresentations.--Any person who knowingly materially misrepresents under this section--
> (1) that material or activity is infringing, or

(2) that material or activity was removed or disabled by mistake or misidentification,

shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

*B. the Pleadings.*

In his May 26, 2017 counterclaim Zaiger alleges that as per Monsarrat's original complaint on or about November 9, 2016 Monsarrat sent a takedown notice to Cloudflare regarding certain material lawfully found on the Encyclopedia Dramatica website; and, Monsarrat then filed "the present lawsuit." Doc. 24 ¶7, 8. The sole cause of action pleaded in his counterclaim is Misrepresentation of copyright claims under the DMCA, 17 U.S.C. § 512. *Id*. at 9. Paragraphs 13-25 set out his claim.

13. Upon information and belief, Mr. Zaiger and Encyclopedia Dramatica did not infringe any copyright owned or administered by Monsarrat.

14. Any use of any materials or information by Mr. Zaiger and Encyclopedia Dramatica was a self-evident, non-infringing, and fair use under 17 U.S.C. § 107.

15. Upon information and belief, Monsarrat knew or should have known that Mr. Zaiger and Encyclopedia Dramatica did not infringe any copyrights on the date they sent their DMCA takedown notice.

16. Monsarrat sent the DMCA notice for the purpose of interfering with Mr. Zaiger's business and/or for the purpose of suppressing criticism of Monsarrat.

17. This is an improper use of the DMCA takedown scheme, and is specifically prohibited by law. 17 U.S.C. § 512(f).

18. Monsarrat violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Mr. Zaiger and Encyclopedia Dramatica infringed Monsarrat's copyrights.

19. Monsarrat actually knew of the material falsity of its representations with respect to copyright infringement, as it knew independently or through counsel that the use of its allegedly copyrighted works was fair use.

20. Monsarrat hoped to use the DMCA process to suppress speech and not in order to address real copyright concerns, since even a perfunctory review of the applicable law would demonstrate that the website could not possiblyresult in liability for copyright infringement, yet Monsarrat, used the DMCA process under this knowingly erroneous pretense.

21. If he did not know of the material falsity of his representations, Monsarrat was willfully blind as to the material falsity.

22. As a direct and proximate result of Defendant's actions, Mr. Zaiger has been injured in an amount to be determined at trial.

23. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the complaint and harm to his free speech rights under the First Amendment.

24. Mr. Zaiger has been forced to retain the services of an attorney to pursue this action, and are entitled to recover its attorney's fees and any and all costs associated with pursuing this matter, as permitted under 17 U.S.C. §512(f).

25. In the alternative, Mr. Zaiger asks for attorney fees as damages due to the bad faith action of Monsarrat in these matters.

C. *Argument.*

Accepting even Zaiger's conclusory allegations as to the elements of this precise statutory cause of action, Zaiger's counterclaim fails to state a claim for which relief can be granted. Independent of the failure to plead with the Rule 9 requisite particularity, there is no claim because there is no injury.

Zaiger alleges Monsarrat's unspecified, conclusory false representation was made to Cloudflare, EncyclopediaDramatica's Internet Service Provider. But Zaiger did not, and he cannot, allege that he suffered any injury "as a result of" the recipient Cloudflare's "relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing." Without reliance by the recipient of the takedown notice to effect a takedown there is no cognizable injury.

Congress prescribed a precise and "expressly limited cause of action for improper infringement notifications, …". *Tuteur v. Crosley-Corcoran*, 961 F. Supp. 2d 333, 342 (D. Mass. 2013).

In *Tuteur,* Judge Stearns rejected contentions raised by the defendant and Amici that before sending a takedown notice a copyright owner must investigate fair use as well as any conceivable affirmative defenses.

> In § 512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation. A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake. Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner.
> …
> More compelling is the fact that, in enacting the DMCA, Congress did not require that a notice-giver verify that he or she had explored an alleged infringer's possible affirmative defenses prior to acting, only that she affirm a good faith belief that the copyrighted material is being used without her or her agent's permission. *See* 17 U.S.C. §§ 512(f) and 512(c)(3)(A)(v). There is a reason for this. To have required more would have put the takedown procedure at odds with Congress's express intent of creating an "expeditious[ ]," "rapid response" to "potential infringement" on the Internet. *See* 17 U.S.C. § 512(c)(i)(A)(iii); S. Rep. 105–190, at 21. Undoubtedly abuses will occur—as is the case with almost any system that permits legal self-help (although [Amici] EFF and DMLP point to but a handful of examples). For these abuses Congress provided a remedy in section 512(f). If experience ultimately proves that the remedy is weighted too heavily in favor of copyright owners at the expense of those who seek to make "fair use" of another's intellectual property, the resetting of the balance is for Congress and not a court to strike.

961 F. Supp. 2d at 342, 343-44.

1. *Leave to amend would be futile.*

It is undisputed that Cloudflare did not take down or remove the allegedly infringing material. And in all events, it appears that it was Zaiger as the user Mantequilla who effected the takedown.

## III. CONCLUSION.

The counterclaim is fatally flawed for lack of the injury Congress has specifically required for this limited cause of action for improper infringement notifications.

**WHEREFORE** the Court should grant Jonathan Monsarrat judgment on the pleadings on plaintiff in counterclaim's counterclaim and hence deny plaintiff in counterclaim's motion to compel discovery as moot.

DATED: January 23, 2018

Respectfully submitted,

JONATHAN MONSARRAT,

Defendant in counterclaim,

By his attorney,

*ss/ Richard A. Goren*____

Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that I conferred by email with the plaintiff in counterclaim's counsel about this motion and my intention to file it concurrently with defendant in counterclaim's opposition to plaintiff in counterclaim's motion to compel discovery; counsel insisted on a telephone conference and stated they would not be available until Friday January 26th. While acknowledging that opposing counsel disagrees, I state that I attempted in good faith to resolve or narrow the issues.

*/s/ Richard A. Goren*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on January 23, 2018.

*/s/ Richard A. Goren*