UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JONATHAN MONSARRAT, | ) ) ) | |
| *Plaintiff,* | ) ) | CIVIL ACTION NO. 17-cv-10356-PBS |
| v. | ) ) | |
| BRIAN ZAIGER | ) ) | |
| *Defendant.* | ) ) ) | |

**DEFENDANT IN COUNTERCLAIM'S MOTION TO STAY PLAINTIFF IN COUNTERCLAIM'S MOTION TO COMPEL DISCOVERY PENDING ADJUDICATION OF DEFENDANT IN COUNTERCLAIM'S CROSS MOTION FOR JUDGMENT ON THE PLEADINGS .**

On December 21, 2017, the Court granted Zaiger's motion to dismiss Monsarrat's amended complaint as time barred. Doc. 79. The Court separately entered an Order that Zaiger's "counterclaim under 17 U.S.C. §512(f) remains."[1]

On January 2, 2018, Zaiger moved to compel discovery under that counterclaim. Docs. 81, 82. On January 23, 2018, Jonathan Monsarrat, as defendant in counterclaim, filed his opposition to the motion to compel. Docs. 88, 89.  Later that same day Monsarrat also filed a cross motion to Zaiger's January 2, 2018 Motion to compel discovery in which pursuant to Fed. R. Civ. P. 12 (c) he seeks judgment on the pleadings on Zaiger's May 26, 2017 counterclaim

---

[1] On May 26, 2017, Zaiger filed an answer to the original March 2, 2017 complaint (Doc.1) and a counterclaim under 17 U.S.C. §512(f). Doc. 24. The counterclaim is premised on Monsarrat's November 2016 takedown notice to Cloudflare and accuses Monsarrat of making a "knowingly materially" false representation that both Zaiger and EncyclopediaDramatica had infringed his copyrights resulting in damages cognizable under 17 U.S.C. §512(f). *Id.* In his counterclaim Zaiger does not allege that Cloudflare, his website internet service provider ("ISP"), removed, or disabled access to, any of the copyrighted works identified in Monsarrat's takedown notice to Cloudflare. Monsarrat filed an answer to the counterclaim, Doc. 31, including as Affirmative Defenses that Zaiger lacked standing under 17 U.S.C. §512(f) and that Zaiger had failed to plead with the requisite particularity the allegations of knowingly false representations of material fact.

contending that as a matter of law Zaiger failed to plead, and on the undisputed facts cannot plead, a cognizable claim under 17 U.S.C. §512(f). Doc. 90.

On January 24, 2018, the Court entered an Order referring the case to Magistrate Judge Bowler to adjudicate the January 2, 2018 Motion to compel discovery.

Allowance of Monsarrat's cross motion for judgment on the pleadings on Zaiger's counterclaim will necessarily moot Zaiger's January 2, 2018 motion to compel discovery under his counterclaim.

Having Magistrate Judge Bowler deal with the discovery motion prior to a ruling on the cross motion would be a waste of scarce judicial resources.

**WHEREFORE** Jonathan Monsarrat requests the Court to enter an Order, substantially in the form of the Proposed Order filed herewith, staying adjudication of the January 2, 2018 Motion to compel discovery pending the Court's disposition of Monsarrat's January 23, 2018 cross motion for judgment on the pleadings.

DATED: January 25, 2018      Respectfully submitted,

JONATHAN MONSARRAT,

Defendant in counterclaim,

By his attorney,

*ss/ Richard A. Goren*____
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that I conferred by email with the plaintiff in counterclaim's counsel about this motion on both January 23 and 24, 2018 in a good faith attempt to resolve or narrow the issues.

*/s/ Richard A. Goren*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on January 25, 2018.

*/s/ Richard A. Goren*