UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>*Plaintiff-Defendant in counterclaim*<br><br>v.<br><br>BRIAN ZAIGER<br><br>*Defendant-Plaintiff in counterclaim.* | CIVIL ACTION NO. 17-cv-10356-PBS<br><br>**HEARING REQUESTED** |

### DEFENDANT IN COUNTERCLAIM'S MEMORANDUM IN SUPPORT OF HIS MOTION TO AMEND ANSWER TO COUNTERCLAIM BY ADDING A COUNTERCLAIM

Jonathan Monsarrat, defendant in counterclaim, files this Memorandum in Support of his Rule 15(a)(2) and 15(d) Motion to Amend seeking leave to file an Amended Answer and Counterclaim to the defendant Brian Zaiger's counterclaim.

**I.      BACKGROUND AND RELEVANT PROCEDURAL HISTORY.**

In his Verified Complaint, Doc. # 1, Jonathan Monsarrat sued Doe Defendants 1-5 as the owners and/or operators of the Encyclopedia Dramatica website for secondary copyright infringement. Brian Zaiger was named as a defendant as the administrator of the website.

The summons and complaint were duly served on the Doe defendant owners. (Doc. #13). On April 26, 2017, Zaiger was served with the summons and complaint. (Doc. # 14).

On May 26, 2017, the defendant Zaiger filed his answer, affirmative defenses and counterclaim. (Doc. # 24). On June 13, 2017, the plaintiff filed his answer and affirmative defenses to Zaiger's counterclaim. (Doc. # 31).

On October 25, 2017, the plaintiff Monsarrat filed an amended complaint solely against Zaiger for two separate counts of copyright infringement. (Doc. # 58). In Count I Monsarrat sued Zaiger for direct infringement alleging that in October 2011 and separately in 2012, each time without authorization to do so, Zaiger had copied Monsarrat's copyrighted MIT mascot photograph and then posted or published the unauthorized reproduction on the Encyclopedia Dramatica website. (Doc. # 58). In Count II Monsarrat sued Zaiger as the owner and operator of the Encyclopedia Dramatica website for secondary copyright infringement. (*Id*.)

On October 30, 2017, Zaiger filed a motion to dismiss the amended complaint for failure to state a claim. (Doc. # 59). Following briefing and a hearing, on December 21, 2017, the Court issued a Memorandum and Order allowing Zaiger's motion to dismiss "the Amended Complaint as time-barred." Doc. #79 at 2. The Court also ruled that "Defendant's counterclaim under 17 U.S.C. § 512(f) remains." *Id.*

On January 10, 2018, the Court set January 31, 2018 as the deadline for the filing of any proposed amendments to the pleadings. (Doc. # 85)

On January 2, 2018, Zaiger filed a motion to compel discovery under his counterclaim. (Doc. # 81). On January 23, 2018, as defendant in counterclaim Monsarrat filed an opposition to the motion to compel, and also cross moved for judgment on the pleadings on Zaiger's counterclaim. (Doc. # 88 and Doc. #90). On January 25, 2018, Monsarrat filed a motion to stay

adjudication of Zaiger's motion to compel discovery pending the Court's decision on Monsarrat's motion for judgment on the pleadings. (Doc. # 92).

On January 30, 2018, Monsarrat filed his motion to amend his answer to Zaiger's counterclaim and add a counterclaim for defamation.

## II.   CLAIMS AGAINST ZAIGER.

The proposed counterclaim seeks to sue Zaiger for libel and defamation. On October 31, 2011, Zaiger, using the pseudonym Mantequilla, published on the Encyclopedia Dramatica website a "Jonmon" article. As detailed in the proposed counterclaim at ¶¶15, 18-31, Zaiger made false and libelous statements, including by way of a photograph, that Monsarrat is a pedophile. *Marandi v. Boston Herald-Traveler Corp.*, 347 Mass. 411, 198 N.E.2d 304 (1964)(publication of photograph contextually capable of defamatory meaning even without imputing crime to him). See *Stanton v. Metro Corp.*, 438 F.3d 119 (1st Cir. 2006) (reversing grant of motion to dismiss libel claim under Massachusetts law)("juxtaposition of Stanton's photograph with the 'Mating Habits' article… [can be reasonably interpreted] that she engages in sexually promiscuous behavior" and hence an actionable defamatory insinuation about her).

Then after the October 31, 2011 libelous Jonmon article had been removed with the shutdown of the Encyclopedia Dramatica website, Zaiger caused or directed the re-creation of a materially different Encyclopedia Dramatica website on which he published or caused to be published a separate actionable republication of the October 31, 2011 "Jonmon" article originally published by Zaiger as the Encyclopedia Dramatica user/contributor Mantequilla. (Proposed counterclaim ¶¶35-39).   *Flynn v. Associated Press,* 401 Mass. 776, 780 n.5, 519 N.E.2d 1304, 1307 (1988) ("The republisher of a defamatory statement is subject to liability as if he had originally published it."); Restatement (Second) of Torts § 578 (1977)(Except as to those who

only deliver or transmit defamation published by a third person, one who repeats or otherwise republishes defamatory matter is subject to liability as if he had originally published it.).

Zaiger's Encyclopedia Dramatica website informs the world that it is "physically located somewhere between Nigeria and Romania" and that neither lawsuits for defamation nor takedown requests under the Digital Millennium Copyright Act can affect its operation; and there is no publicly accessible record of the identity and physical location of Zaiger as either the owner or website administrator of the Encyclopedia Dramatica website. (Proposed Counterclaim ¶¶7-11). Zaiger uses Cloudflare, which has no access to or control over the content of his website as a middleman to conceal the actual location of his website, its so-called IP address, and its servers. (*Id*. ¶¶42, 43).

According to Zaiger his Encyclopedia Dramatica website does not maintain permanent records of the email address, the Internet Protocol ("IP") address or other contact information of a user who makes a posting to the website. (*Id*. ¶14).

"In defamation cases the general rule is that the cause of action accrues, and the [three year] statute of limitations begins to run, on 'publication' of the defamatory statement." *Harrington v. Costello,* 467 Mass. 720, 725 (2014)(quotations omitted). In 2014, the Massachusetts Supreme Judicial Court held that the "discovery rule" applies to defamation actions because

> the equitable reason for delaying accrual until a plaintiff knows or reasonably should know that the harm he suffered may have been caused by another person's tortious conduct applies with equal force where the plaintiff is, and has reason to be, unaware of the identity of the tortfeasor…. Knowledge of the responsible person's identity seems implicit in the requirement that a plaintiff know that the defendant's conduct caused him harm; without such knowledge, the plaintiff does not know whom to sue. Accordingly, a more precise way to state the discovery rule is the following: a cause of action accrues

>  when the plaintiff discovers or with reasonable diligence should have discovered that (1) he has suffered harm; (2) his harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm.

*Id.* at 727.

Had Monsarrat filed a John Doe lawsuit in 2013, a subpoena to Cloudflare presumably would have revealed that Zaiger was the owner or operator of the Encyclopedia Dramatica website. (*Id.* ¶44). But because the Encyclopedia Dramatica website does not possess a permanent record of the email address or the IP address of a user who makes a posting, the issuance in 2013 of a follow up subpoena to the Encyclopedia Dramatica website seeking records to identify the pseudonymous poster Mantequilla or the re-poster in 2012 would have been fruitless. (*Id.* ¶45).

Hence while Monsarrat knew he had been harmed by the October 31, 2011 "Jonmon" article, that his harm had been caused by Zaiger was inherently unknowable. (*Id.* ¶46).   It was only in the spring of 2017, when Mantequilla took down from the Encyclopedia Dramatica website the October 31, 2011 "Jonmon" article and Zaiger made certain statements, that in the exercise of reasonable diligence Monsarrat first learned of facts reasonably enabling an inference that Zaiger was the publisher of the defamation. (*Id.* ¶¶47,48).

In other words, regardless of any legal action he might have reasonably undertaken in the spring of 2013, Monsarrat was affirmatively prevented from learning the identity of the wrongdoer: the person who published the defamatory materials. Therefore, Monsarrat "has suffered an 'inherently unknowable' wrong," and his cause of action for defamation did not accrue until in April-May 2017 when Zaiger unmasked himself as Mantequilla.   *Harrington v. Costello,* supra.

> [U]nder the discovery rule, knowledge of the identity of the defendant is necessary for a cause of action to accrue—in addition to knowledge of the harm for which recovery is sought and of the cause of that harm. In the case of defamation, however, the harm for which recovery is sought, at its core, is the publication of the defamatory material, and therefore it is knowledge of the publisher's identity that is required….

*Id.* at 721.

Any disputed issues of fact as to the accrual of the cause of action under the discovery rule are for the jury. *Cambridge Plating Co. v. Napco, Inc.*, 991 F.2d 21, 29-30 (1st Cir. 1993).

The proposed counterclaim also alleges a supplemental defamation claim for a number of false and defamatory statements published by Zaiger in the spring of 2017 after having been named as nominal defendant in Monsarrat's initial March 2, 2017 complaint. (Proposed counterclaim ¶¶49-56). Seeking contributions to a "Encyclopedia Dramatica Legal Defense Fund" to defend Monsarrat's initial secondary infringement claims against the then unknown owners of the website, Zaiger made a number of false and defamatory statements about Monsarrat including two false accusations of separate criminal offenses.

> "Jonathan Monsarrat got arrested for hosting a party where underage teenage kids were drinking alcohol." "A grown man throwing a party where underage kids are drinking? Getting a little fun poked at him is probably a fair penalty for that." In the video: "Serving alcohol in a house party full of underage girls."

(*Id.*)

### III. **JURISDICTION.**

The sole remaining claim in the case is defendant Zaiger's counterclaim under 17 U.S.C. §512(f). The proposed counterclaim is for defamation. The Court has jurisdiction because the federal claim and the defamation claim "derive from a common nucleus of operative facts" and quite reasonably can be expected to be tried in a single judicial proceeding. See *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## IV. RULE 15(a)[1] FACTORS.

The standard for the Court's exercise of its discretion is a longstanding one.

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded… If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The motion is timely and has been promptly made. The case is in its early stages. There has been no undue delay and grant of leave will cause no prejudice.

## V. CONCLUSION.

WHEREFORE the defendant in counterclaim Jonathan Monsarrat asks the Court to grant him leave to amend and to file and serve the proposed Amended Answer and Counterclaim attached as Exhibit A to his motion.

---

[1] (a) AMENDMENTS BEFORE TRIAL.

... (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

… .

DATED: January 30, 2018             Respectfully submitted,

JONATHAN MONSARRAT,
*Defendant in Counterclaim,*

By his attorney,

*/s/   Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on January 30 , 2018.

    */s/ Richard A. Goren*