# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN ZAIGER,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:17-cv-10356-PBS<br><br>**BRIAN ZAIGER'S OPPOSITION TO MOTION TO STAY** |

For months, Jonathan Monsarrat failed in his obligations to provide discovery. He failed to confer in good faith when Mr. Zaiger's counsel attempted to fulfill his obligations under Fed. R. Civ. P. 37. Now, seven months after Monsarrat answered the counterclaim, he moves for judgment on the pleadings on the counterclaim, attempting to use that as an excuse to not provide his required discovery responses. The Court should not condone such a tactic and the motion for stay (Dkt. No. 92) should be denied.

There is no merit to Monsarrat's one-sided request for relief. Mr. Zaiger recognizes that it may be "appropriate to defer discovery until preliminary questions that may dispose of the case are determined." *Kleinerman v. United States Postal Serv.*, 100 F.R.D. 66, 68 (D. Mass. 1983). But Monsarrat does not simply seek to defer *discovery*—only *his obligation to respond*. After all, Monsarrat served discovery requests on Mr. Zaiger, and Monsarrat received the discovery to which he was entitled. The instant motion is but a dilatory tactic; Monsarrat explicitly stated, before he filed his motion to stay, he intended to (a) to move for reconsideration of the dismissal of his copyright claims, and (b) to move to amend his complaint to add specious defamation claims. *See* Exhibits 1 & 2. And, in fact, he has, so far, filed his motion to amend. *See* Dkt. No. 93. Thus, in Monsarrat's best-case scenario, even if he is awarded judgment on the pleadings on the counterclaim, the motion to compel is still ripe for adjudication because the discovery requests relate directly to the claims Monsarrat hopes to pursue. In Monsarrat's view, the case will not be disposed of upon adjudication of the motion for judgment on the pleadings.

The litigation schedule has already had to be extended because Monsarrat's late amendment of his complaint demonstrated why his claims were time barred. No further delays are warranted. "Fairness to all parties involved as well as the possible prejudice to the plaintiff dictates that discovery proceed in an efficient and expeditious manner in this complicated civil" suit. *Dig. Equip. Corp. v. Currie Enters.*, Civil Action No. 91-11624-WD, 1992 U.S. Dist. LEXIS 17718, at *2 (D. Mass. Feb. 12, 1992) (Bowler, U.S.M.J.). If the motion to compel cannot be timely adjudicated, Mr. Zaiger will need a further extension of discovery in order to depose Monsarrat following resolution of the motion and his required production as a result thereof.

Monsarrat will not be prejudiced by the adjudication of the motion to compel. There is little merit to his motion for judgment on the pleadings, a motion he chose to delay for seven months. And, as will be seen in Mr. Zaiger's opposition thereto, (a) as a service provider, Mr. Zaiger was harmed by the false takedown notice when he actually removed the JonMon page and incurred legal fees, and (b) the most persuasive precedent (omitted by Monsarrat) requires consideration of fair use on top of Monsarrat's bad faith assertion of copyright ownership. Moreover, Monsarrat has already filed his opposition to the motion to compel; adjudication thereof cannot harm him, especially where discovery is otherwise ongoing.

This motion to stay is a last-ditch effort to impose delay. Monsarrat's counsel could not even be bothered to confer as required under Fed. R. Civ. P. 26 and Local Rule 7.1.[1] *See* Exhibit 1 & 2. His opposition to the motion to compel is essentially a regurgitation of his motion for judgment on the pleadings and lacks any considered analysis of the discovery requests. In fact, it haphazardly restates his boilerplate objections without any rigor (or grammar), under the significantly misguided belief that it is not relevant to explore allegations made by Monsarrat in this Court.[2]

---

[1] Monsarrat characterized the motion for stay as one for a protective order. Dkt. No. 88 at p. 6.
[2] He repeatedly claims the sworn, original complaint was "vitiated" merely because he filed an amended complaint. Whether the original complaint has any operative effect has nothing to do with discovery requests relevant to the counterclaim that seek to explore relevant statements in that sworn, original complaint.

Should the Court believe the motion for stay should be considered, notwithstanding the failure to confer, the motion may be referred to Magistrate Judge Bowler as in *Dig. Equip. Corp., supra*. Such referral would be especially appropriate in order that it may be adjudicated in sufficient time so as not to prejudice Mr. Zaiger's assessment of whether he should move for leave to file a reply to Monsarrat's opposition to the motion to compel.

WHEREFORE Mr. Zaiger respectfully requests the motion for stay be denied.

Dated: January 31, 2018.      Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant*
*Brian Zaiger*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 31, 2018.

/s/ Marc J. Randazza
Marc J. Randazza