# EXHIBIT 2

Email from Richard Goren
Dated January 24, 2018



Jay Marshall Wolman <jmw@randazza.com>

## PRODUCTION OF JPEG IMAGE; LR 7.1
2 messages

**rgoren@richardgorenlaw.com** <rgoren@richardgorenlaw.com>  Wed, Jan 24, 2018 at 10:14 AM
To: Marc John Randazza <mjr@randazza.com>, "Jay M. Wolman" <jmw@randazza.com>

Marc and Jay,

Attached is what I understand you requested, the image in its original jpeg format.

Second, Marc I regret misspelling your name in yesterday's email.

I respond to Jay's note at 4:52pm yesterday set forth below and to further comply in good faith with my obligations under LR 7.1.

1. Motion for reconsideration. On January 23d I informed you in writing of my intention to file a

    "motion for reconsideration of Judge Saris' interlocutory order dismissing the copyright claims. While not finalized the motion will argue in material part on the inherently unknowable nature of the claims under the discovery rule.

    For purposes of conferring under LR 7.1 I presume that Mr. Zaiger will oppose the motion. Correct?"

    To which Marc responded

"We oppose, But we are very much looking forward to the motion for its entertainment value."

2. The motion for judgment on the pleadings filed yesterday following our email correspondence. It was filed as cross motion because if allowed it moots the motion to compel; and preserves counsel's time and judicial resources.

3. Motion for protective order or for stay; this is the same as 2. The court should defer deciding the motion to compel pending decision on the motion for judgment on the pleadings; and it too preserves counsel's time and judicial resources. I will try to file something by the end of the week.

4. Motion to amend. The deadline is one week from today. I informed you I will move to amend to add claims for defamation against Mr. Zaiger for his inherently unknowable postings on his website that falsely labeled Mr. Monsarrat as being a pedophile; and also for Mr. Zaiger defamatory statements published in 2017 in seeking to raise funds for his defense costs.

I see no need to speak about these motions. I do not see how we can narrow the issues. If you believe you have something to say that would narrow the issues on these matters, please do so in reply. If that warrants further communication so be it.

Here is Jay's note

Dear Richard,

For the purpose of conferring under Local Rule 7.1, I refer you to Judge Saris's opinion in Martinez v. Hubbard, 172 F. Supp. 3d 378, 385 (D. Mass. 2016)("A Local Rule 7.1 certification is not an empty exercise. Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources.") Judge Saris further expounds on the meaning of "confer" as actually holding conversation. Thus, we believe you cannot satisfy your obligations under the rule unless we actually speak. Marc (please note the correct spelling of his name) and I will be available to confer on Friday.

We have some questions regarding the bases for each of your proposed motions a) for reconsideration; b) for judgment on the pleadings; c) for protective order / stay pending resolution of (b); and d) to amend and add a claim of defamation, in the hope to narrow or resolve any issues in dispute.

We must warn you, however, that motions (a) and (d) appear to be treading into territory that will subject you and/or your client to sanctions under 28 U.S.C. sec. 1927 and Rule 11. Consistent with Rule 7.1, we will discuss the potential need to file such a motion with you Friday as well.

Thank you for your attention to this matter.

Sincerely,

Jay Wolman

```
Richard
```

Law Office of Richard Goren

Richard A. Goren

One State Street Suite 1500

Boston MA 02109

Telephone: 617-933-9494

Fax: 617-933-9495

Mobile: 617-797-4529

Email: rgoren@richardgorenlaw.com

www.richardgorenlaw.com

**image7.jpg**
198K



**Jay Marshall Wolman** <jmw@randazza.com>　　　　　　　　　　　　　　　　　　　　　　Wed, Jan 31, 2018 at 1:31 PM
Draft To: "rgoren@richardgorenlaw.com" <rgoren@richardgorenlaw.com>
Cc: Marc John Randazza <mjr@randazza.com>

Dear Richard,

A written back-and-forth is precisely NOT what it means to confer, neither does Rule 7.1 exempt cross-motions.

_____
**Jay Marshall Wolman, CIPP/US, Counsel**\*
**Randazza Legal Group, PLLC**
100 Pearl Street, 14th Floor | Hartford, CT 06103
Tel: 702-420-2001 | Email: jmw@randazza.com
_____
\* Licensed to practice law in Connecticut, Massachusetts, New York and the District of Columbia.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this message is strictly prohibited.  If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them.  Thank you.

[Quoted text hidden]



**image7.jpg**
198K