# EXHIBIT 2

Settlement Agreement and Mutual Release

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement"), made by and between Hannah Rosenbaum and Jonathan Monsarrat, is entered into and effective as of March 1, 2014.

## DEFINITIONS

For purposes of this Agreement,

A. "Rosenbaum" shall mean and include Hannah Spierman, née Hannah Rosenbaum, and her heirs, assigns, beneficiaries, agents, privies, representatives, trustees, executors, administrators, and/or other representatives.

B. "Monsarrat" shall mean and include Jonathan Monsarrat, and his heirs, assigns, beneficiaries, agents, privies, representatives, trustees, executors, administrators, and/or other representatives.

C. The "Parties" shall mean and include each of Rosenbaum and Monsarrat, including their respective heirs, assigns, beneficiaries, agents, privies, representatives, trustees, executors, administrators, and/or other representatives.

D. The "Litigation" shall mean and include *Monsarrat v. Rosenbaum*, Civ. A. No. 11-10248 (D. Mass. 2012).

E. The "Judgment" shall mean and include the default judgment for $6,185.50 in attorney's fees and costs Monsarrat obtained against Rosenbaum by an Order of Default Judgment entered in the Litigation on February 1, 2012.

F. "Rosenbaum's Counsel" shall mean and include Dan Booth, Esq., and his law firm Booth Sweet LLP, with an address at 32R Essex Street, Cambridge, MA 02139.

G. "List" shall mean and include a list that is to be provided to Rosenbaum of any and all LiveJournal users, whether identified by personal name and/or Internet user name, whom she is to consider when preparing the Affidavit.

H. "Affidavit" shall mean and include an affidavit signed by Rosenbaum.

I. The "ED Intermediary" shall mean and include the person whom Rosenbaum shall attest posted and/or linked to (or caused to be posted or linked to), on the website EncyclopediaDramatica.com, statements by Rosenbaum about Monsarrat.

J. "Other ED Person" shall mean and include any person other than the ED Intermediary whom Rosenbaum knows to be responsible for posting and/or linking to (or causing to be posted or linked to) statements by Rosenbaum about Monsarrat on the website EncyclopediaDramatica.com, if any, including without limitation any LiveJournal user.

K. "Known User" shall mean and include any LiveJournal user on the List whom Rosenbaum knows personally as of the date of this Agreement.

L. "Privately" shall mean and include communications between only Rosenbaum and a single Known User that Rosenbaum does not publish to third parties via the Internet in any form or means.

## TERMS OF AGREEMENT

1. <u>Removal</u>. Upon execution of this Agreement, if not before, Rosenbaum shall remove any statement regarding Monsarrat that she published anywhere in the world, including but not limited to, any of her statements posted on any LiveJournal website, whether in a public forum, private forum, "friends only" post, or other category or forum; and Rosenbaum shall review all of her published statements regarding Monsarrat, including but not limited to, her posts on any LiveJournal website, including any "friends only" posts, to verify that she has removed any such statement. If Rosenbaum is unable to remove or delete any statements about Monsarrat that she published, then she will inform Monsarrat of her unsuccessful effort(s), and will thereafter work with Monsarrat within the next 180 days to attempt to continue to remove or delete such published statements. The Parties agree that this 180 days may be extended by mutual agreement of the Parties.

2. <u>List</u>. Monsarrat shall provide the List to Rosenbaum upon execution of this Agreement.

3. <u>Affidavit</u>. Upon receiving the List, Rosenbaum shall provide to Monsarrat an Affidavit that shall include the following statements, declarations and/or information:

    a. That Rosenbaum has removed any statement regarding Monsarrat that she had posted online anywhere in the world, including but not limited to on any LiveJournal website (whether in a public forum, private forum, "friends only" post, or other category or forum); and that she has reviewed all of her posts on any LiveJournal website, including any "friends only" posts, to verify that she has removed any such statement.

    b. That Monsarrat did not harass Rosenbaum in any way; that Monsarrat did not act inappropriately towards Rosenbaum in any way; and that Monsarrat did not file the Litigation against Rosenbaum because she refused to date him. After making such statements in said Affidavit, then the next sentence in said Affidavit shall be Rosenbaum's apology to Monsarrat for any damages to him and his businesses resulting from her statements or conduct that have been interpreted otherwise, including those statements published at EncyclopediaDramatica.com, LiveJournal website and other online forums, worded as follows: "Monsarrat did not harass me in any way, Monsarrat did not act inappropriately towards me in any way, and Monsarrat did not file litigation against me because we did not date. I sincerely regret my role in this matter and the trouble it has caused for Mr. Monsarrat."

    c.    The ED Intermediary's name; any contact information (including any mailing address, email address, telephone number, internet service provider, IP address and/or MAC address) Rosenbaum has for the ED Intermediary; a chronology of Rosenbaum's interactions with the ED Intermediary, including a list of dates and times and summary of those interactions; where possible (attached as an exhibit to the Affidavit), copies of communications between Rosenbaum and the ED Intermediary; and, if known by Rosenbaum, the IP Address and/or MAC Address used by the ED Intermediary.

    d.    That the Affidavit includes all such information that she currently has regarding the ED Intermediary described above.

    e.    That Rosenbaum cannot identify any Other ED Person.

    f.    That Rosenbaum has reviewed and considered the List in preparing the Affidavit, and identifying from the List any Known User; or, if there are none, that Rosenbaum knows none of the LiveJournal users on the List; and that she has identified in the Affidavit all Known Users, if any.

    g.    The Affidavit shall not include any statement by Rosenbaum that the Affidavit was executed as a condition of a compromised settlement, satisfaction of judgment, in lieu of cash consideration, or any like statements.

    h.    The Affidavit shall take all reasonable efforts to exclude hyperbolic or inflammatory language.

4.    <u>Information About Known Users</u>. If Rosenbaum identifies in the Affidavit any Known Users, then upon receiving the Affidavit, Monsarrat shall provide to Rosenbaum, for any and all such Known Users, their private contact information (except for any such Known Users for whom Rosenbaum informs Monsarrat that she already has contact information) and a list of specific online comments by those Known Users about Monsarrat that he would like removed.

5.    <u>Requests</u>. If Rosenbaum identifies in the Affidavit any Known Users, or knows them otherwise, then upon receiving the Information described in Section 4, and on a per individual request basis only, Rosenbaum shall then Privately communicate with each such requested Known User to request that such Known Users remove the online comments specified by Monsarrat, and shall then notify Monsarrat that she has made any such request to such Known User. It is the Parties' understanding that Monsarrat may elect that Rosenbaum does not contact any user, but if he does, then any request shall be on a case-by-case basis and as specifically requested by Monsarrat to Rosenbaum. The Parties also agree that:

    a.    No such request shall be deemed a violation of Section 9 of this Agreement if during such request she does not violate the terms and conditions of Section 9.

PL0036

    b.    Monsarrat agrees that any such Known User's response to any such request would be beyond Rosenbaum's control.

    c.    Provided that Rosenbaum's communications with any such Known User are statements that can be found in her Affidavit that is incorporated into this Agreement, Monsarrat hereby releases Rosenbaum from any claim or liability related to any such Known User's response or other acts subsequent to any such request.

6.    <u>Notice</u>. Upon Rosenbaum's completion of her obligations set forth in Sections 1, 3 and 5 of this Agreement, Monsarrat shall notify any collections firm or agency retained to collect on the Judgment, and any credit bureau or agency notified of the Judgment by Monsarrat (or by any of Monsarrat's agents, including any collections firm or agency) that the claim and Judgment have been released in full; that no attempt to collect on the Judgment shall be made; and Monsarrat will work with Rosenbaum so that the Judgment shall have no negative effect on Rosenbaum's credit or credit rating, whereby if such debt collection efforts have not terminated or the Judgment is still identified as outstanding 45 days from Rosenbaum's completion of said obligations under this Agreement, then Rosenbaum will inform Monsarrat of such fact, and Monsarrat will thereafter work with Rosenbaum within the next 180 days so that the Judgment shall be deemed satisfied on Rosenbaum's credit or credit rating. The Parties agree that this 180 days may be extended by mutual agreement of the Parties.

7.    <u>Releases as to Monsarrat</u>. Upon Monsarrat's completion of his obligations set forth in Sections 2, 4, and 6 of this Agreement, the following shall be effective: Rosenbaum generally and unconditionally releases, acquits, and forever discharges Monsarrat of and from any and all claims, demands, debts, liens, liabilities, obligations, accounts, causes of action, damages, costs and expenses of any kind, whether known or unknown, discovered or undiscovered, anticipated or unanticipated, direct or indirect, contingent or fixed, and whether or not asserted in the Litigation, which she ever had, now has, or may have in the future against Monsarrat.

8.    <u>Releases as to Rosenbaum and Rosenbaum's Counsel</u>. Upon Rosenbaum's completion of her obligations set forth in Sections 1, 3 and 5 of this Agreement, the following shall be effective:

    a.    In specific regards to the Litigation only, Monsarrat generally and unconditionally releases, acquits, and forever discharges Rosenbaum of and from any and all claims, demands, debts, liens, liabilities, obligations, accounts, causes of action, damages, costs and expenses of any kind, whether known or unknown, discovered or undiscovered, anticipated or unanticipated, direct or indirect, contingent or fixed, whether filed or not, as specifically related to the Litigation that occurred prior to the Effective Date of this Agreement, which he ever had, now have, or may have in the future against Rosenbaum.

    b.    Provided that Rosenbaum and/or Rosenbaum's Counsel do not breach the terms and conditions of Section 9 of this Agreement, Monsarrat generally and unconditionally releases, acquits, and forever discharges Rosenbaum from the Judgment, any costs or fees incurred in any attempt to collect on the Judgment, and any interest on the Judgment.

    c.    Provided that Rosenbaum and/or Rosenbaum's Counsel do not breach the terms and conditions of Section 9 of this Agreement, Monsarrat generally and unconditionally releases, acquits, and forever discharges Rosenbaum and Rosenbaum's Counsel from any and all claims, demands, debts, liens, liabilities, obligations, accounts, causes of action, damages, costs and expenses of any kind, whether known or unknown, discovered or undiscovered, anticipated or unanticipated, direct or indirect, contingent or fixed, and whether or not asserted in the Litigation, which he ever had, now have, or may have in the future related to any (1) past action or statement by Rosenbaum and/or Rosenbaum's Counsel; (2) action or statement Rosenbaum and/or Rosenbaum's Counsel shall make in order to fulfill any term and or condition of this Agreement; and (3) any action or statement any third party, including without limitation any Known User and the ED Intermediary, has made or shall make related to any action or statement by Rosenbaum or Rosenbaum's Counsel.

9.    <u>Nondisparagement and Nondisclosure</u>. Rosenbaum shall not make any statement purposely criticizing or disparaging Monsarrat. Notwithstanding the foregoing, it shall not be considered a breach of this Section if:

    a.    Monsarrat restates verbatim, or rephrases in his own words, any or all statements in the Affidavit or this Agreement to a third party;

    b.    Rosenbaum restates verbatim, or rephrases in her own words, any or all of statements in the Affidavit to any Known User with whom she communicates Privately or via a legal proceeding pursuant to Section 5 of this Agreement;

    c.    Either Party discloses this Agreement and/or the Affidavit to any court under seal, having received leave of court to do so under seal; and/or

    d.    Either Party discloses this Agreement and/or the Affidavit to any law firm or attorney under an "Attorney's Eyes Only" agreement designed to preserve the confidentiality of said document;

10.    <u>Notices</u>. Any notice or communication desired or required to be given by either Party to the other shall be made in writing via counsel, whether by mail or email, at the following addresses and/or email addresses (unless and until notice of an alternate recipient, address or email address is provided hereafter).

    a.    Notices to Rosenbaum shall be made to:
Dan Booth
Booth Sweet LLP

PL0038

        32R Essex Street, Suite 1A
        Cambridge, MA 02139
        dbooth@boothsweet.com

  b.  Notices to Monsarrat shall be made to:
       Mark Ishman
       Ishman Law Firm, P.C.
       9660 Falls of Neuse Road, Suite 138-350
       Raleigh, NC 27615
       mishman@ishmanlaw.com

11. **Each Party To Bear Its Own Costs.** The Parties shall bear their own costs, expenses, and attorneys' fees and disbursements incurred in connection with the Litigation and this Agreement.

12. **Attorneys' Fees.** In the event of any breach of this Agreement, the breaching party shall be liable to the non-breaching party for all costs and expenses, including attorneys' fees, incurred by the non-breaching party in connection with enforcement of this Agreement.

13. **Successors and Assigns.** This Agreement is binding upon each of the Parties and their successors and assigns, and the Agreement shall inure to the benefit of each of the Parties, their successors and assigns in all respects.

14. **Execution Knowing and Voluntary.** Each Party acknowledges and represents that he or she (a) has fully and carefully read and considered this Agreement prior to its execution; (b) has been or has had the opportunity to be fully apprised by an attorney of the legal effect and meaning of this document and all terms and conditions hereof; (c) has had the opportunity to make whatever investigation or inquiry deemed necessary or appropriate in connection with the subject matter of this Agreement; (d) has been afforded the opportunity to negotiate as to any and all terms hereof; and (e) is executing this Agreement voluntarily, free from any undue influence, coercion, duress, or fraud.

15. **Interpretation of this Agreement.** The Parties to this Agreement have cooperated in the drafting and preparation of this Agreement. Each Party acknowledges and agrees that this Agreement shall not be deemed prepared or drafted by any one Party. In the event of any dispute between the Parties concerning this Agreement, the Parties agree that any rule of construction to the effect that any ambiguity in the language of the Agreement is to be resolved against the drafting party shall not apply. Paragraph headings are for convenience only and shall not be construed to alter in any way the meaning of the text of the paragraphs that they precede. This Agreement shall be governed by, construed under, and enforced in accordance with the laws of the Commonwealth of Massachusetts, without regard to conflict of laws rules.

16. **Severability.** In the event any one or more of the provisions of this Agreement is determined to be invalid, illegal, or unenforceable, such provision shall be fully

PL0039

severable, the Agreement shall be construed and enforced as if such provision had never comprised a part of the Agreement, and the remaining provisions of the Agreement shall remain in full force and effect.

17. Complete Agreement. This Agreement constitutes the complete and exclusive statement of agreement of each of the Parties relative to the subject matter hereof, and supersedes all previous oral or written proposals, negotiations, representations, or understandings concerning the subject matter. This Agreement may not be modified except by a writing executed by the Parties or their authorized representatives; and each of the Parties expressly disclaims any right to enforce or claim the effectiveness of any oral modification to this Agreement based upon a course of dealing, waiver, reliance, estoppel, or other similar theory of law.

Counterparts. This Agreement may be executed in one or more counterparts, including electronically transmitted counterparts, all of which, when taken together, shall be deemed one and the same instrument. Each of the signatories to this Agreement represents that he or she is fully authorized to sign for and bind the party on whose behalf the signature is provided.

| JONATHAN MONSARRAT | HANNAH SPIERMAN |
|---|---|
| By: _____ | By: /s/ *signature* |
| Date: _____ | Date: 1/3/14 |

| | |
|---|---|
| State of _____ ) | State of NEW YORK ) |
| ) ss. | ) ss. |
| County of _____ ) | County of NEW YORK ) |
| I, _____, Notary Public, certify that Johnathan Monsarrat, as Monsarrat, personally appeared before me this day and acknowledged the due execution of the foregoing instrument. | I, MARTIN LYNCH, Notary Public, certify that Hannah Spierman née Hannah Rosenbaum, personally appeared before me this day and acknowledged the due execution of the foregoing instrument. |
| [Seal] | [Seal] |
| _____, Notary Public | _____, Notary Public |
| My commission expires: _____ | My commission expires: 01/09/2016 |

MARTIN D. LYNCH
Notary Public, State of New York
No. 01LY6253892
Qualified in New York County
Commission Expires January 9, 2016

severable, the Agreement shall be construed and enforced as if such provision had never comprised a part of the Agreement, and the remaining provisions of the Agreement shall remain in full force and effect.

17. Complete Agreement. This Agreement constitutes the complete and exclusive statement of agreement of each of the Parties relative to the subject matter hereof, and supersedes all previous oral or written proposals, negotiations, representations, or understandings concerning the subject matter. This Agreement may not be modified except by a writing executed by the Parties or their authorized representatives; and each of the Parties expressly disclaims any right to enforce or claim the effectiveness of any oral modification to this Agreement based upon a course of dealing, waiver, reliance, estoppel, or other similar theory of law.

Counterparts. This Agreement may be executed in one or more counterparts, including electronically transmitted counterparts, all of which, when taken together, shall be deemed one and the same instrument. Each of the signatories to this Agreement represents that he or she is fully authorized to sign for and bind the party on whose behalf the signature is provided.

| JONATHAN MONSARRAT | HANNAH SPIERMAN |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Date: 3/5/14 | Date: 3/3/14 |
| State of D.C. ) | State of NEW YORK ) |
| ) ss. | ) ss. |
| County of WASHINGTON ) | County of NEW YORK ) |
| I, JUSTIN WASHINGTON, Notary Public, certify that Johnathan Monsarrat, as Monsarrat, personally appeared before me this day and acknowledged the due execution of the foregoing instrument. | I, MARTIN LYNCH, Notary Public, certify that Hannah Spierman née Hannah Rosenbaum, as Rosenbaum, personally appeared before me this day and acknowledged the due execution of the foregoing instrument. [Seal] |
| _[signature]_, Notary Public | _[signature]_, Notary Public |
| My commission expires: 10/31/2018 | My commission expires: 01/09/2016 |

[Seal: JUSTIN WASHINGTON, NOTARY PUBLIC, DISTRICT OF COLUMBIA, EXP. 10-31-18]

JUSTIN WASHINGTON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 31, 2018

MARTIN D. LYNCH
Notary Public, State of New York
No. 01LY6253692
Qualified in New York County
Commission Expires January 9, 2016

-7-

PL0041