UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN MONSARRAT, )<br>)<br>*Plaintiff*, )<br>) <br>v. )<br>)<br>BRIAN ZAIGER )<br>)<br>*Defendant*. )<br>) | CIVIL ACTION NO. 17-cv-10356-PBS |

**PLAINTIFF'S  MEMORANDUM IN SUPPORT OF HIS RULE 54(b) MOTION FOR RECONSIDERATION OF DISMISSAL OF <u>DIRECT</u> INFRINGEMENT CLAIMS.**

The plaintiff Jonathan Monsarrat files this memorandum in support of his motion for reconsideration of the Court's December 21, 2017 interlocutory order dismissing as time barred his  standalone "inherently unknowable" <u>direct</u> infringement claims against the defendant Brian Zaiger.

**I.        BACKGROUND AND RELEVANT PROCEDURAL HISTORY.**

In his March 2, 2017 Verified Complaint, Doc. # 1, Jonathan Monsarrat sued Doe Defendants 1-5  as the owners and/or operators of the Encyclopedia Dramatica website for secondary copyright infringement. Brian Zaiger was named as a defendant as the administrator of the website. The initial complaint did not seek redress for direct infringement, *i.e.,* the unauthorized copying/reproduction of Monsarrat's copyrighted works.

Pursuant to leave of Court service of the summons and complaint was duly made on the Doe defendant owners. (Doc. #13).

On April 26, 2017, the defendant Zaiger was served with the summons and complaint.

(Doc. # 14).¹ On May 3, 2017, Monsarrat filed a motion to allow expedited discovery on the website's third party ISP's to "ascertain the true identity of the Doe Defendants allegedly liable for infringement of" Monsarrat' copyrighted works. (Docs. #15, #15-1). On May 10, 2017, this Court entered an Order, Doc. 16, requiring Cloudflare "to disclose [the] identity of Def. Does 1-5 [the owner or owners of the website]." The Order did not purport to require the identification of the individual who without authorization had copied Monsarrat's copyrighted works and then posted them on the Encyclopedia Dramatica website. There was no claim of direct infringement then in the case.

On October 25, 2017, pursuant to leave Monsarrat filed an amended complaint solely against Zaiger for two separate counts of copyright infringement. (Doc. # 58). Monsarrat sued Zaiger for direct infringement alleging that in October 2011 and separately in 2012, each time without authorization to do so, Zaiger had copied Monsarrat's copyrighted MIT mascot photograph and then posted or published the unauthorized reproduction, as altered to falsely label Monsarrat as a pedophile, on the Encyclopedia Dramatica website. (Doc. # 58, ¶¶1, 14, 17-19, 26, 46, 48, ). Monsarrat also sued Zaiger as the owner and operator of the Encyclopedia Dramatica website for unauthorized use of his copyrighted photograph seeking redress for secondary copyright infringement. (Doc. # 58, ¶¶20, 27, 29, 33, 49, 51, 53, 58-62, 63).

Monsarrat alleged that Zaiger was aware that Cloudflare's compliance with this Court's subpoena would identify him as owner of the Encyclopedia Dramatica website. (Doc. # 58, ¶38). Monsarrat alleged further that realizing he was about to be unmasked as the defendant

---

¹ On May 26, 2017, Zaiger filed his answer, affirmative defenses and counterclaim. (Doc. # 24). On June 13, 2017, the plaintiff filed his answer and affirmative defenses to Zaiger's counterclaim. (Doc. # 31).

website owner liable for secondary infringement, Zaiger as the user/contributor known as Mantequilla took down from the Encyclopedia Dramatica website the unauthorized copy of Monsarrat's copyrighted MIT mascot photograph. (Doc. # 58, ¶¶14, 38, 39). By his actions and statements upon and shortly after having been served in hand with the original March 2, 2017 lawsuit, Monsarrat alleged Zaiger provided a basis to infer that Zaiger was Mantequilla. (Doc. # 58, ¶¶ 38-42).

The amended complaint alleges that Cloudflare has no access to or control over any content of the Encyclopedia Dramatica website. (Doc. # 58, ¶34).

On October 30, 2017, Zaiger filed a motion to dismiss the amended complaint for failure to state a claim. (Docs. # 59 and #60). Not contesting the allegations that without authorization he had twice copied and displayed the MIT mascot photograph Zaiger contended all the copyright claims were time barred because Exhibits C and D to the Amended Complaint, screenshots "dated October 22, 2012 and May 11, 2013 respectively," revealed that Monsarrat "knew of the 'infringement' for more than three years." (Doc. # 60 at 6). On that contention Zaiger argued that because the Amended Complaint did not allege that he had "directly or indirectly republished the allegedly infringing works within the three years prior to filing suit… [t]here has been no separate accrual," and the entire amended complaint "must be dismissed." (*Id*. at 7). Zaiger also contended that Monsarrat's failure to have filed suit earlier precluded any application of equitable tolling principles. (*Id.* at 7-8).

In opposition, among other things, Monsarrat pointed out:

> There is no allegation in the Amended Complaint that plaintiff had actual knowledge before April/May 2017 that it was Zaiger, as Mantequilla in October 2011 or as the owner of the reconstituted website in 2012, who had copied and publicly displayed his MIT mascot photograph.

3

> Nor does the face of the Amended Complaint establish under the quintessentially fact sensitive reasonability determination that on or before March 1, 2014—three years before he filed his original complaint-- Jonathan Monsarrat "possesse[d] information fairly suggesting some reason to investigate whether he may have suffered an injury at the hands of a putative infringer [here, Zaiger]." *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d at 44.

(Doc. #65 at 13).[2]

On December 21, 2017, the Court issued its Memorandum of Decision. (Doc. #79). The Court stated that "[d]etermining when a reasonable person would have become aware of a copyright infringement is a fact-sensitive enterprise." (Doc. #79 at 9). Nonetheless the Court determined that the amended complaint demonstrates that no later than May 11, 2013, because Monsarrat knew of the use "on Defendant's website" of his "copyrighted June 2000 MIT mascot photograph… he knew of the act which is the basis for the claim … more than three years before … [he] filed his original complaint on March 2, 2017." (Doc. #79 at 9-10).   Emphasizing that Monsarrat could have brought a John Doe lawsuit reasonably promptly after learning of the act forming the basis for his claim, but did not, the Court ruled that under the discovery rule Monsarrat's infringement claim accrued when Monsarrat  knew "'or had reason to know of the act which is the basis of the claim.'" ( Doc. #79 at 9).   On these findings and rulings the Court held the amended complaint must be dismissed as time barred.

## II.     STANDARD FOR MOTION FOR RECONSIDERATION.

> Interlocutory orders ... remain open to trial court reconsideration, and do not constitute the law of the case. …; *see* Fed.R.Civ.P. 54(b) (absent an entry of a final judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all the claims").

*Latin Am. Music Co. Inc. v. Media Power Grp., Inc.,* 705 F.3d 34, 40 (1st Cir. 2013)(citations omitted).

---

[2] Because Zaiger's motion had not contested the allegations that he was the unauthorized copier, Monsarrat'

> [District] courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice….. When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions. ... In order to accommodate these competing interests, a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.

*Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)(citations omitted).

### III.     ARGUMENT.

A.  *The Erroneous application of the Discovery Rule to plaintiff's direct infringement claims is manifestly unjust.*

> A claim ordinarily accrues when [a] plaintiff has a complete and present cause of action. … In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief.

*Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S. Ct. 1962, 1969, 188 L. Ed. 2d 979 (2014). While the general rule is a

> copyright claim thus arises or accrues when an infringing act occurs, … nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a "discovery rule," which starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."

*Id.* at 1979 and 1979 n.4.

While a co-author of a work knows he has a potential Declaratory Judgment claim of copyright ownership at the moment of creation of the work, *Santa Rosa v. Combo Records*, 471 F.3d 224, 227-228 (1st Cir. 2006), a copyright owner's claim for direct infringement does not accrue until he "knows or has reason to know," *id.*, that, "as a factual matter, the defendant copied the plaintiff's copyrighted material." *Johnson v. Gordon*, 409 F.3d 12, 17-18 (1st Cir. 2005). "[I]n order to toll the statute of limitations pursuant to the discovery rule, the factual basis for the cause of action must have been 'inherently unknowable' at the time of injury." *Gonzalez*

5

*v. United States*, 284 F.3d 281, 288–89 (1st Cir. 2002), as corrected (May 8, 2002)(citations and quotations omitted).

As Judge Wolf recently explained

> where a plaintiff has suffered an "inherently unknowable" wrong, his claim does not accrue until he knows or reasonably should know of "two related facts: (1) that he was harmed; and (2) that his harm was caused by the defendant's conduct." Harrington v. Costello, 467 Mass. 720, 725, 7 N.E.3d 449 (2014). The plaintiff has the required notice of these two facts when a "reasonable inquiry would have disclosed" them.

*Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 272–73 (D. Mass. 2017) (quotation omitted).

In *Harrington v. Costello*, the Massachusetts Supreme Judicial Court held that the "discovery rule" applies to defamation actions because

> the equitable reason for delaying accrual until a plaintiff knows or reasonably should know that the harm he suffered may have been caused by another person's tortious conduct applies with equal force where the plaintiff is, and has reason to be, unaware of the identity of the tortfeasor.... Knowledge of the responsible person's identity seems implicit in the requirement that a plaintiff know that the defendant's conduct caused him harm; without such knowledge, the plaintiff does not know whom to sue. Accordingly, a more precise way to state the discovery rule is the following: a cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that (1) he has suffered harm; (2) his harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm.

467 Mass at 727.

For purposes of this motion Monsarrat concedes that as of May 11, 2013, he possessed sufficient facts to warrant "a reasonable person in …[his] circumstances to inquire or investigate further,.. [indeed] giv[ing] rise to a duty to inquire into the possible existence of a claim." *McIntyre v. United States*, 367 F.3d 38, 52 (1st Cir. 2004). That being so, it is also true Monsarrat, "is charged with the knowledge of 'what he … would have uncovered through a reasonably diligent investigation.'" *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F.

6

Supp. 2d 20, 76 (D. Mass. 2007), aff'd, 582 F.3d 156 (1st Cir. 2009)(quoting *McIntyre,* 367 F.3d at 52).

The subpoena this Court issued in 2017 revealed only a cause of action for secondary infringement against Zaiger as the owner of the website. It did not produce a basis to sue Zaiger for the 2011 and/or the 2012 discrete direct infringement claims for his unauthorized reproduction(s) of Monsarrat's copyrighted MIT mascot photograph.

Had Monsarrat filed the same John Doe lawsuit back in 2013, a subpoena to Cloudflare presumably would have revealed that Zaiger was the owner or operator of the Encyclopedia Dramatica website. But identification of the party responsible for the continued display of the infringing MIT mascot photograph on the Encyclopedia Dramatica website can only be inquiry notice of the harm to Monsarrat from the separate wrong of secondary infringement chargeable to the website owner.

Monsarrat's amended complaint did not allege, and there is nothing in the record of the case to suggest, much less conclusively demonstrate, that a follow up subpoena to the owner or administrator of the Encyclopedia Dramatica website to identify this Mantequilla would have been fruitful.[3]

As of 2013, Monsarrat knew that his copyrighted MIT mascot photograph had been twice copied and, as altered to falsely label him a pedophile, then displayed on the Encyclopedia Dramatica website. But there is nothing in the Amended Complaint suggesting, much less

---

[3] While not in the record, according to Zaiger the Encyclopedia Dramatica website does not possess a permanent record of the email address or the IP address of a user who makes a posting. Hence had Monsarrat filed the same John Doe lawsuit in 2013 and thereby ascertained Zaiger to be the owner of the website, any follow up subpoena to the Encyclopedia Dramatica website seeking records to identify the pseudonymous poster Mantequilla or the re-poster in 2012 would have been fruitless.

demonstrating, that "through the exercise of reasonable diligence" Monsarrat could have detected that Zaiger was the direct infringer.  Hence that Zaiger aka Mantequilla had been the unauthorized copier was inherently unknowable.

> [U]nder the discovery rule, knowledge of the identity of the defendant is necessary for a cause of action to accrue—in addition to knowledge of the harm for which recovery is sought and of the cause of that harm. In the case of defamation, however, the harm for which recovery is sought, at its core, is the publication of the defamatory material, and therefore it is knowledge of the publisher's identity that is required….

*Harrington v. Costello,* 467 Mass at 721.

The amended complaint plausibly alleges the direct infringement claims only accrued when Monsarrat "possesse[d] information fairly suggesting some reason to investigate whether he may have suffered an injury at the hands of a putative infringer [here, Zaiger]." *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008). The allegations are that in April-May 2017 after Zaiger had been served with the initial complaint Mantequilla took down the infringing photograph from the Encyclopedia Dramatica website and Zaiger made certain statements about the removal.  (Doc. # 58, ¶¶ 14, 38-42). Only then was Monsarrat reasonably able to infer that Zaiger was the direct infringer.

    *B.  Any genuine questions of fact as to application of the discovery rule are for the jury.*

It is Zaiger's burden of proof on his affirmative defense of the statute of limitationShould there be any disputed issues of fact as to the accrual of the cause of action under the discovery rule  they are for the jury. *Cambridge Plating Co. v. Napco, Inc.*, 991 F.2d 21, 29-30 (1st Cir. 1993).

## IV.  CONCLUSION.

WHEREFORE the Court should allow plaintiff's motion for reconsideration and vacate the December 21, 2017 interlocutory dismissal of plaintiff's direct infringement claims against the defendant Brian Zaiger.

DATED: January 31, 2018                          Respectfully submitted,

JONATHAN MONSARRAT,
Plaintiff,

By his attorney,

*/s/  Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on January 31 , 2018.
*/s/ Richard A. Goren*