UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| JONATHAN MONSARRAT, ) | |
| ) | |
| *Defendant in counterclaim*, ) | |
| ) | CIVIL ACTION NO. 17-cv-10356-PBS |
| v. ) | |
| ) | |
| BRIAN ZAIGER ) | |
| ) | |
| *Plaintiff in counterclaim.* ) | |
| _____) | |

**DEFENDANT IN COUNTERCLAIM'S MOTION TO STRIKE  PLAINTIFF IN COUNTERCLAIM'S OPPOSITION TO DEFENDANT IN COUNTERCLAIM'S MOTION  FOR JUDGMENT ON THE PLEADINGS and TO ADMONISH ZAIGER'S COUNSEL TO COMPLY WITH THIS COURT'S RULES OF PROFESSIONAL CONDUCT.**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Jonathan Monsarrat, defendant in counterclaim ("Monsarrat"), moves this Court for an Order (a) striking Brian Zaiger plaintiff in counterclaim's ("Zaiger") entire  January 31, 2018 opposition to Monsarrat's motion for judgment on the pleadings (Docs. 96, 96-1, 96-2, 96-3, 96-4, 95-5, 96-7 and 96-8)  ("Zaiger's Opposition"); and, (b) admonishing Zaiger's counsel to comply with this Court's Rules of Professional Conduct.  The February 12, 2018 affidavit of Jonathan Monsarrat ("Monsarrat Aff.") is filed in support; and, with leave as is the February 8, 2018 affidavit of Monsarrat's counsel. Doc.102-1.

Monsarrat seeks this relief because Zaiger's Opposition is an improper use of the process of filing pleadings with this Court for the purpose of launching scandalous attacks against Monsarrat which unnecessarily impugn Monsarrat's moral character to his actual economic and personal prejudice.  Zaiger's Opposition is rife with immaterial contentions including numerous

statements and pejorative opinions of counsel all of which are not even remotely necessary for a determination of whether Zaiger's counterclaim states a claim for which relief can be granted. But for the litigation privilege these immaterial, scandalous statements would be fair grist for a defamation action, and as such are wholly inappropriate in pleadings before this Court and should be stricken pursuant to Rule 12(f).[1]

## I.      RELEVANT PROCEDURAL BACKGROUND.

All that is presently pending in this case is Zaiger' counterclaim under 17 U.S.C. §512(f).[2]  On January 23, 2018, pursuant to Fed. R. Civ. P. 12 (c), Monsarrat moved for judgment on the pleadings contending that as a matter of law Zaiger's counterclaim fails to state a claim for which relief can be granted under 17 U.S.C. §512(f).  Doc. 90.  The unambiguous theory of Monsarrat's motion is that  "[t]aking the counterclaim's 'well-pled allegations as true and viewing the other facts in the light most favorable to' him, Zaiger's counterclaim 'does not allege enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 4 (citation omitted). On January 31, 2018, Zaiger filed a 20  page opposition, Doc. 96, and eight exhibits, of

---

[1] Indeed, the relief provided for in Rule 12(f) need not be granted only upon motion of a party; consistent with the Court's inherent powers to protect the decorum of proceedings before it, the Court may strike such material *sua sponte*. Fed. R. Civ. P. 12(f); see *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (U.S. 1821)).

[2] On May 26, 2017, Zaiger had filed an answer to the original, since vitiated—and non-existent-- March 2, 2017 complaint (Doc.1) and a counterclaim under 17 U.S.C. §512(f).  Doc. 24. Zaiger's counterclaim alleges that  on or about November 9, 2016 Monsarrat sent a takedown notice "pursuant to 7 U.S.C. 512(c)" to the internet service provider Cloudflare regarding "certain material lawfully found on the Encyclopedia Dramatica website" and did so in "violation of 17 U.S.C. §512(f)." (Doc. 24 ¶¶1, 6, 7).  Zaiger alleges that he and the Encyclopedia Dramatica website "did not infringe"  Monsarrat's copyrights and that Monsarrat "knew or should have known" there was no infringement when he sent the takedown notice to Cloudflare. (*Id.* ¶¶13-15). Alleging that as "a direct and proximate result" of Monsarrat's  takedown notice sent in violation of 17 U.S.C. § 512(f) to Cloudflare, Zaiger contends he suffered compensable  injury  under 17 U.S.C. § 512(f), "by among other [unstated] things the financial and personal expenses associated with responding to the complaint and harm to his free speech rights under the First Amendment." (*Id.* ¶¶ 16, 17, 22-24).  The counterclaim does not allege that the allegedly infringing material had been taken down by either Cloudflare or Zaiger much less allege any reason or cause for the takedown.

In his answer to the counterclaim Monsarrat asserted as an affirmative defense, among others, that Zaiger lacks standing. (Doc. 31 at 4).

which only Monsarrat's November 9, 2016 takedown notice to Cloudflare was either referenced or referred to in the counterclaim.

Because there can be no doubt consideration of the numerous scandalous allegations in Zaiger's Opposition is unnecessary to the Court's determination of the legal issue presented by Monsarrat's motion for judgment on the pleadings and because of the prejudice resulting to Monsarrat if that content remains in the pleadings and public record, the Court should first grant Monsarrat judgment on the pleadings on Zaiger's counterclaim, and then in the sound exercise of its discretion strike Zaiger's January 31, 2018 Opposition.

II.    **LEGAL STANDARDS**.

Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f). It is well established federal "courts [may justifiably] refuse[] to permit their files to serve as reservoirs of libelous statements for press consumption." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Green v. Elbert*, 137 U.S. 615, 624 (1891) (striking plaintiff's brief because it "contains many allegations wholly aside from the charges made in his complaint, and bearing reproachfully upon the moral character of individuals, which are clearly impertinent and scandalous, and unfit to be submitted to the court.").

> Scandalous material is that which 'casts an adverse light on the character of an individual or party.'" … Scandalous pleadings for the purpose of Rule 12(f) are those which, " 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court' ... to be scandalous such 'degrading charges must be irrelevant, or, if relevant, must be gone into in unnecessary detail.' "

*Nault's Auto. Sales, Inc. v. Am. Honda Motor Co., Acura Auto. Div.*, 148 F.R.D. 25, 30, 35 (D. N.H. 1993) (citations omitted)(striking memoranda opposing motion to strike as scandalous). See 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 465 (2004)

("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action."); 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."). Cf. *Gauthier v. United States*, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *11 (D. Mass. Sept. 2, 2011) ( "Although the rule refers only to pleadings, courts may use the rule to strike portions of affidavits and other submissions. *Pigford v. Veneman,* 225 F.R.D. 54, 58 n. 8 (D. D.C. 2005)").

The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"). See also *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D. D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'").

## III.   ARGUMENT.

Scandalous content, gratuitously defaming Monsarrat pervades the entirety of Zaiger's Opposition. In fact of the entire 20 pages Zaiger devotes only a handful of sentences in opposition to the contention of Monsarrat's motion for judgment on the pleadings that as a matter of law Zaiger lacks standing for wont of the specified injury mandated under the statute's "expressly limited cause of action for improper infringement notifications."

The first five plus pages of introduction and background are replete with pejorative allegations of "serial harassment of young women," "fraud," "abuse of the law," "hebephile reputation for pursuing underage women," "vandalism," "abusive conduct," "predatory behavior," and imprecations of criminal conduct. These allegations have no conceivable bearing on the Court's decision on the motion for judgment on the pleadings.

The presence of these scandalous allegations in the public record, and accessible over the internet, greatly prejudice Monsarrat in his personal life, adversely affect his entrepreneurial efforts to develop augmented reality games to be marketed to young people of both sexes, and adversely affect his reputation. Monsarrat Aff. ¶¶2-4.

While the Court need not consider whether Monsarrat's takedown notice was made in good faith, Zaiger's Opposition makes further false and completely immaterial allegations that Monsarrat "Acted in bad faith," (Doc. 96 at 8), "lacked a good faith basis" (*id*. at 9), "no good faith belief" (*id*. at 15), and committed "public misdeeds" and "legal misdeeds." (*id*. at 9).

So too the Court need not consider issues of "fair use" to decide the motion for judgment on the pleadings. Yet to support his immaterial argument Zaiger analogizes his calumny about Monsarrat's "harassing [of] young women" to recent news reports about Harvey Weinstein. (*Id*. at 16). And while completely immaterial, Zaiger insists his website's use of the MIT mascot photograph altered to superimpose a pedobear image to which Zaiger added both (i) a caption plainly accusing Monsarrat of being a pedophile and (ii) a statement "PedoJon is alive and well!" posted just above a commercial pornographic advertisement for a porn site featuring photographic images of very young females engaged in sexually explicit conduct must be a "per se fair use." (*Id*.).

*Zaiger's Opposition makes Improper argument not based on the record.*

The counterclaim unambiguously alleges that Zaiger has standing to sue under 17 U.S.C. § 512(f) as an alleged infringer. And, the counterclaim is bereft of any allegation that any service provider removed the allegedly infringing  materials <u>for any reason</u> much less in reliance on what Zaiger alleged to be "knowingly materially misrepresent[ions]  that Mr. Zaiger and Encyclopedia Dramatica infringed Monsarrat's copyrights." (Doc. 24 ¶ 18, counterclaim).

In his opposition, seeking to support his freshly contrived, unpled contention of standing as a service provider, Zaiger falsely portrays his counterclaim as having alleged that "[a]s a service provider, … Zaiger relied on the misrepresentations of Monsarrat [in the takedown notice sent to Cloudflare] and removed the JonMon page…".(Doc. 96 at 8).

This is not the first time Zaiger has disregarded civility in pleadings and made a filing containing scandalous material.

On October 18, 2017, Monsarrat filed a motion for leave to file an amended complaint in which he explicitly informed both the Court and Zaiger that he would separately move to file Exhibits C and D to the amended complaint under seal in order "[t]o avoid publishing in the public record what may well constitute child pornography." (Doc. 44 at 3). These exhibits were duplicates of the  entire jonmon article featuring Monsarrat's copyrighted MIT mascot photograph that without authorization Zaiger had twice copied, first on October 31, 2011 and then in 2012,  and then as altered by the superimposed pedobear image with Zaiger's added caption "Jon Monsarrat reveals his core problem," published by Zaiger on October 31, 2011 and then again in 2012.   Zaiger's October 31, 2011 Jonmon article with his added caption "Jon Monsarrat reveals his core problem" appended  to the altered MIT photograph with the superimposed pedobear in physical contact with the two young girls coupled with Zaiger's

statement "PedoJon is alive and well!" insinuates that Monsarrat is a pedophile. At the end of the article just below Zaiger's statement "PedoJon is alive and well!" was a pornographic advertisement for a porn site featuring photographic images of very young females engaged in sexually explicit conduct.

On October 18, 2017, Monsarrat separately moved for an order that the <u>entire</u> jonmon page be filed under seal as speech promoting child pornography. Doc. 45. On October 20, 2017, Zaiger opposed the motion. Doc. 47.  As part of his opposition Zaiger filed the very subject of the motion to file under seal, namely the entire jonmon page— with the images on the pornographic advertisement redacted. Doc. 47-5. On October 24, 2017, in two separate orders the Court allowed the motion to amend and the motion to file  the entire jonmon article under seal and for the entire jonmon article to remain under seal indefinitely pending further order of Court. (Docs. 55, 56).

*Local Rule 7.1 communications.*

On February 2, 2018, Monsarrat's counsel sent a Local Rule 7.1 letter to Zaiger's counsel setting out the root contentions of this motion to strike. (Affidavit of counsel, Doc. 102-1, ¶10, at 4-5).  There followed over the next three business days several communications. (*Id*. ¶¶11-14, at 5-8).  Despite repeated requests to do so, Zaiger's counsel declined to provide any "reason to justify including allegations and opinions about Mr. Monsarrat in your … opposition [to the motion for judgment on the pleadings]." (*Id*.).

*Zaiger's counsel should be admonished to comply with this Court's Rules of Professional Conduct.*

The defamatory statements and pejorative opinions about Monsarrat in Zaiger's Opposition are made by counsel in apparent disregard of counsel's obligations under the Massachusetts Rules of Professional Responsibility as made applicable in this Court by Local

Rule 83.6.1. See, e.g., Rule 3.1 "**Meritorious claims and contentions**," _Comment_ [2] which

provides that an action is frivolous, and cannot be undertaken as a defense, if

> taken primarily for  the purpose of harassing or maliciously injuring a person, or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

See Rule 3.3 "**Candor toward the Court**" "_Representations by a Lawyer_" _Comment_ 3 ("an

assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a

statement in open court, may properly be made only when the lawyer knows the assertion is true

or believes it to be true on the basis of a reasonably diligent inquiry"); Rule 3.4 "**Fairness to**

**opposing party and counsel**" "A lawyer shall not:"  **(e)(3)**  "assert a personal opinion as to the

justness of a cause, the credibility of a witness, the culpability of a civil litigant…").

## IV.    CONCLUSION.

For the foregoing reasons the Court should grant this motion; and, concurrent with the

Court's disposition of Monsarrat's January 23, 2018 cross motion for judgment on the pleadings,

enter an Order, substantially in the form of the Proposed Order filed herewith:

a.   Striking Zaiger's January 31, 2018 Opposition and all exhibits filed in support,

Docs.96, and 96-1 through 96-8;

b.   Directing Zaiger and/or the administrator of the Encyclopedia Dramatica website to

remove any references to Zaiger's Opposition from that website and/or from any

other website and directing Zaiger and his counsel to take all steps necessary to

prevent further publication of Zaiger's Opposition, or any portion thereof, in any

other forum;

c.   Admonishing Zaiger's counsel to comply with the Massachusetts Rules of

Professional Responsibility including in particular  the standards for civility;

d.  Directing Zaiger and his counsel TO SHOW CAUSE why they should not be ordered to pay Jonathan Monsarrat's reasonable legal fees and expenses incurred in connection with or related to his February 12, 2018 motion to strike; and,

e.  Granting such other relief as is just.

DATED: February12, 2018                    Respectfully submitted,

                                           JONATHAN MONSARRAT,

                                           Defendant in counterclaim,

                                           By his attorney,

                                           *ss/  Richard A. Goren*
                                           Richard A. Goren, Esq. BBO #203700
                                           Law Office of Richard Goren
                                           One State Street, Suite 1500
                                           Boston, MA 02109
                                           617-933-9494
                                           rgoren@richardgorenlaw.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that I conferred by email with the plaintiff in counterclaim's counsel about this motion on Friday February 2nd, Monday February 5th, on Tuesday February 6th and tangentially on Thursday February 8th in a good faith attempt to resolve or narrow the issues. I hereby incorporate by reference my February 8, 2018 affidavit, Doc. 102-1.

*/s/ Richard A. Goren*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on February 12, 2018.

*/s/ Richard A. Goren*