UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN MONSARRAT,

*Defendant in counterclaim,*

v.

BRIAN ZAIGER

*Plaintiff in counterclaim*

CIVIL ACTION NO. 17-cv-10356-PBS

*leave granted February [ ], 2018*

**AFFIDAVIT OF RICHARD GOREN IN REPLY TO ZAIGER'S FEBRUARY 7, 2018 OPPOSITION TO MONSARRAT'S MOTION FOR LEAVE TO FILE A REPLY.**

I, Richard A. Goren, an attorney admitted to practice before the courts of the Commonwealth of Massachusetts, on oath depose and state as follows:

1. I am counsel to Jonathan Monsarrat and submit this affidavit to attest to the Local Rule 7.1 communications of counsel from January 18, 2018 to date. The deadline for filing a response to Zaiger's motion to compel discovery under his counterclaim was January 23, 2018.

2. On January 18, 2018, expressly pursuant to LR 7.1, I emailed Messrs. Randazza and Wolman of my intention to file a motion for reconsideration of Judge Saris' December 21, 2017 dismissal of Monsarrat's copyright claims. I stated that: "While not finalized the motion will argue in material part on the inherently unknowable nature of the claims under the discovery rule. For purposes of conferring under LR 7.1, I presume that Mr. Zaiger will oppose the motion. Correct?" That same day Mr. Randazza replied: "We oppose, But we are very much looking forward to the motion for its entertainment value."

3.      On January 23, 2018, I emailed Zaiger's counsels of Monsarrat's intention to file: a motion for judgment on the pleadings on Zaiger's 17 U.S.C. §512(f) counterclaim; a motion for a protective order or to stay discovery pending a ruling on the motion for judgment on the pleadings; and, Monsarrat's motion to amend his answer to the counterclaim to add defamation claims against Zaiger.

4.      Within a half hour Mr. Wolman emailed a reply. He insisted that in her published opinion in *Martinez v. Hubbard*, 172 F. Supp. 3d 378, 385 (D. Mass. 2016) <u>Judge Saris</u> mandates that in every instance under LR 7.1 counsel must confer by having a speaking, verbal discussion and the first time Mr. Wolman would be available was three days later. Indicating he had some questions as to the bases for each of the proposed motions, Mr. Wolman stated that when we did speak he also would discuss that both the motion for reconsideration and motion to amend "appear to be treading into territory that will subject you and/or your client to sanctions under 28 U.S.C. sec. 1927 and Rule 11."

5.      On January 23, 2018, in opposition to Zaiger's motion to compel discovery under his counterclaim I filed an opposition, Doc. 88., and a cross Motion for judgment on the pleadings on the counterclaim, Doc. 90.

6.      On January 24, 2018, expressly under LR 7.1, I emailed Messrs. Randazza and Wolman and informed them:

(i) I had filed the motion for judgment on the pleadings "following our email correspondence" as "a cross motion because if allowed it moots the motion to compel and preserves counsel's time and judicial resources;"

(ii) the basis for the contemplated motion for protective order or for a stay is simply that "the Court should defer deciding the motion to compel pending decision on

2

the motion for judgment on the pleadings" as this "too preserves counsel's time and judicial resources;" and I will try to file this in the next few days;

(iii) as to the motion to amend under a deadline of January 31st, the motion will seek to "add claims for defamation against Mr. Zaiger for his inherently unknowable postings on his website that falsely labeled Mr. Monsarrat as being a pedophile; and also for Mr. Zaiger defamatory statements published in 2017 in seeking to raise funds for his defense costs."

I informed Messrs. Randazza and Wolman that: "I see no need to speak about these motions. I do not see how we can narrow the issues. If you believe you have something to say that would narrow the issues on these matters, please do so in reply. If that warrants further communication so be it."

A few hours later, on January 24th, Mr. Randazza replied and without specifying one or more subjects to discuss stated that given Judge Saris' preference we should talk.

Shortly after 4:00pm on January 24th I emailed Messrs. Randazza and Wolman:

Marc and Jay

Earlier today as you saw Judge Saris referred your discovery motion to Magistrate Bowler.

It is a waste of judicial resources for the Magistrate to work on the discovery issues when a decision on the motion for judgment on the pleadings may well render the discovery motion moot. So unless you let me know of some reason to consider another factor, tomorrow I will file a motion for protective order/stay on the discovery issue pending Judge Saris' adjudication of the dispositive motion for judgment on the pleadings.

As to the motion to amend there is the upcoming deadline to which I will adhere. I have informed you of the two claims. If you have some issue about my intended motion to amend please specifically so inform me.

The case cited by Jay does not support his contention that Judge Saris requires in every instance that counsel confer over the phone.

3

7.     On January 25, 2018, Monsarrat filed a motion to stay adjudication of the motion to compel pending a determination of Monsarrat's motion for judgment on the pleadings. On January 31, 2018, Zaiger filed an opposition to the motion to stay pending a ruling on the cross motion for judgment on the pleadings. Doc. 95.  In opposition Zaiger stated Monsarrat's counsel could not even be bothered to confer as required under LR 7.1, *id*. at 2 attaching as an exhibit my January 23, 2018 email.

8.     Later on January 31st I emailed Messrs. Randazza and Wolman

Regarding your filing this afternoon of an opposition to the motion to stay adjudication of your motion to compel discovery, you purport to inform the Court of my LR 7.1 email communications. But you neglected, doubtlessly inadvertently, to include my second January 24, 2018 LR 7.1 email. (see below)

Please promptly file a notice of errata and include this  second January 24th LR 7.1 email in your exhibit.

9.     To which Mr. Wolman emailed in reply:

You made your argument in your motion.  You knew we would undoubtedly raise Rule 7.1 it in our opposition, which is why you addressed it in more detail.  You were free to attach your own e-mail at that time, but you chose not to do so.  We saw no need to repeat your argument for you.  There is no erratum.


10.    On Friday February 2, 2018, I emailed a letter to Messrs. Randazza and Wolman.

Re: MONSARRAT v. ZAIGER; Your January 31, 2018 opposition to Monsarrat's cross motion for judgment on the pleadings; LR 7.1 conference

Dear Marc:

     Your  January 31, 2018 opposition to the defendant-in-counterclaim's motion for judgment on the pleadings  and accompanying eight exhibits are replete with immaterial, scandalous allegations unnecessarily reflecting on the moral character of Mr. Monsarrat. And you also included your personal, pejorative opinions about Mr. Monsarrat.  There is no conceivable, justifiable reason these scandalous allegations or  your personal opinions have any bearing on the question of law presented by the cross motion for judgment on the pleadings on  the sole cause of action presently pending in the case.

4

The motion for judgment on the pleadings plainly and unambiguously contends that your counterclaim fails to state a claim for which relief can be granted-- namely that Mr. Zaiger lacks standing for wont of the specified injury mandated by the precise, limited statutory remedy. Accepting all of the allegations of the counterclaim as true and construing them in a light most favorable to Mr. Zaiger, the cross motion contends the sole cause of action pleaded under Section 512(f) of the DMCA fails. The counterclaim is unambiguously predicated on Mr. Monsarrat's November 9, 2016 takedown notice to Cloudflare and alleges that the specified notice to Cloudflare was issued in violation of Section 512(f) resulting in damage to Mr. Zaiger compensable under that statute. The counterclaim did not allege that Cloudflare took down or blocked access to the material targeted by the takedown notice.

The motion for judgment on the pleadings presents a question of law.

Yet your entire filing in opposition, both argument and extraneous documents, is replete with derogatory and <u>completely immaterial</u> statements and contentions. I also call your attention to the Massachusetts Rules of Professional Conduct, Rule 3.4 "Fairness to Opposing Party and Counsel" and subsections (e)(1) and (3) mandating that a lawyer "shall not… (1) state or allude to any matter that the lawyer does not reasonably believe is relevant…[and shall not] (3) assert a personal opinion as to the justness of a cause, the credibility of a witness, [or] the culpability of a civil litigant…".

Pursuant to Local Rule 7.1 I invite you to respond as to why on Monday I should not move to strike the <u>entire</u> filing under Rule12(f).

11. In reply on Friday February 2nd Mr. Randazza wrote:

"Richard, I don't know what you're talking about. When do you want to get on a call?"

12. On Monday morning February 5th I replied to Mr. Randazza:

Your email suggests you did not read the papers filed with your signature.

If you have some reason to justify including allegations and opinions about Mr. Monsarrat in your January 31, 2017 opposition, please reply stating the basis for doing so and I can {*sic I*} be available between 12:30 and 2:30pm today to discuss that stated basis.

13. Without responding to my request, at 12:36pm February 5th by email Mr. Randazza purported to set up an telephone conference call. About ten minutes later I emailed Messrs. Randazza and Wolman:

Please provide an email reply stating as I had indicated below

5

> ==If you have some reason to justify including allegations and opinions about Mr. Monsarrat in your January 31, 2017 opposition, please reply stating the basis for doing so and I can I be available between 12:30 and 2:30pm today to discuss that stated basis.==
>
> Then we can have a telephone discussion.
>
> This is not complicated. If you have some legal predicate just so state.

At 4:02pm on February 5th Mr. Randazza emailed me:

> " We tried calling your office. We were informed that you were unavailable.
> I remain at a loss as to what you're complaining about."

At 4:24pm on February 5th I emailed in reply to both Messrs. Randazza and Wolman:

> Marc,
> I am sorry I missed your call as I am working at home; I have a bit of a cold—hopefully not the flu.
> In all events I have told you I decline to have a telephone discussion unless you respond to my 2-2-18 LR 7.1 written communication (attached).
>
> And I fail to see how you can say: "I remain at a loss as to what you're complaining about."
>
> If as my 2-2-18 LR 7.1 written communication (attached) requested, you refuse to identify any conceivable basis for including in your opposition to the Rule 12 (c) motion for judgment on the pleadings allegations and opinions about Mr. Monsarrat there is nothing to confer further on. I have informed you of the reasons for filing the motion.
>
> If you have any such conceivable basis it is your continuing refusal to identify it that would impede the court's process. Your persistence that I participate in an open ended telephone conference call based on Judge Woodlock's decision in Martinez v Hubbard 172 F.Supp.3d 378 is misplaced. I have told you that before.
>
> This is also a follow up LR 7.1 communication concerning the motion for judgment on the pleadings.
>
> I intend to seek leave to file a reply on the motion for judgment on the pleadings. It will be most brief. When I put pen to paper, I will so inform you of the thrust under LR 7.1 and inquire whether you will you consent or not object (obviously without prejudice)

At 5:50pm on February 5th Mr. Wolman emailed me

> Let me see if I can clarify Marc's request to orally confer (which is required anyhow):

6

I understand you to wish to move to strike something you claim is scandalous and immaterial. What is it that you claim is either scandalous or immaterial? That is, please quote us to us so we are all on the same page. This would be far simpler to do telephonically.

Your letter is particularly puzzling in light of the litigation to date, which we believe is necessary to discuss to avoid further multiplication of the proceedings.

14. On Tuesday February 6th at 10:17 am I emailed Messrs. Randazza and Wolman:

This is a LR 7.1 communication on two discrete subjects:

(i) defendant in counterclaim's motion for leave to file a reply to plaintiff in counterclaim's opposition to defendant in counterclaim's motion for judgment on the pleadings; and,
(ii) defendant in counterclaim's motion to strike plaintiff in counterclaim's opposition to defendant in counterclaim's motion for judgment on the pleadings.

The reply will address the issue raised by your opposition's contention that the motion for judgment on the pleadings "misconstrues the statute."

Please advise as to your position: (i) assent; (ii) do not object; or (iii) you tell me. Kindly do so today.

As to the second subject and your request

I understand you to wish to move to strike something you claim is scandalous and immaterial. What is it that you claim is either scandalous or immaterial? That is, please quote us to us so we are all on the same page. This would be far simpler to do telephonically.

Your letter is particularly puzzling in light of the litigation to date, which we believe is necessary to discuss to avoid further multiplication of the proceedings.

At present the sole purported cause of action pending in this case is the May 26, 2017 counterclaim as to which defendant in counterclaim contends fails to state a claim.

My February 2d letter in *haec verbae* pointed out that the motion for judgment on the pleadings "presents a question of law."

As counsel to Mr. Zaiger you filed a flurry of documents, your brief and exhibits, the entirety of which is the subject of the contemplated motion to strike.

Nor will I "quote" any specific scandalous lies, gratuitous pejorative opinions, and/or defamation and hence give counsel another opportunity to publicly publish same in the

7

public record by means of some purported sworn lament about counsels' Local Rule 7.1 communications.

And I will resist the temptation to comment or question the line drawing on zealous advocacy by Mr. Zaiger's counsel.

15. At 5:24pm February 6, 2018, I filed Monsarrat's motion for leave to file a reply to Zaiger's opposition to the motion for judgment on the pleadings.

16. The next day Zaiger filed an opposition to the motion for leave to file a reply predicated in material part on his contention that Monsarrat refuses to litigate in good faith as evidenced by the February 6th email set forth in paragraph 14.

EXECUTED UNDER THE PENALTIES OF PERJURY THIS 8TH DAY OF FEBRUARY, 2018

*/s/ Richard A. Goren*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on February 8, 2018.

*/s/ Richard A. Goren*

8