# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ZAIGER, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:17-cv-10356-PBS <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Despite representing to the Court that he needed extra time simply to respond to the pending motion to compel (Dkt. No. 84), beginning the same day that response was filed (Dkt. No. 88), and every few days since, Monsarrat has filed a new, meritless motion. *See* Dkt. Nos. 90, 92, 93, 94, 98 & 99. The latest motion (to date) is one seeking reconsideration of this Court's Order (Dkt. No. 79) allowing Defendant's motion to dismiss the first amended complaint as time-barred. *See* Dkt. Nos. 98 & 99. This vexatious multiplication of proceedings is an affront to 28 U.S.C. § 1927 and should not be countenanced. Mr. Zaiger hereby opposes Plaintiff's Rule 54(b) Motion for Reconsideration of Dismissal of <u>Direct</u> Infringement Claims (Dkt. No. 98).

**1.0   There is No Basis for Reconsideration**

Monsarrat's motion is brought pursuant to Fed. R. Civ. P. 54(b), which asserts that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." But, just because the Court is empowered to revise a judgment, does not mean it should – especially when the grounds for doing so are so thin, and seem to be based in nothing more than a desire to multiply the proceedings.

As the Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration, such motions are usually decided pursuant to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *In re Urbelis*, 15-cv-12358-ADB, 2018 U.S. Dist. LEXIS 17127, at *8 (D. Mass. Feb. 2, 2018) (internal citation and quotation marks omitted).

The motion for reconsideration was filed more than twenty-eight days after the order of dismissal was entered. "A motion is generally treated as filed pursuant to Rule 59(e) or Rule 60(b) based upon its filing date." *Urbelis*, *supra* at *8. Thus, Plaintiff does not enjoy the full range of relief under Fed. R. Civ. P. 59(e).[1]

Monsarrat does not specify the basis for reconsideration under Rule 60(b). Rather, in his header for Section III(A), he calls the Court's application of the discovery rule "erroneous" and "manifestly unjust." Dkt. No. 99 at 5. If anything, then, it must be reviewed under Rule 60(b)(6), as those criteria do not appear in Rules 60(b)(1)-(5). "Rule 60(b)(6) is a catch-all provision that authorizes the district court to grant relief from judgment for 'any other reason that justifies relief.' The high threshold required by Rule 60(b)(6) reflects the need to balance finality of judgments with the need to examine possible flaws in the judgments." *Giroux v. Fannie Mae*, 810 F.3d 103, 108 (1st Cir. 2016) (quoting Rule 60(b)(6); omitting other internal citations and quotation marks). In adjudicating Rule 60(b)(6) motions, courts look at:

(1) the motion's timeliness,

(2) whether exceptional circumstances justify extraordinary relief,

---

[1] As discussed below, even under Rule 59(e), the motion should be denied. The Court may grant a Rule 59(e) motion for reconsideration "only where the movant shows a manifest error of law or newly discovered evidence." *Kansky v. Coca-Cola Bottling Co.*, 492 F.3d 54, 60 (1st Cir. 2007). Here, there is no newly discovered evidence. Neither, as explained herein, is there any manifest error of law, to the extent Plaintiff's claim of the order being "erroneous" and "manifestly unjust" invokes that concept. Dkt. No. 99 at 5.

(3)   whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and

(4)   the likelihood of unfair prejudice to the opposing party.

*Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43 (1st Cir. 2015). Monsarrat does not meet these elements.

Ordinarily, less than six weeks would not be considered untimely. *See, e.g., id.* at 43-44. However, the Court may consider that none of Monsarrat's arguments are based on law or facts unavailable when Monsarrat opposed the motion to dismiss or argued against the motion. In fact, the Court previously denied Monsarrat leave to file a further sur-reply. Dkt. No. 78. Considering the motion for reconsideration would, essentially, render the Court's briefing requirements moot, as any improper sur-reply could be re-raised as a motion for reconsideration. Thus, while the motion is not, likely, untimely, in and of itself, the arguments are.

Neither has Monsarrat set forth exceptional circumstances justifying extraordinary relief. Monsarrat is making arguments that Attorney Goren should and could have made prior to the dismissal order (although they would not have been successful no matter when they were made). Though Monsarrat does not explicitly claim inadequate representation, such is the only possible "extraordinary circumstance" at issue. But even inadequate representation does not automatically mandate reconsideration—such is a "matter of discretion for the district court." *In re Mal de Mer Fisheries*, 884 F. Supp. 635, 640 (D. Mass. 1995) (Saris, P. U.S.D.J). The Court should not exercise discretion because neither Monsarrat nor Attorney Goren presents any reason why there was a failure to make these arguments previously. In fact, there are no new arguments, only citation of additional inapplicable caselaw and excessive verbiage. Compare

Dkt. No. 73 at 2-3 (Monsarrat again making arguments that his cause of action did not accrue until he learned Mr. Zaiger's name).

Further, granting the motion would be unfairly prejudicial to Defendant. Monsarrat has already refused to comply with his Rule 34 obligations. He has vexatiously sought to add additional claims that have no lawful basis. *See* Dkt. No. 107. And the underlying claim has no basis where a) Plaintiff is not an author and copyright owner; and b) the use of the image was a lawful, fair use. *See id.*; *see also* Dkt. No. 60. There is no reason to force Defendant to litigate a claim that is brought solely for an improper purpose—to cause Defendant to incur legal fees. Thus, in addition to the lack of a meritorious claim (as set forth below and at Dkt. No. 60), Monsarrat does not warrant relief under Rule 60(b)(6).

**2.0   Reconsideration Would Not Change the Outcome**

Monsarrat lacks a potentially meritorious claim. In his motion, Monsarrat reargues the issue of the discovery rule under the statute of limitations. "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)." The Court made no misapprehension.

Monsarrat knew, or had reason to know, who allegedly infringed his purported copyright in the Beaver photograph in a timely manner, but failed to make a timely claim. In his motion, Monsarrat:

> concedes that as of May 11, 2013, he possessed sufficient facts to warrant "a reasonable person in …[his] circumstances to inquire or investigate further, … [indeed] giv[ing] rise to a duty to inquire into the possible existence of a claim." *McIntyre v. United States*, 367 F.3d 38, 52 (1st Cir. 2004). That being so, it is also true Monsarrat, "is charged with the knowledge of 'what he … would have uncovered through a reasonably diligent investigation.'" *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 76 (D. Mass. 2007), aff'd, 582 F.3d 156 (1st Cir. 2009) (quoting *McIntyre,* 367 F.3d at 52).

Dkt. No. 99 at 6-7.  Monsarrat attempts to avoid the time-bar by suggesting that a subpoena to Encyclopedia Dramatica in the context of a John Doe lawsuit in 2013 would not have been "fruitful" because the website does not record email address and IP addresses of users.[2]  *Id*. at 7 and n.3.  He admits that a subpoena to CloudFlare would have identified Mr. Zaiger as the owner or operator of the website.  *Id*.  However, in claiming that Mr. Zaiger is "Mantequilla," a subpoena to Encyclopedia Dramatica, *i.e.* to the hands of Mr. Zaiger, necessarily means that Mr. Zaiger possessed and would have been compelled to produce his own identifying information.  Therefore, had Monsarrat been reasonably diligent, a subpoena in 2013 would have identified Mr. Zaiger as "Mantequilla".[3]

### 3.0    Conclusion

Monsarrat's motion is just one more in a series of pleadings designed to increase litigation costs.  As with the others, they have no proper basis.  The Court committed no error, let alone a manifest injustice.  Plaintiff's motion for reconsideration should, therefore, be denied.

Dated: February 15, 2018.              Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

---

[2]    He does not suggest he knew in 2013 that Encyclopedia Dramatica did not ordinarily retain e-mail addresses or IP addresses.

[3]    Monsarrat otherwise lacks a meritorious claim for the reasons previously set forth in Defendant's motion to dismiss and reply to his opposition, incorporated herein by reference.  Dkt. Nos. 59 & 60.


Jay M. Wolman (BBO# 666053)
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant*
*Brian Zaiger*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 15, 2018.

/s/ Marc J. Randazza
Marc J. Randazza