UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN MONSARRAT,

*Defendant in counterclaim*,

v.

BRIAN ZAIGER

*Plaintiff in counterclaim*

CIVIL ACTION NO. 17-cv-10356-PBS

*Leave granted [ ] 2018*

**MONSARRAT'S REPLY TO ZAIGER'S OPPOSITION (DOC. 111) TO MONSARRAT'S MOTION TO STRIKE (DOC. 104)**

Jonathan Monsarrat files this reply to Zaiger's February 26, 2018 opposition, Doc. 111, to Monsarrat's February 12, 2018 motion (Doc. 104) to strike Zaiger's opposition to Monsarrat's motion for judgment on the pleadings[1] and to admonish Zaiger's counsel to comply with the Court's Rules of Professional Conduct.

1. *Zaiger mistakenly contends the Court is equally powerless to strike material he does not dispute is scandalous or to admonish his counsel for their statements and opinions because the filing assailed does not constitute a Rule 7 pleading.(Doc. 111 at 1-2).*

While seeking relief under Rule 12(f), Monsarrat's February 12, 2018 motion plainly invokes the Court's inherent power to control its docket to strike scandalous material as well as

[1] On January 23, 2018, Monsarrat moved for judgment on the pleadings on Zaiger's May 26, 2017 counterclaim. (Doc. 90) Accepting *arguendo* the truth of the Zaiger's conclusory allegations of fair use, and that in his November 2016 takedown notice to Cloudflare Monsarrat made "knowingly material misrepresent[ations or was willfully blind to their material falsity] that … Zaiger and [the website] Encyclopedia Dramatica infringed Monsarrat's copyrights," and that "[a]s a direct and proximate result of … [Monsarrat]'s actions … Zaiger has been injured," the Rule 12 (c) motion contends the counterclaim under 17 U.S.C. §512(f) must be dismissed. The Rule 12(c) contention is simply the claim fails for lack of standing as there is no allegation that the takedown notice recipient Cloudflare, or any other service provider, took down the allegedly infringing jonmon page in reliance of the representations made in the takedown notice. See Doc. 90 and proposed reply 100-1.

to admonish or sanction lawyers who appear before it. See Doc. 104 at 2, n1, 3-4. See also Local Rule 83.6.1 "RULES OF PROFESSIONAL CONDUCT" and Local Rule 1.3 "SANCTIONS."

There can be no doubt this Court has the inherent power to strike briefs and exhibits as well as to admonish or sanction counsel for failure to comply with the Massachusetts Rules of Professional Conduct. While it is true the Court should initially look to Rule 11, Rule 12(f) or to 28 U.S.C. §1927, "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power," to "sanction bad faith conduct." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991). This inherent power extends to striking one or more briefs "full of vituperative, unwarranted, and impertinent expressions as to opposing counsel." *Supreme Council of the Royal Arcanum v. Green*, 237 U.S. 531, 546–47 (1915).

2. *In bad faith Zaiger opposes the motion to strike with further immaterial scandalous allegations and improperly proffered opinion of his counsel.*

While completely immaterial to both the underlying motion for judgment on the pleadings and the present motion to strike his opposition thereto, Zaiger opposes the motion to strike by filing in the record further impertinent, scandalous allegations.

Contrary to Zaiger's contention, the filing of additional "supporting," and impertinent, "factual allegations pertaining to … each element of … Zaiger's cause of action," Doc. 111 at 2, has no bearing on the Court's determination of Monsarrat's pending motion for judgment on the pleadings contending that Zaiger's counterclaim fails to state a claim for which relief can be granted.

So allegations as to Monsarrat's lack of good faith in sending the takedown notice to Cloudflare (*id.* at 3), or supplemental allegations "explaining how Monsarrat failed to consider the fair use of the material at issue," (*id.*), or Zaiger's scandalous supplemental allegations

directed at Monsarrat, (*id*. at 4-6) or his counsel's opinion that Monsarrat in fact committed a criminal offense, (*id*. at 6) are completely immaterial to the issue of law before the Court.

Yet Zaiger postulates that making these impertinent, scandalous supplemental allegations "was necessary to address each element of …[his 17 U.S.C. §512(f)] cause of action" and these allegations and his counsel's pejorative opinions about each of Monsarrat and Monsarrat's counsel "may not be purged from the record," because such material "is relevant to the action." Doc. 111 at 2.

3. *The contention that Zaiger's "[p]ublication of …[the] opposition" on Encyclopedia Dramatica or elsewhere is "consistent with" his First Amendment rights and "there is no lawful basis for the request" for an order precluding Zaiger from doing so, (Doc. 111 at 8) is incorrect.*

Fully aware of Monsarrat's affidavit (Doc. 105) filed in support of his motion to strike that attests to actual harm accruing to him from the presence on the internet of defamatory statements, Zaiger filed in the public record further scandalous allegations impugning Monsarrat's integrity and morality.

The First Amendment does not protect defamation. *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 245–246 (2002) ("The freedom of speech has its limits; it does not embrace certain categories of speech, including defamation…".) Pursuant to its inherent power "'to insure that its records are not 'used to gratify private spite or promote public scandal,'" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), surely this Court can order Zaiger and his counsel not to re-publish as "privileged" court records those scandalous materials that the Court has struck from the record.

4. *Zaiger's contention that the motion "to admonish [his] counsel under the Rules of Professional Conduct" is "absurd" and "baseless" is incorrect.*

Zaiger's contention that the scandalous information was properly presented "relative to the nature of the fair use of the allegedly infringing materials," (Doc. 111 at 8), as explained above, is incorrect as a matter of law. So too the intemperate remarks made by his counsel are not protected by the First Amendment and may be the basis for admonishing counsel or worse. See IN RE: BARRY P. WILSON, Mass. BBO decisions, 2016 WL 6696062, at *6; *id.* at *5; *id.* at *9 n. 16. See also *Thomas v. Tenneco Packaging Co*., 293 F.3d 1306, 1325–26 (11th Cir. 2002) (attorneys may be sanctioned for "his or her own unsubstantiated accusations and demeaning, condescending, and harassing comments directed at opposing counsel").

Counsel's unsupported contention that there is no violation because their individual opinions and allegations were permissibly made "upon analysis of the evidence," Doc. 111 at 8, rings hollow. See *Galanis v. Szulik*, 841 F. Supp. 2d 456, 461–62 (D. Mass. 2011), adhered to on reconsideration, 863 F. Supp. 2d 123 (D. Mass. 2012)("conclusory reassurances … allegations were adequately supported by evidence" without mention of the evidence itself can justify finding of bad faith and award of fees).

Monsarrat intends to file a motion to strike Zaiger's opposition to the February 12, 2018 motion to strike and <u>also</u> to admonish Zaiger's counsel. In that motion Monsarrat will ask the Court to consolidate <u>solely</u> the two requests to admonish Zaiger's Counsel. While Monsarrat seeks an expungement from the record of these scandalous allegations as soon as reasonably possible, in order to conserve judicial resources, Monsarrat suggests the Court accordingly defer consideration of the portion of his February 12, 2018 motion contending Zaiger's counsel should be admonished for failing to comply with the Rules Professional Responsibility.

DATED: [ ] [ ], 2018.

Respectfully submitted,

JONATHAN MONSARRAT,

Plaintiff,

By his attorney,

*ss/ Richard A. Goren*____
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street, Suite 1500
Boston, MA 02109
617-933-9494
rgoren@richardgorenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on February [ ] , 2018.

*/s/ Richard A. Goren*