UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JONATHAN MONSARRAT, | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:17-cv-10356-PBS |
| v. | ) ) | BRIAN ZAIGER'S RESPONSE TO MONSARRAT'S MOTION FOR LEAVE |
| BRIAN ZAIGER, | ) ) | TO FILE A REPLY REGARDING THE "MOTION TO AMEND" |
| Defendant. | ) ) | |

Defendant, Brian Zaiger, recognizes that the Court stated that it generally allows reply memoranda to be filed. But the allegations in the motion for leave (Dkt. No. 109) to file a reply memorandum regarding the putative amendment to the answer to the counterclaim, to set up a counterclaim thereto, through whatever procedural machinations Monsarrat imagines, requires a brief response.

First, nothing in Monsarrat's procedural arguments address his supposed good cause for leaving the putative claims out of his prior amended complaint.[1] Instead, he blames his bizarre motion on the fact that Mr. Zaiger was permitted by law to move to dismiss the amended complaint and won, along with the fact that despite 43 of being licensed, his attorney did not understand that an amended complaint does not moot a previously filed counterclaim.

---

[1] Because Monsarrat deems himself to be filing a new counterclaim, the Court may otherwise enjoin such a filing. "It is well settled that federal courts have the discretionary power to regulate the conduct of abusive litigants. In extreme cases, which impinge upon the limited time and resources of the court and the other parties, an injunction from filing frivolous and vexatious lawsuits is proper." *Koplow v. Dana*, Nos. 01-10868-DPW, 03-10061-DPW, 2003 U.S. Dist. LEXIS 4874, at *3-4 (D. Mass. Mar. 13, 2003) (internal citations and quotation marks omitted). Monsarrat is a vexatious litigant and, for that reason alone, the Court should not permit him to set up as a counterclaim that which it could enjoin him from filing as a new action.

Second, he fails to identify any materials cited by Mr. Zaiger in his opposition that the court cannot consider in its determination.

Third, he fails to show it would not be futile.  The citation to *Flynn v. Associated Press*, 401 Mass. 776, 780 n.5 (1988) predates Section 230 of the Communications Decency Act, insulating Mr. Zaiger from liability as alleged republisher.  Nor does he support his claim that Mr. Zaiger is remotely liable for the "pedojon is alive and well" remark with any evidence; like any Wikipedia-type website, Monsarrat could readily identify which user made which change to the JonMon page, and he could have, but did not, submit the history page as an exhibit.

Fourth, he makes no cognizable rebuttal that the identity of Mr. Zaiger as "Mantequilla" was unknowable, given his failure to have exercised reasonable diligence.  Thus, it is time barred.  Similarly, he does not otherwise show, by reference to his 2013 state case, that Mr. Zaiger was not in privity with the litany of Doe defendants.

Fifth, subsequent to this Court's 1994 decision in *Nicholson v. Promotors on Listings*, 159 F.R.D. 343, 351 (D. Mass. 1994), the First Circuit determined that the issues of public figure status and actual malice raised in a complaint may be adjudicated at the motion to dismiss stage.  See *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56-58 (1st Cir. 2012).  The record available to the Court shows no plausible claim of actual malice where the allegedly defamatory statements, to the extent they are statements of fact, are based on the reporting of the Boston Globe, which itself accurately quotes the police report.

Sixth, though Monsarrat also threatens to bring yet another baseless motion to strike, citation to the 2010 police report and media reports was proper.  They spoke to the issues of alleged falsity and actual malice.  Monsarrat claims he was libeled by a statement about him serving alcohol to underage girls.  Any defense

of truth or lack of actual malice to any libel claim will undoubtedly point to sources tending to reliably show the complained-of statement happened. Monsarrat does not explain why the materials cited by Mr. Zaiger are not susceptible to review in the futility determination under a Rule 12(b)(6) standard. Moreover, as the court is aware, at the summary judgment stage, a dilatory amendment must be supported by substantial and compelling evidence. *Resolution Tr. Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994). Certainly, post-dismissal is beyond the summary judgment stage, thus making the "substantial and compelling evidence" standard even more pronounced. To the extent the materials might not be considered under a Rule 12(b)(6) motion, they can be in assessing whether Monsarrat can show substantial or compelling evidence. Thus, there would be no basis to strike.

Thus, although the Court may well choose to permit the reply memorandum to be filed, and avoid one additional ruling Monsarrat would undoubtedly raise on appeal, it should not be misled by the arguments therein.

Dated: March 2, 2018.                    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant
Brian Zaiger*

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 2, 2018.

                                            /s/ Marc J. Randazza
                                            Marc J. Randazza