UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN ZAIGER,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:17-cv-10356-PBS<br><br>**BRIAN ZAIGER'S RESPONSE TO MONSARRAT'S MOTION FOR LEAVE TO FILE A REPLY REGARDING THE "MOTION FOR RECONSIDERATION"** |

Once more, Plaintiff, Jonathan Monsarrat, seeks leave to file a reply memorandum regarding one of his vexatiously-filed motions. Dkt. No. 110. Although the Court may grant such leave, it should do so without being misled by the representations in the putative reply (Dkt. No. 110-1). The nature of the accusations and misguided argument therein show that it, too, is a vexatiously-filed motion. And, perhaps now that Plaintiff has filed its tenth vexatious motion over thirty-six days, it is clear that his litigation strategy is to simply multiply these proceedings to an absurd degree.

First, Monsarrat takes issue with Mr. Zaiger's reference to the standards under Rule 59 and 60. The arguments made by Monsarrat could possibly have been previously made, although they would not have altered the outcome. Although those rules do not ordinarily apply to interlocutory orders, the order of dismissal was only non-final due to the pending counterclaim. Thus, the Court should consider the request for reconsideration in this context and not prejudice Mr. Zaiger with a lesser standard merely because he exercised his right to bring a counterclaim.

Second, Monsarrat's motive needs to be considered. The past six weeks of motion upon motion by Monsarrat demonstrates the vexatious nature of the litigation. None of the motions appear to have been brought for a proper purpose, and the Court should not reward a violation of 28 U.S.C. § 1927 by allowing Monsarrat to use this forum in such a manner. In adjudicating the motion for reconsideration, the Court may consider prejudice to Mr. Zaiger. *See, e.g., Cronin v. Massachusetts*, No. 03-11749-RGS, 2004 U.S. Dist. LEXIS 1496, at *3-4 (D. Mass. Feb. 5, 2004). That reconsideration would subject Mr. Zaiger to even further vexatious practice is a factor the Court may consider in denying the motion.

Finally, Monsarrat's argument that a subpoena to Encyclopedia Dramatica in 2013 would not have revealed Mr. Zaiger's identity as "Mantequilla" is unintelligible. As the Court recognized, Monsarrat could have filed a John Doe suit in 2013. *See* Dkt. No. 79 at 10 ("Indeed, suits against unknown parties are common. Plaintiff himself filed one in this very matter.") The plaintiff could have served process to CloudFlare and, thereafter, Mr. Zaiger, just as he did in 2017. Thus, the suit was time barred, in addition to being futile for lack of copyrightability, copyright ownership, and fair use, bases on which the Court might otherwise have dismissed the case. *See, generally,* Dkt. Nos. 59, 60 & 69.

Although the Court may, in its discretion, grant or deny leave to file the reply memorandum as another vexatiously-filed motion, any allowance of leave to permit the filing of the reply memorandum should nonetheless find its arguments meritless. However, at some point, the Court should send *some kind* of message to Plaintiff and his Counsel that their conduct requires limitation, if not correction. Denying the motion for leave would, perhaps, send that message in the gentlest possible manner. This is not to say that the defense does not desire stronger corrective measures, but at this point, the Plaintiff and his counsel are truly out of

control, and perhaps this Court should take at least some slight steps to correct that.

Dated: March 2, 2018.                    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
Randazza Legal Group, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant
Brian Zaiger*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 2, 2018.

/s/ Marc J. Randazza
Marc J. Randazza