# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, </br></br>Plaintiff, </br></br>v. </br></br>BRIAN ZAIGER, </br></br>Defendant. | CIVIL ACTION NO. </br>1:17-cv-10356-PBS </br></br>**BRIAN ZAIGER'S OPPOSITION TO MOTION FOR LEAVE (DKT. NO. 112) TO REPLY TO THE OPPOSITION TO THE MOTION TO STRIKE** |

Jonathan Monsarrat issued a bad faith DMCA takedown notice, resulting in Brian Zaiger's pending counterclaim. Dkt. No. 24. Months after answering (Dkt. No. 31), having lost his time-barred copyright claim (Dkt. No. 79), Monsarrat moved for judgment on the pleadings (Dkt. No. 90) in an effort to avoid Mr. Zaiger's motion to compel (Dkt. No. 81). *See also* Dkt. No. 92 (Motion to Stay). Mr. Zaiger opposed the motion for judgment on the pleadings (Dkt. No. 96) by explaining how all of the elements of the claim were properly alleged and supported in the record and by other documents susceptible to judicial notice.

As the Court is well aware, one of the main issues is the bad faith failure of Monsarrat to consider the fair use of the allegedly infringing material. As the works were used on Encyclopedia Dramatica, they were highly critical and insulting of Monsarrat. Thus, it was necessary to refer to those insults to explain the fair use argument. Mr. Zaiger had previously done as much when moving to dismiss Monsarrat's claims in chief. *See* Dkt. Nos. 59 & 60. Although the Court did not address fair use in dismissing Monsarrat's claims (Dkt. No. 79), neither Monsarrat (Dkt. No. 65) nor the Court found such discussion scandalous or immaterial then.

Now that Monsarrat is the only remaining party with a claim against him, his litigation tactics have worsened. In addition to a series of other vexatious motions, and his general refusal to comply with Local Rule 7.1, he moved to strike the opposition to judgment on the pleadings merely because Mr. Zaiger explained how Monsarrat's bad faith failure to consider fair use was properly alleged. Dkt. No. 104. Naturally, Mr. Zaiger opposed that motion, explaining why the allegedly scandalous matter was material to the pleading. Dkt. No. 111.

Because the local rules require a moving party to seek leave to file a reply memorandum, Monsarrat has managed to turn it into a veritable perpetual motion machine with his present motion for leave to reply to the opposition to the motion to strike the opposition to the motion for judgment on the pleadings. Dkt. No. 112. But, not only is there a continuous loop, he now threatens a motion to strike each response to the motions for leave to reply. *See* Dkt. No. 112-1 at 4. Thus, not only is Monsarrat vexatiously multiplying proceedings, he is doing it exponentially.

Although leave to file a reply might ordinarily be liberally granted, the cycle must end. "It is often said in sports that the **best defense is a good offense**. [Plaintiff's] counsel may believe that hardball litigation is the most effective method for representing their client, but what is true in sports is not always true in our court system." *C & F Packing Co. v. Doskocil Cos.*, 126 F.R.D. 662, 690 (N.D. Ill. 1989). Monsarrat's litigation tactics are neither a good offense, nor the best defense, but only serve to clog the docket.

Moreover, the putative reply memorandum lacks merit warranting due consideration. Mr. Zaiger did not argue the Court lacked inherent power, only that Monsarrat wrongly invoked Rule 12(f). It was appropriate to explain why the allegedly scandalous matter was material to the fair use issue before the Court. Monsarrat cites no authority prohibiting Mr. Zaiger or anyone else from publishing

publicly-filed judicial documents. Neither is there any misconduct by Mr. Zaiger's counsel in explaining why Monsarrat was criticized on Encyclopedia Dramatica as it relates to fair use; to the contrary, it would have been malpractice not to have done so. And the commentary that the litigation has been vexatious, whether through those exact words or their equivalent, is necessary to invoke this Court's authority under 28 U.S.C. § 1927.

WHEREFORE Mr. Zaiger respectfully requests this Honorable Court deny the motion for leave and end Monsarrat's abusive tactics.

Dated: March 2, 2018.  Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant*
*Brian Zaiger*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 2, 2018.

/s/ Marc J. Randazza
Marc J. Randazza