UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, <br><br>*Plaintiff and Defendant in counterclaim,* <br><br>v. <br><br>BRIAN ZAIGER <br><br>*Defendant and Plaintiff in counterclaim.* | CIVIL ACTION NO. 17-cv-10356-PBS |

**AFFIDAVIT OF RICHARD GOREN IN SUPPORT OF PLAINTIFF AND DEFENDANT IN COUNTERCLAIM'S OPPOSITION TO DEFENDANT AND PLAINTIFF IN COUNTERCLAIM'S MARCH 12, 2018 MOTION PURSUANT TO 17 U.S.C. §505 FOR ATTORNEY'S FEES AND COSTS.**

I, Richard A. Goren, an attorney admitted to practice before the courts of the Commonwealth of Massachusetts, on oath depose and state as follows:

1. I am counsel to Jonathan Monsarrat and submit this affidavit in support of his opposition of even date to Brian Zaiger's March 12, 2018 Motion pursuant to 17 U.S.C. §505 for attorney's fees and costs. Specifically I apprise the Court of settlement demands and communications I had with Brian Zaiger counsels, Marc Randazza, Esq. and Jay Wolman, Esq., Local Rule 7.1 (a)(a) communications or attempt to confer about any motion by Zaiger for fees.

2. On December 5, 2017, following the hearing on Zaiger's motion to dismiss I had a discussion in the hallway with Messrs. Randazza and Wolman. Mr. Randazza told me that his representation of Brian Zaiger was "pro bono" and that the case will not settle "without payment of our legal fees" either from Mr. Monsarrat or me.

3. On December 13, 2017, I received a letter from the Randazza Legal Group signed by Mr. Wolman. It was a settlement demand for the attorney's fees they would seek upon

dismissal of Monsarrat's claims. The letter contended it was malpractice for me to have sued Zaiger for infringement. The December 13th letter stated:

> Even if you do not believe you committed malpractice, it is customary for a professional liability carrier to get involved in settlement negotiations where the client is exposed to opposing counsel's fees. You have a duty to put your carrier on timely notice in order to minimize your client's direct exposure (and you should to minimize your own).
>
> If we are wrong, the carrier will not make a payment and you can feel satisfied (at no cost to you) that you were justified. But, if we are right, this will be another nearly six figure award of legal fees you will have to ultimately pay. And, of course, if you have already put your carrier on notice, kindly provide us the claim number and contact information for the adjuster.
>
> In the spirit of achieving resolution without incurring additional expense, including the expense of drafting a fee motion (the costs of which are nonetheless recoverable), we are willing to compromise our claim for fees….
>
> We remind you of your ethical duty to present this demand to your client and we highly recommend you forward it to your carrier.

The amount of fees stated in the December 13, 2017 letter were not inconsistent with those requested in the pending motion.

    4.     On December 21, 2017, I received an email from Mr. Wolman:

> We have not heard from you in response to this [December 13th] letter. As you are aware, Judge Saris dismissed your claims. We now need to know whether this will resolve or not without need for us to move for fees. To that end, the offer to settle in the December 13, 2017 letter will expire tomorrow, December 22, 2017, at 12:00 p.m. Eastern Standard Time.

After that December 21st email and up to January 18, 2018 I had two email communications with Zaiger's counsel dealing with a proposed scheduling order. But I had no communications about a motion for fees under Section 505 of the Copyright Act or otherwise. For the period of January 18, 2018 to February 8, 2018 my Local Rule 7.1 (a)(2) communications with Zaiger's counsel are as attested in my February 8, 2016 affidavit. See Doc. 106.

2

5. Between February 8, 2018 and March 12, 2018, I had a number of email communications with Zaiger's counsel and while some referenced their intent to seek fees under 28 U.S.C. §1927 and while replete with pejorative accusations about my lack of competency, Zaiger's counsel never once communicated their intent to file a motion for fees under Section 505 of the Copyright Act. Specifically on February 20, 2018, Mr. Wolman emailed me that

> in the past month, you have filed motion after baseless motion after baseless motion, vexatiously and unreasonably multiplying proceedings. It is our intent, therefore, to file a motion for sanctions under 28 U.S.C. Section 1927. Pursuant to Rule 7.1, please let me know when you might be available to confer on our motion.

On February 21, 2018 I emailed Messrs. Randazza and Wolman about their threatened motion under 28 U.S.C. Section 1927:

> As before with our LR 7.1 dealings I ask you to advise me in writing of both (i) the specific filing of which you complain and (ii) with respect to that identified filing the basis for your allegation of wrongdoing under 28 U.S.C. Section 1927.
>
> If I deem any such allegation worthy of a telephone discussion under LR 7.1 I will let you know.
>
> In closing I note the irony of your allegation that Mr. Monsarrat and his counsel have been "vexatiously and unreasonably multiplying proceedings."
>
> When Mr. Zaiger took down from the Encyclopedia Dramatica website the materials of which Mr. Monsarrat had complained, he offered to do a walkaway settlement with the sole condition that Mr. Zaiger not repost the material. But Mr. Zaiger's counsel insists there can be no settlement without payment of his fees, presumably as damages under the counterclaim. Notably it is Mr. Zaiger's filings-- particularly after Mr. Monsarrat moved for judgment on the pleadings on the counterclaim for failure to state a claim—that have spawned unnecessary legal proceedings.

On February 21, 2018, Mr. Randazza replied:

> RICHARD, you are lying about the parameters of the settlement that your client proposed. You also wanted to take control of the website for number of years did you not?
>
> I find it distressing how you are both incompetent and dishonest. How you survived is an attorney this long is beyond my ability to comprehend.

On February 23, 2018, Mr. Wolman emailed me about Monsarrat's motion to amend and Monsarrat's proposed reply, Doc. 109-1, filed that day and wrote that as to Monsarrat's res judicata contentions "we should discuss that as part of our rule 7.1 conference on our forthcoming Section 1927 motion."

On February 26, 2018, I emailed Messrs. Randazza and Wolman and among other things addressed their motion for fees for vexatious litigation,

> as to your repeated persistent threat of moving for sanctions for vexatious filings and a request for a LR 7.1 conference on your "forthcoming Section 1927 motion," please list each motion that you contend is or was vexatious and/or otherwise improper and inform me of the basis for each such's motion alleged impropriety.

On February 27, 2018, I again wrote to Messrs. Randazza and Wolman regarding their

> "forthcoming Section 1927 motion." I repeat my request, or insistence, that you inform me in writing with a specification of each motion that you contend is vexatious and a stated basis for each such contention. The basis might be just a phrase or even a word or two.
>
> If you specify anything I deem worthy to discuss further in an attempt to narrow any issues, I will let you know and we can communicate further.

6. On March 15, 2018, I emailed Messrs. Randazza and Wolman concerning the March 12, 2018 motion for fees and attached a letter addressed to Mr. Randazza:

> Dear Marc:
>
> This morning I first took up your March 12, 2018 motion for attorney's fees and costs. The second paragraph of the motion states:
>
>> Pursuant to Local Civ. Rule 7.1(a)(2), undersigned counsel hereby certify that they have conferred with Plaintiff and have attempted in good faith to resolve the issue.
>
> That certification is false. I have not received any single communication, whether by email, letter or otherwise, from you or Jay mentioning, much less providing notice of, a contemplated motion for attorney's fees as a prevailing party under 17 U.S.C. § 505.

That same day Mr. Wolman emailed in reply:
> Really? Now you're trying to claim the high road on Rule 7.1?

> That said, it seems you neither read the December 13, 2017 letter nor my Thu, Dec 21, 2017 at 5:06 PM e-mail follow-up.  I raised the prospect of a fee motion.  You offered no response.

That same day Mr. Randazza replied:

> Richard,
> I apologize for the Feb. 21 email where I wrote "I find it distressing how you are both incompetent and dishonest. How you survived is an attorney this long is beyond my ability to comprehend."
>
> My use of "is" in the second sentence quoted was grammatically improper.  It should have been "as."

EXECUTED UNDER THE PENALTIES OF PERJURY THIS 22nd  DAY OF MARCH, 2018

*/s/ Richard A. Goren*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on March 22, 2018.

*/s/ Richard A. Goren*