UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JONATHAN MONSARRAT, | ) | |
| *Plaintiff* | ) ) ) | CIVIL ACTION NO. 17-cv-10356-PBS |
| v. | ) ) | |
| BRIAN ZAIGER | ) ) | |
| *Defendant*. | ) ) | *Leave granted  March 29, 2018* |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S RULE 54(b) MOTION FOR RECONSIDERATION OF DISMISSAL OF DIRECT INFRINGEMENT CLAIMS.**

Jonathan Monsarrat files this reply to Zaiger's February 15, 2018 opposition (Doc. 108) to Monsarrat's February 1, 2018 motion (Doc. 98) for reconsideration of dismissal of Monsarrat's direct infringement claims.

1. *Contrary to Zaiger's opposition, Doc. 108 at 2-5, the standards for determining post judgment motions for reconsideration under Rules 59 and 60 are not applicable.*

Because the Order dismissing the First Amended Complaint specifically left open Zaiger's counterclaim, it was not immediately appealable.  As such the dismissal of Monsarrat's direct infringement claim is an interlocutory order and not presently reviewable under either Rule 59 or Rule 60.    Yet without seeking to distinguish plaintiff's First Circuit citations as to the applicable Rule 54 reconsideration standard, Doc. 99 at 4-5 (citing *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 40 (1st Cir. 2013); *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)), Zaiger postulates that because the motion was not filed within the Rule 59 prescribed 28 day deadline, the Court must decide the motion under the Rule 60 standard.  (Doc.

108 at 2).  And, according to Zaiger because Monsarrat fails to demonstrate the "extraordinary circumstances,[1]" required under Rule 60, the Rule 54 motion for reconsideration must be denied.

This makes no sense and would turn topsy-turvy fundamental principles of the Rules governing judgments and appeals.  By their express terms each of Rule 59 and Rule 60 applies only to judgments, either a final judgment disposing of all claims in the case or an immediately appealable interlocutory order, such as an injunction.  See *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008)(Rule 59); *McKay v. Novartis Pharm. Corp.,* 751 F.3d 694, 701–02 (5th Cir. 2014) (district court's reconsideration of an interlocutory order need not address whether "the stringent Rule 60(b) requirements are met.").

> 2. *In reliance on his counsel's improper personal opinion, Zaiger contends allowance of the motion would inequitably prejudice him "to litigate a claim that is brought solely for an improper purpose—to cause Defendant to incur legal fees." (Doc. 108 at 4).*

Rule 3.4(e)(3) of the Massachusetts Rules of Professional Responsibility states that a lawyer shall not "assert a personal opinion as to the justness of a cause, the credibility of a witness, [or] the culpability of a civil litigant…".  Even assuming *arguendo* such judgmental opinion to be fairly based on matters of record,[2] it is completely immaterial to a decision on the Rule 54(b) motion for reconsideration.  Counsel's judgmental opinion--like both their unnecessary scandalous calumny, see note 1 *supra* and prior filings that are the subject of Monsarrat's February 12, 2018 motion to strike (Doc. 104)-- is wholly inappropriate in pleadings before this Court and should be stricken pursuant to Rule 12(f).

---

[1] We note again the inclusion in Zaiger's filing of immaterial and completely inappropriate attack on Monsarrat's counsel.  (Doc. 108 at 3 counsel's "inadequate representation … is the only possible 'extraordinary circumstance [under Rule 60 as a basis for reconsideration].").

[2] What is known of record is that the case has continued long after the offending post—falsely accusing Monsarrat of being a pedophile—was taken down by Zaiger following which  Monsarrat proposed, and Zaiger rejected, settlement discussions with the magistrate judge.  In open court at the Court's initial the July 18, 2017 scheduling conference when Monsarrat's counsel proposed such settlement discussions Zaiger's counsel informed the Court he had no interest in settling "without the reimbursement of our fees." (Doc. 41, Tr. at 4:6-25;5:1;8:7-10).

> 3. *In reliance on another improper personal opinion of his counsel which implicitly vouches for his credibility as a witness Zaiger contends that as a matter of law the direct infringement claim accrued in 2013;and hence it would be futile to allow the motion for reconsideration.*

For the purposes of seeking reconsideration Monsarrat does not dispute that his cause of action for secondary infringement by the Encyclopedia Dramatica website accrued in 2013. But accrual of a secondary infringement claim against a website for hosting an infringing work does not by itself also constitute accrual of a direct infringement claim for unauthorized copying and then then without authorization displaying or posting the unauthorized copy on that same website. The direct and secondary infringement claims are two distinct causes of action.[3]

In his opposition, Zaiger does not contest that the direct infringement claim element of unauthorized copying can be inherently unknowable. Instead in reliance on the opinion of his counsel, Zaiger contends that had Monsarrat "been reasonably diligent, a subpoena in 2013 would have identified … Zaiger as 'Mantequilla.'" (Doc. 108 at 5).

According to Zaiger the Court must find that as the website's administrator responding in 2013 to a subpoena to identify Mantequilla, Zaiger "would have been compelled to produce his own identifying information." (Doc. 108 at 5). Therefore according to Zaiger, if the Court will just accept counsel's prediction of <u>both</u> Zaiger's truthful testimony on direct and cross examination <u>and</u> counsel's prediction of the jury's answers to some unspecified special questions, the Court must deny the motion for reconsideration on a Rule 12(b)(6) standard that the direct infringement claim is time barred and hence futile.

**WHEREFORE**  the Court should allow Jonathan Monsarrat's motion for reconsideration and hold that the amended complaint does state a claim against Zaiger for direct infringement.

---

[3] See Monsarrat's principal brief. (Doc. 99).

DATED: March 29, 2018.

                                      Respectfully submitted,

                                      JONATHAN MONSARRAT,

                                      By his attorney,

                                      *ss/ Richard A. Goren*____
                                      Richard A. Goren, Esq. BBO #203700
                                      Law Office of Richard Goren
                                      One State Street, Suite 1500
                                      Boston, MA 02109
                                      617-933-9494
                                      rgoren@richardgorenlaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on March 29, 2018.

                                      */s/ Richard A. Goren*