UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
JONATHAN MONSARRAT,                )
                                   )
            Plaintiff,             )     Civil Action
                                   )     No. 17-10356-PBS
      v.                           )
                                   )
BRIAN ZAIGER,                      )
                                   )
            Defendant.             )
_____)

**MEMORANDUM AND ORDER**

March 30, 2018

Saris, C.J.

**INTRODUCTION**

Plaintiff Jonathan Monsarrat asks the Court to reconsider its December 21, 2017, order (Dkt. No. 79) allowing Defendant Brian Zaiger's motion to dismiss. The order ruled that Monsarrat's claim of copyright infringement was time-barred under 17 U.S.C. § 507(b) because Monsarrat knew of the conduct in question more than three years before he filed his lawsuit. For the reasons that follow, Monsarrat's motion to reconsider (Dkt. No. 98) is **DENIED**.

**FACTUAL BACKGROUND**

The Court assumes familiarity with the facts in its prior opinion, Monsarrat v. Zaiger, No. 17-10356-PBS, 2017 WL 6544824

1

(D. Mass. Dec. 21, 2017). In short, Monsarrat's copyright infringement claim centered on a digitally altered photograph. The original photograph, taken in connection with MIT's June 2000 graduation, depicted Monsarrat in an MIT mascot costume alongside two young girls. The altered photograph changed the letters "MIT" on the mascot's T-shirt to "PDB," and changed the mascot from a beaver into a bear. Monsarrat alleged these changes were made to associate him with "Pedobear," an Internet meme of a pedophilic bear. He also alleged that, in 2008, Zaiger, under the username "Mantequilla," posted the altered photograph to the website Encyclopedia Dramatica, which Zaiger owned and administered.

Monsarrat registered a copyright for the original photograph in 2011 and, around the same time, served Encyclopedia Dramatica's registered agent with a takedown notice. The page was taken down in October 2011, only to resurface in 2012. Subsequent takedown notices were unavailing.

Plaintiff filed his lawsuit in March 2017. About a month later, "Mantequilla" took down the Encyclopedia Dramatica page about Monsarrat and later removed the altered photograph.

In December 2017, the Court allowed Zaiger's motion to dismiss, ruling that the three-year statute of limitations in the Copyright Act, 17 U.S.C. § 507(b), barred Monsarrat's claim.

Zaiger's counterclaim under 17 U.S.C. § 512(f) remained in the case. Judgment has not entered on that counterclaim.

## DISCUSSION

### I. Legal Standard

Monsarrat brings his motion under Fed. R. Civ. P. 54(b),[1] which invokes a court's inherent power to provide relief from interlocutory decisions "as justice requires." See Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22-23 (1st Cir. 1985) (Breyer, J.) (comparing "interests of justice" standard for reconsideration of interlocutory orders with the "fairly heavy burden" for reconsideration of final orders under Rule 60(b)). Generally, a court will not allow a motion to reconsider an interlocutory order unless a movant can demonstrate (1) an intervening change in the law, (2) the discovery of new evidence not previously available, or (3) a clear error of law in the first order.[2] See Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

---

[1] This rule provides, in relevant part, that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b).

[2] Zaiger urges the Court to apply the standard of Rule 60(b) or, in the alternative, Rule 59(e). He asserts that motions for reconsideration "are usually decided pursuant to" one of those rules, but offers no other rationale for his position. Implicit in Zaiger's argument is the incorrect assumption that the Court's dismissal of

## II. <u>Analysis</u>

Monsarrat mainly argues that the Court misapplied the so-called discovery rule in determining that his claim was time-barred.

The discovery rule provides that a copyright infringement claim "accrues only when a plaintiff knows or has sufficient reason to know of the <u>conduct</u> upon which the claim is grounded." <u>Warren Freedenfeld Assocs., Inc. v. McTigue</u>, 531 F.3d 38, 44 (1st Cir. 2008) (emphasis added). Here, an attachment to Monsarrat's Amended Complaint shows the allegedly infringing photograph posted on Encyclopedia Dramatica on May 11, 2013. Because this exhibit makes clear that Monsarrat knew of the alleged infringement more than three years before he filed his March 2, 2017, complaint, the Court held that the discovery rule barred his infringement claim.

Monsarrat now argues the Court should have tolled the statute of limitations because the true identity of the alleged infringer -- the person behind the username "Mantequilla" -- was "inherently unknowable" until after he filed his 2017 lawsuit. The discovery rule for copyright infringement cases in the First Circuit is expressly tied to discovery of the "conduct" in

---

Monsarrat's infringement claim was a final judgment and not an interlocutory order. The Court has not entered a final judgment.

question -- not the identity of the alleged infringer.[3] See Warren, 531 F.3d at 44; see also Santa-Rosa v. Combo Records, 471 F.3d 224, 227-28 (1st Cir. 2006) (quoting Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96-97 (1st Cir. 2004)) (noting that, under 17 U.S.C. § 507(b), claim accrues when plaintiff "knows or has reason to know of the act which is the basis for the claim") (emphasis added). Monsarrat's reliance on Johnson v. Gordon, 409 F.3d 12, 17-18 (1st Cir. 2005), is misplaced because Johnson nowhere discusses the statute of limitations, tolling, or the discovery rule.

Monsarrat's main authority for an identity-based discovery rule is Harrington v. Costello, 7 N.E.3d 449, 455 (Mass. 2014), which holds, in relevant part, that a defamation cause of action "accrues when the plaintiff discovers or with reasonable diligence should have discovered" the identity of the person who defamed him. But Monsarrat articulates no reason why this state common law principle should displace the just-cited First Circuit cases, which squarely address the discovery rule in copyright infringement cases. Further, as Plaintiff acknowledges, he could have filed a timely suit against

---

[3] Monsarrat also emphasizes the difference between his direct infringement theory against Zaiger and his secondary infringement theory against Encyclopedia Dramatica. But he cites no authority to suggest a different discovery rule would apply to each theory.

5

Encyclopedia Dramatica and John Doe when he learned about the alleged infringement.[4]

**ORDER**

Plaintiff's motion to reconsider (Dkt. No. 98) is **DENIED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

---

[4]   Monsarrat also argues in passing that any factual issues related to the statute of limitations are for a jury. Because he identifies none, this argument also fails.