**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
JONATHAN MONSARRAT,            )
                               )
              Plaintiff,       )     Civil Action
                               )     No. 17-10356-PBS
        v.                     )
                               )
BRIAN ZAIGER,                  )
                               )
              Defendant.       )
_____)
```

**ORDER**

March 30, 2018

Saris, C.J.

I deny Defendant's motion for attorney's fees and costs pursuant to 17 U.S.C. § 505 (Dkt. No. 116). The suit was not frivolous, and Plaintiff had a good-faith motive to bring it. See Small Justice LLC v. Xcentric Ventures LLC, 873 F.3d 313, 328 (1st Cir. 2017) (citing Fogerty factors of "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence"). Although the Court concluded the suit was time-barred, Plaintiff had objectively reasonable copyright infringement and timeliness arguments. Moreover, it is not clear that the attorney's fees motion is timely since the Court has yet to rule on Defendant's counterclaim and his motion

1

for fees was filed more than 14 days after the Court dismissed the original infringement claim. See 17 U.S.C. § 505 (permitting recovery of costs and attorney's fees for "prevailing party"); Fed. R. Civ. P. 54(d)(2)(B) (requiring that motion for fees "be filed no later than 14 days after the entry of judgment").

Finally, the defense has been unduly nasty. See Lotus Dev. Corp. v. Borland Int'l, Inc., 140 F.3d 70, 76 n.5 (1st Cir. 1998) (observing that "courts have exercised their discretion to tailor fee awards in light of the behavior of the parties during litigation"). For example, defense counsel informed the Court that as soon as the litigation concluded, his client intended to re-post the photograph at issue, see Dkt. No. 74 at 3-9, and defense counsel filed in the public record the offensive and allegedly defamatory "Jonmon" page before the Court could rule on Plaintiff's known objections, see Dkt. Nos. 45, 47-5, 56.

Accordingly, Defendant's motion (Dkt. No. 116) is **DENIED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge