## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MONSARRAT, | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 1:17-cv-10356-PBS |
| | ) | |
| v. | ) | **MOTION FOR LEAVE TO WITHDRAW** |
| | ) | **APPEARANCES FOR** |
| BRIAN ZAIGER, | ) | **DEFENDANT/PLAINTIFF-IN-** |
| | ) | **COUNTERCLAIM BRIAN ZAIGER** |
| Defendant. | ) | |

COME NOW, Attorneys Marc J. Randazza and Jay M. Wolman of Randazza Legal Group, PLLC ("RLG"), current attorneys for Defendant/Plaintiff-in-Counterclaim Brian Zaiger ("Zaiger") and, pursuant to Local Rule 83.5.2(c), hereby move this Honorable Court for leave to withdraw their appearances on behalf of Mr. Zaiger.  There is good cause to allow leave to withdraw as the attorney-client relationship has broken down due to persistent failure of Mr. Zaiger to communicate.

### MEMORANDUM OF POINTS AND AUTHORITIES

### 1.0   Statement of Facts

On May 23, 2017, Attorneys Randazza and Wolman entered their appearances for Mr. Zaiger, having just been retained.  Dkt. Nos. 18, 19 & 20. Within days, they filed an answer and counterclaim on his behalf.  Dkt. No. 24. Following contentious litigation, RLG successfully obtained a dismissal of the plaintiff's claims against Mr. Zaiger on December 21, 2017.  Dkt. No. 79.

Thereupon, counsel continued to litigate the counterclaims (Dkt. No. 81) and were met, primarily, with motions to reconsider, to amend, and for judgment

on the pleadings.  Dkt. Nos. 90, 93 & 98.  Those motions,[1] and the subsidiary motions, have been fully briefed and are pending argument on May 18, 2018.[2]

Defendant has not met the requirements of continued representation, and counsel can no longer effectively represent him.  (See Wolman Declaration, filed herewith, at ¶¶ 4-8.)  Notice was given to him on multiple communications that he was required to remain in communication with his counsel.  Id. at ¶ 6.  He has not sufficiently met this obligation and others.[3]  Id. at ¶ 7.

At this point, the attorney-client relationship is adverse, thus creating an impossibility for RLG to continue to represent the Defendant in this matter.  The attorney client relationship is untenable and irretrievably broken.

## 2.0    Legal Argument

Under the local rules, leave of court, with good cause shown, is required in the absence of successor counsel and when any motion is pending in the case. See Local Rule 83.5.2(c)(1)(A) & (c)(2).  Good cause exists to permit such withdrawal.

Under the Massachusetts Rules of Professional Conduct, an attorney may withdraw from representing a client if:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

---

[1]    The motion to reconsider was denied on March 30, 2018.  Dkt. No. 123.

[2]    An assented-to motion to continue the hearing due to the filing of this motion was lodged on May 4, 2018. (Dkt. No. 129).

[3]    Should the Court find it necessary, consistent with Mass. R. Prof. Conduct 1.6(b)(6), counsel will provide the specific dates and times of the communications efforts and other specifics of the breakdown of the relationship for in camera review, under seal.

RANDAZZA | LEGAL GROUP

Mass. R. Prof. C. 1.16(b)(5)-(7).  Those rules govern practice before this Court. Local Rule 83.6.1(a).  Here, continued representation of Mr. Zaiger is not professionally possible due to a failure of communication with Mr. Zaiger, a conflict between the undersigned counsel and Mr. Zaiger due to his failure to meet his obligations, and the breakdown of the attorney-client relationship pursuant to factors enumerated in Mass. R. Prof. C. 1.16(b).

Recently, in *Humphrey v. Comoletti*, Civil Action No. 15-cv-14170-ADB, this Court recently granted an attorney's motion to withdraw on substantially similar grounds.  In *Humphrey*, the Plaintiff's attorney filed a motion to withdraw "citing an irreconcilable breakdown in the attorney-client relationship."  2018 U.S. Dist. LEXIS 72788 at *4 (D. Mass. Apr. 30, 2018).  Leave to withdraw was permitted despite the pendency of a motion to dismiss where "communication between [the client] and his counsel has completely broken down, despite numerous attempts by counsel to make contact[.]"  *Id.* at * 7.  In so granting, the Court cited to *SEC v. Howard*, where, similarly, "the attorney-client relationship ha[d] broken down due to the defendant's persistent failure to communicate with his attorneys or to pay their fees."  577 F. Supp. 2d 480, 482 (D. Mass. 2008).  And, it also cited to *Bucceri v. Cumberland Farms, Inc.*, Civil Action No. 15-cv-13955-IT, wherein failure to communicate resulted in counsel's inability to represent the client's interests. 2017 U.S. Dist. LEXIS 168331, at *6 (D. Mass. Oct. 4, 2017)

Attorneys Randazza and Wolman can no longer represent Mr. Zaiger's interests.  To ensure Mr. Zaiger is not prejudiced, counsel moved for a continuance of the pending hearing to permit him time to obtain new counsel or to prepare to argue the motions himself.  Such motion was filed with the assent of counsel for Mr. Monsarrat.  Upon withdrawal, undersigned counsel will ensure Mr. Zaiger has copies of all pending motions and responses thereto and is properly advised of the hearing date thereon.  Mr. Zaiger was previously apprised of these

proceedings.  *See* Wolman Declaration at ¶ 9.  He has been informed of this motion and advised to obtain new counsel.  *See id.* at ¶ 10.

Pursuant to Local Civ. Rule 7.1(a)(2), undersigned counsel hereby certify that they have conferred with Plaintiff's counsel of record on this motion and that Plaintiff's counsel assented to relief requested in this motion.  Undersigned counsel attempted to confer with Mr. Zaiger, but were unsuccessful in reaching him.

WHEREFORE Attorneys Randazza and Wolman respectfully request this Honorable Court grant them leave to withdraw their appearances for Mr. Zaiger.

Dated: May 8, 2018.

Respectfully submitted,

/s/ Jay M. Wolman

Jay M. Wolman (BBO# 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
P.O. Box 5516
Gloucester, Massachusetts 01930
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendant*
*Brian Zaiger*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 8, 2018, and to Mr. Zaiger, at his last known address of records, via first-class mail, postage prepaid, and via electronic mail, as follows:

Brian R. Zaiger
4 Davis St Apt 3
Beverly, MA 01915
<brian.zaiger@gmail.com>

/s/ Jay M. Wolman
Jay M. Wolman

RANDAZZA | LEGAL GROUP