# EXHIBIT A

# Declaration of Jay M. Wolman

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ZAIGER, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:17-cv-10356-PBS <br><br> **DECLARATION OF <br> JAY M. WOLMAN** |

I, Jay M. Wolman, declare:

1. I am over the age of 18 years and am fully competent to make this Declaration. The facts set forth in this Declaration are within my personal knowledge and are true and correct to the best of my knowledge and belief.

2. I am an attorney with Randazza Legal Group, PLLC, formerly counsel to Defendant and Plaintiff-in-Counterclaim Brian Zaiger.

3. I make this declaration in support of the Notice of Withdrawal filed herewith by attorneys Marc J. Randazza and Jay M. Wolman.

4. On May 25, 2018, at my direction, a DVD containing a complete copy of Randazza Legal Group's file regarding the above-captioned matter was mailed to Mr. Zaiger at his last known address, 4 Davis Street, Apartment 3, Beverly, Massachusetts 01915, by USPS certified first class mail, return receipt requested.

5. Included in that mailing was a then-current copy of the docket sheet, prepared by me, highlighting the Status Conference set for 18 June 2018.

6. As a caveat to the foregoing, omitted from the mailing was a copy of certain documents received from non-party Hannah Spierman neé Rosenbaum, produced to counsel pursuant to an Attorneys' Eyes Only

agreement, a requirement of her settlement with Plaintiff. Specifically, the withheld documents are the Exhibits A & B referenced in Ms. Spierman's affidavit, Dkt. No. 82-5, and are otherwise subject to the pending Motion to Compel, Dkt. No. 81. Counsel for Ms. Spierman does not believe the Order permits such disclosure. Request has been made of Plaintiff for consent to disclose those documents to Mr. Zaiger, but Plaintiff does not yet consent. Notably, Plaintiff did produce the settlement agreement and affidavit themselves, which would otherwise be subject to the Attorneys' Eyes Only requirement, but such production by Plaintiff (as opposed to that from Ms. Spierman) was without any restriction. Thus, those documents, as produced by Plaintiff, are part of the mailing to Mr. Zaiger consistent with the Order.

7. Mr. Zaiger will not suffer any prejudice by the withholding of Exhibits A & B at this time. If the Court allows the Motion to Compel, in relevant part, such would be produced by Plaintiff directly to him; if the Court denies it, then such would mean he was not otherwise entitled to a copy.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2018.

/s/ Jay M. Wolman
Jay M. Wolman