UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT,<br><br>*Defendant in counterclaim,*<br><br>v.<br><br>BRIAN ZAIGER<br><br>*Plaintiff in counterclaim* | CIVIL ACTION NO. 17-cv-10356-PBS |

**DEFENDANT IN COUNTERCLAIM JONATHAN MONSARRAT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION.**

Pursuant to Fed. R. Civ. P. 72 (b)(2) Defendant in Counterclaim Jonathan Monsarrat ("Monsarrat") objects to two rulings made by Magistrate Bowler in her August 13, 2018 Report and Recommendation. Specifically Monsarrat objects to the Magistrate's recommendations: (i) that as a sanction against Zaiger--and apparently not on the merits-- "Monsarrat's cross-motion for judgment on the pleadings (Docket Entry # 90) be ALLOWED and Zaiger's counterclaim DISMISSED;" and, (ii) "In light of the recommendation to allow Monsarrat's cross-motion for judgment on the pleadings, Monsarrat's motion to strike Zaiger's opposition to the motion for judgment on the pleadings (Docket Entry # 104) is MOOT." Monsarrat requests that the Court conduct a *de novo* review of those two conclusions in accordance with Rule 72(b)(2).

The fully briefed motion for judgment on the pleadings presents a straightforward question of law whether Zaiger's counterclaim fails to state a claim for which relief can be granted under Congress' narrow, precisely drawn statutory tort enacted in 17 U.S.C.§512 (f). As a matter of law the plain, unambiguous wording of the statute requires that the counterclaim

be dismissed with prejudice.  To do so  without prejudice will only reward the deliberate disrespectful conduct Magistrate Bowler found to be sanctionable.

Monsarrat's motion, Doc. 104, **cannot**  be mooted by any decision on whether the counterclaim fails to state a claim for which relief can be granted. The legally cognizable issues raised by this motion remain live and each of Monsarrat, Zaiger, his erstwhile counsel and this Court has a continuing concrete interest in resolution of this fully briefed motion.

*Relevant Background.*

On May 26, 2017,  Zaiger, represented by counsel,  filed an answer to the original complaint and brought a counterclaim against Monsarrat under the Copyright Act, §512 (f). Doc. 24.  In his  June 13, 2018,  answer to the counterclaim,  Monsarrat pleaded as an affirmative defense that the counterclaim was subject to dismissal for failure to state a claim and for lack of standing. Doc. 31.

On July 18, 2017, at the initial Rule 16 scheduling conference  Monsarrat's counsel suggested the case was ripe for settlement and proposed mediation. Tr., Doc. 41 at 4.  Settlement seemed appropriate because   the offending page featuring Monsarrat's copyrighted photograph of himself wearing the MIT beaver mascot costume on the MIT campus with a father and his two young daughters had been taken down from the Encyclopedia Dramatica website.  Monsarrat only sued because the innocent photograph taken at the MIT June 2000 graduation had been unlawfully copied and then published on the Encyclopedia Dramatica website as altered by superimposing a pedo-bear image bearing a caption,  allegedly placed there by Zaiger,  "Jon Monsarrat reveals his core problem"  and accompanied by a statement, allegedly by Zaiger, "Pedojon is alive and well" just above an advertisement for  a porn site featuring photographs of very young  girls engaged in sexually explicit conduct.  Zaiger's counsel admitted that Zaiger

2

had removed the offensive page, but when the Court asked: "Have you any interest in settling," Zaiger's counsel responded: "Not without the reimbursement of our fees, your Honor." See Tr. Doc. 41. at 5:5-7; 8:7-10.

As Zaiger and his counsel well know Monsarrat is a video game entrepreneur developing an internet interactive video game that will be marketed to young people including teenagers of both sexes, and as Zaiger and his counsel also know the reason Monsarrat sued was because his copyrighted photograph of himself wearing the MIT beaver mascot costume had been copied and then altered so as to maliciously and falsely label him a pedophile who uses hidden images or memes on the internet to lure young girls to be victimized by him. See, e.g., Doc. 58 ¶1.

On October 18, 2017, Monsarrat moved to amend his complaint. So as to prevent further injury to his reputation and business prospects, Monsarrat sought to keep out of the public record the offending, so-called "jonmon" page. So concurrent with his motion to amend, Monsarrat moved to file the two versions of the entire jonmon page, Exhibits C and D to the proposed amended complaint under seal as speech promoting, or collateral to, child pornography. Docs. 43, 43-1, 44, 45 and 50. On October 20, 2017, Zaiger filed an opposition to the motion to amend and in support filed in the public record the very materials that were the subject of the motion to seal. Doc. 47. On October 23, 2017, Monsarrat filed an emergency motion to strike Zaiger's opposition to the motion to amend. Docs. 51, 52. On October 23rd Zaiger filed an opposition to the emergency motion laden with further scandalous allegations about Monsarrat. Doc. 53; see Doc. 119 at 3-4. On October 23rd a website touting that Zaiger's counsel is its legal counsel published Zaiger's opposition to the motion to amend on its website. *Id*.

On October 24, 2017, the Court allowed both the motion to amend and the motion to file Exhibits C and D to the amended complaint under seal. Docs. 55 and 56.[1]

When Monsarrat filed his amended complaint, Doc. 58, Zaiger moved to dismiss the amended complaint, Doc. 59.

At the December 5, 2017 hearing on the motion to dismiss the Court explained its understanding that the offending page had been taken down. Zaiger's counsel then informed the Court: "At this time it is not [up], your Honor, but my client does intend to republish it;" to which the Court said: "Why does he want to republish it? It is implying that this man is a pedophile. I mean, that's pretty grim." Tr. Doc. 74 3:22-25, 4:6-8.[2] At the close of the hearing the Court urged counsel to the parties to "talk outside." See *id.* at 28.

After the hearing counsel discussed the potential for a settlement. See Doc. 120 at 1, ¶2. Zaiger's lead counsel informed Monsarrat's counsel "that his representation of Zaiger was 'pro bono' and that the case will not settle 'without payment of our legal fees' either from Mr. Monsarrat or [his counsel]." *Id.*

On December 13, 2017, Zaiger's counsel made a formal written settlement demand on Monsarrat and his counsel. *Id.* at 2, ¶3. The letter specified an amount of fees and expenses purportedly incurred by Zaiger, and Zaiger's counsel expressed their personal opinion that Monsarrat's counsel had breached a duty of care owed to Monsarrat, namely that it was

---

[1] On October 25, 2017 the Court entered an electronic order "finding as moot pursuant to orders entered 55 [allowing the motion to amend] and 56 [allowing the motion to file Exhibits C and D to amended complaint under seal] as to 51 MOTION to strike."

[2] The Court urged Zaiger's counsel to "talk to [Zaiger]" and explain to Zaiger that his intention to republish is "troubling," to the Court. *Id*. at 8:16-25, 9:1-10. The Court added: "I am likely to dismiss this on statute of limitations grounds, but that statute starts again if he puts it up again, and I will hear an injunction hearing immediately. I think that that is a poor use of judicial resources, shall I say. I was pleased when he took it down. I am sorry the case didn't settle, but [Zaiger] he's in for some more attorneys' fees." *(id.* at 20:24-25, 21:1-5) … I find it deeply troubling that someone can just post up on an inter[net]-site accusing someone of being a pedophile, and that he's planning on doing it the second I dismiss the complaint, that he pulled it down and then puts it right back up again. *Id*. at 23:25, 24:1-4.

malpractice for Monsarrat's counsel to have filed this action. *Id.*  In their December 13th demand letter Zaiger's counsel <u>advised</u> Monsarrat's counsel that: (i)  "you have a duty to put your [malpractice] carrier on timely notice in order to minimize your client's direct exposure;" and, (ii) you "have an ethical duty to present this demand to" Mr. Monsarrat. *Id.*

On December 21, 2017, the Court granted Zaiger's motion to dismiss ruling that Monsarrat's claims were time barred. Doc. 79.

On January 23, 2018, Monsarrat filed his motion for judgment on the pleadings. The motion contends  Zaiger's counterclaim under 17 U.S.C. §512(f) fails to state a claim for which relief can be granted. Accepting *arguendo* the truth of Zaiger's conclusory allegations of fair use <u>and</u> that in his November 2016 takedown notice to Cloudflare, Monsarrat made "knowingly material misrepresent[ations or was willfully blind to their material falsity] that Zaiger and [the website] Encyclopedia Dramatics infringed Monsarrat's copyrights," <u>and</u>  that "[a]s a direct and proximate result of … [Monsarrat]'s actions … Zaiger has been injured," the counterclaim fails to state a claim for which relief can be granted. The simple premise is that the counterclaim fails because Zaiger does not allege that "he suffered any injury "as a result of" the recipient Cloudflare's "relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing." See Docs. 90, 136.

On January 31, 2018, Zaiger represented by counsel filed a twenty page opposition along with eight exhibits. Docs. 96, 96-1, 96-2, 96-3, 96-4, 96-5, 96-7, 96-8. On February 6, 2018 Monsarrat moved for leave to file a reply, Doc. 100, 100-1, and on February 7, 2018, Zaiger filed an opposition to the motion for leave to reply, Doc. 101.

On February 12, 2018, Monsarrat filed a motion to strike Zaiger's January 31, 2018 opposition to the motion for judgment on the pleadings <u>and</u> to admonish Zaiger's counsel to

comply with this Court's Rules of Professional Conduct. Doc. 104. Concerning the civility of Zaiger's counsel see also Docs. 106 and 120, two affidavits of Monsarrat's counsel, which attest to communications to and from Zaiger's counsel in the period from December 5, 2017 through March 15, 2018.

In addition to requesting that the defamatory filing be struck, Monsarrat's motion requests that that the Court order each of Zaiger <u>and</u> his counsel to affirmatively take steps to prevent further publication of the immaterial, scandalous filing, that Zaiger's counsel be admonished to comply with the Massachusetts Rules of Professional Responsibility including in particular the standards for civility <u>and</u> that after issuance of a show cause Order each of Zaiger and his counsel be ordered to pay Monsarrat's reasonable legal fees and expenses incurred in connection with the motion. Doc. 104-1. The motion is supported by two affidavits. Docs. 105 and 106.

On February 26, 2018, Zaiger filed an opposition. Doc. 111. While completely immaterial to both the underlying motion for judgment on the pleadings and the February 12th motion to strike, Zaiger opposed the motion to strike his opposition by filing in the record further impertinent, scandalous allegations.

On March 12, 2018, Zaiger filed a motion for attorney's fees and costs under 17 U.S.C. §505. Docs. 116 and 117. After Monsarrat filed an opposition, Doc. 118, supported by two affidavits, Docs. 119, 120, on March 30, 2018, the Court denied Zaiger's motion for attorney's fees and costs under 17 U.S.C. §505. Doc. 124. The Court found Zaiger's "defense has been unduly nasty." *Id.* at 2.

> For example, defense counsel informed the Court that as soon as the litigation concluded, his client intended to re-post the photograph at issue, see Dkt. No. 74 at 3-9, and defense counsel filed in the public record the offensive and allegedly defamatory "Jonmon" page before the Court could rule on Plaintiff's known objections….

*Id.*

On April 10, 2018, Magistrate Bowler scheduled a hearing for May 18, 2018 on several motions including this dispositive motion to dismiss for failure to state a claim.

On May 4, 2018, Zaiger filed an assented to motion to continue the May 18th hearing, Doc. 129, and on May 8, 2018, Zaiger's attorneys filed a motion to withdraw. Doc. 130. On May 18, 2018, counsel to the parties appeared at a status conference, at which the motion to withdraw was conditionally allowed. Doc. 135.

On May 22, 2018, Magistrate Bowler issued a series of electronic orders, including granting Monsarrat leave to file a reply in support of his motion for judgment on the pleadings, explicitly ruling that "there shall be no further briefing on the motion for judgment on the pleadings;" and that the Court "will consider the arguments Zaiger makes opposing this motion (Doc. Entry#101) as support for his opposition to Monsarrat's motion for judgment on the pleadings…". Monsarrat's reply is Doc. 136. Magistrate Bowler also denied Monsarrat's February 28, 2018 motion, Doc. 112, for leave to file a reply in support of his motion to strike.

As ordered Zaiger's counsel gave notice to Zaiger of the pending motions. Doc. 147; See Doc. 149 at 5-6. And when Zaiger did not appear as ordered on July 12, 2018, Magistrate Bowler took under advisement, among others, the fully briefed motion for judgment on the pleadings and the fully briefed motion to strike, to admonish Zaiger's counsel, and for an award of fees. Doc. 147.

On July 20, 2018, Magistrate Bowler issued another Order requiring Zaiger to provide an accurate address to the Court and noting "[i]t appears that Zaiger no longer wishes to prosecute the section 512(f) counterclaim[,]" ordered Zaiger to show cause "why this court should not allow the motion for judgment on the pleadings and/or dismiss the counterclaim <u>with prejudice</u>

for want of prosecution." Doc. 147 at 2 (emphasis added). The Order specifically alerted Zaiger that "failure to comply with this Order in full … may result in sanctions." *Id.*

With Zaiger seemingly having contumaciously ignored the Show Cause Order, finding that "Zaiger's conduct exhibits a studied disregard of the court process and this litigation," on August 13, 2018, Magistrate Bowler recommended that "a dismissal of the counterclaim without prejudice for want of prosecution is appropriate," Doc. 149 at 6, and "in light of the recommendation to allow Monsarrat's cross-motion for judgment on the pleadings, Monsarrat's motion to strike Zaiger's opposition to the motion for judgment on the pleadings (Docket Entry #104) is **MOOT**." *Id.* at 31.

1. *Monsarrat objects to the Magistrate's recommendation that the January 23, 2018 motion for judgment on the pleadings be granted without prejudice. Doc. 149 at 6.*

The January 23, 2018 Motion raises a simple question of law. Represented by counsel Zaiger had filed an opposition, Monsarrat then filed a reply, and Magistrate Bowler plainly indicated the fully briefed motion was ripe for decision with "no further briefing."

For the reasons plainly set out in Monsarrat's motion, Doc. 90, and his Reply, Doc. 136, the counterclaim under section 512(f) of the Copyright Act fails to state a claim for which relief can be granted. The counterclaim alleges Zaiger suffered damages as a result of Monsarrat's alleged material misrepresentations of infringement in his November 2016 DMCA takedown notice that he delivered to Cloudflare, the intermediary ISP for Encyclopedia Dramatica. But there is no allegation that as a result of having received Monsarrat's takedown notice <u>Cloudflare</u> removed or disabled access to the allegedly infringing material on the Encyclopedia Dramatica website.[3] So Zaiger cannot, and does not, allege that he suffered any injury "as a result of"

---

[3] While immaterial to dismissal of the counterclaim, there is evidence that it was Zaiger, as the user Mantequilla, who some five months later took down the page. His attorney so admits. See Doc. 74 at 5 ("My understanding is,

8

Cloudflare, having taken down, or disabled access to, the allegedly infringing material in reliance on the alleged misrepresentations. Doc. 90 at 6-7; See also Reply, Doc. 136 at 2-6.

Zaiger's twenty page opposition to the motion for judgment on the pleadings—replete with immaterial, "unduly nasty" *ad hominem* attacks on Monsarrat—rests on a single sentence and footnote. Zaiger contends the Court must disregard the statute's plain and unambiguous text. See Doc. 96 at 7, 8 n1. And as Zaiger's counsel well knows cases in other districts uniformly explain there is no cause of action without an injury resulting from the recipient ISP having removed the allegedly infringing material in reliance on the misrepresentation. See Doc. 136 at 5-6.

Insisting they have no interest in settling "without the reimbursement of our [legal] fees,"[4] for more than a year Zaiger and his counsel continued to press the legally baseless counterclaim. After the Court denied his motion for an award of attorney's fees Zaiger's counsel withdrew. Then having notice that failure to obey the show cause order would result in dismissal of his counterclaim <u>with prejudice</u> "exhibit[ing what Magistrate Bowler described as] a studied disregard of the court process and this litigation," Zaiger deliberately chose to walk away from the case. Doc. 149 at 6. A dismissal of the counterclaim without prejudice would reward Zaiger's deliberately disrespectful conduct and his transparent wasting of valuable judicial resources to the prejudice of Monsarrat.

---

my client took it down because he was afraid because he had never been sued before, and he immediately panicked and took it down.").

[4] Apparently the online funding mechanism seeking contributions to a "Encyclopedia Dramatica Legal Defense Fund" to pay the fees of Zaiger's counsel in this action had not been successful. After moving to withdraw, on May 18, 2018, Zaiger's attorneys filed a notice of lien "for their reasonable fees and expenses upon Defendant Brian Zaiger's counterclaim, his claims for fees and expenses under the Copyright Act, 17 U.S.C. §§ 504 & 512, and any claims for sanctions under Fed. R. Civ. P. 11 & 37, 28 U.S.C. § 1927 and/or the Court's inherent authority, any judgments, decrees, or orders that may enter in his favor or made in this proceeding, and upon the proceeds derived therefrom." Doc. 134.

As a matter of law, the fully briefed, dispositive motion for judgment on the pleadings, should be allowed and Zaiger's counterclaim dismissed with prejudice.

2. *Monsarrat objects to the Magistrate's ruling that "in light of the recommendation to allow Monsarrat's cross-motion for judgment on the pleadings, Monsarrat's motion to strike Zaiger's opposition to the motion for judgment on the pleadings (Docket Entry #104) is* **MOOT**.*" Doc. 149 at 31.*

Monsarrat's motion, Doc. 104, is not mooted by allowance of Monsarrat's motion for judgment on the pleadings. This is because the issues presented remain "live" and each of Monsarrat, Zaiger, Zaiger's former counsel, as well as the Court itself, has "a legally cognizable interest in the outcome." See *Chafin v. Chafin*, 568 U.S. 165, 172, 133 S. Ct. 1017, 1023, 185 L. Ed. 2d 1 (2013).

Because the Court has the power and authority to grant effectual relief to Monsarrat on his February 12, 2018 motion, it cannot be mooted by dismissal of the counterclaim. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016) quoting *Knox v. Service Employees,* 567 U.S. ——, ——, 132 S. Ct. 2277, 2287, 183 L.Ed.2d 281 (2012)("A case becomes moot, however, 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" ).

The continued presence in the public record, and accessible over the internet, of the "unduly nasty" scandalous, immaterial attacks on Monsarrat greatly prejudice him both in his business and personal life. Doc. 105; see also Doc. 106 ¶¶ 10-14. The relief requested by Monsarrat's motion includes a Proposed Order in the nature of an affirmative injunction requiring, Zaiger and his counsel, each subject to the personal jurisdiction of this Court,[5] to take active steps to prevent further republication of Zaiger's opposition to the motion for judgment on the pleadings. See Doc. 104-1. Monsarrat's motion also seeks an admonishment of Zaiger's

---

[5] While they have withdrawn, Zaiger's former counsel are members of this Court's bar.

counsel to comply with the Massachusetts Rules of Professional Responsibility as well as a show cause order why Zaiger and his counsel should not be ordered to pay Monsarrat's reasonable legal fees and expenses incurred in connection with or related to his February 12th motion. *Id.* at 2-3. See also affidavits Doc. 119 and 120 (attesting to certain conduct of Zaiger's counsel).

Just as Zaiger's counsel has a concrete interest in whether they should be admonished for failure to comply with this Court's Rules of Professional Conduct, so too Monsarrat still has a legally cognizable interest in whether Zaiger—who deliberately ignores Orders of this Court— <u>and</u> his erstwhile counsel, who are still members of this Court's bar, should be ordered to not directly or indirectly participate in any further publication of their scandalous, immaterial filing and whether Zaiger and his former counsel should be sanctioned by an award of attorney's fees.

This Court has a continuing concrete interest in the exercise of its inherent powers to prevent the public nature of its files from being misused for the improper purpose of publishing scandalous, impertinent attacks on the moral character of a party. As the motion made clear, Doc. 104 at 2 n. 1, and at 3-4, independent of Rule 12(f)'s authorization to strike "pleadings," this Court has inherent authority to strike scandalous material filed in briefs and other submissions.

So, a dismissal of the counterclaim, with or without prejudice, does not resolve the still <u>justiciable</u> controversy spawned by Zaiger and his counsel filing of non-pleadings "contain[ing] allegations wholly aside from the charges made in his … [counterclaim] and bearing reproachfully upon the moral character of … [Monsarrat], which are clearly impertinent and scandalous, and unfit to be submitted to the court." *Green v. Elbert*, 137 U.S. 615, 624 (1891).

11

Each of Monsarrat, Zaiger, Zaiger counsel and the Court has a concrete interest in the resolution of Monsarrat's February 12th so-called motion to strike. See *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016).

Pursuant to its inherent authority Court should separately consider wielding a pruning shears on Zaiger's opposition to the motion to strike, Doc. 111. Zaiger's impertinent, scandalous supplemental allegations concerning Monsarrat (*id.* at 3-6) have no bearing whatsoever on the Court's determination of the motion for judgment on the pleadings on Zaiger's counterclaim and should be struck. So too because Monsarrat's motion contends the counterclaim must be dismissed assuming the validity of Zaiger's purported fair use, Zaiger's contention that inclusion in his opposition to the motion to strike of further, scandalous information was properly presented concerning the fair use, *id.* at 8, is baseless. The opposition to the motion to strike purports to be supported by Zaiger's counsel's personal pejorative opinions of each of Monsarrat and Monsarrat's counsel, and insisting such "is relevant…". *Id.* at 2.[6] But the personal opinions of Zaiger's counsel have no place in the record and the Court should consider striking these as well.

**WHEREFORE** Defendant in counterclaim Jonathan Monsarrat requests the Court to allow his two objections to Magistrate Bowler's August 13, 2018 recommended decisions and to enter Orders dismissing the counterclaim with prejudice and to grant him the injunctive, compensable and other relief requested in his February 12, 2018 motion.

---

[6] Referencing the communications of Zaiger's counsel, see Doc. 120, it is noteworthy that counsel's intemperate remarks may be the basis for admonishing counsel or worse. See *IN RE: BARRY P. WILSON*, Mass. BBO decisions, 2016 WL 6696062, at *6; id. at *5; id. at *9 n. 16. See also *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1325–26 (11th Cir. 2002) (attorneys may be sanctioned for "his or her own unsubstantiated accusations and demeaning, condescending, and harassing comments directed at opposing counsel"). See also *Galanis v. Szulik*, 841 F. Supp. 2d 456, 461–62 (D. Mass. 2011), adhered to on reconsideration, 863 F. Supp. 2d 123 (D. Mass. 2012)("conclusory reassurances … [that] allegations were adequately supported by evidence" without mention of the evidence itself can justify finding of bad faith and award of fees).

DATED: August 27, 2018.

        Respectfully submitted,
        JONATHAN MONSARRAT,

        Defendant in Counterclaim,

        By his attorney,

        *ss/ Richard A. Goren*
        Richard A. Goren, Esq. BBO #203700
        Law Office of Richard Goren
        29 Crafts Street, Suite 500
        Newton, MA 02458-1461
        617-933-9494
        rgoren@richardgorenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on August 27, 2018 and by first class mail to Brian Zaiger at his address for service.

        */s/ Richard A. Goren*